# Exhibit D

2015 CA A.B. 929 (NS)
2015 California Assembly Bill No. 929, California 2015-2016 Regular Session

CALIFORNIA COMMITTEE REPORT
VERSION: General
April 06, 2015
Version Date April 06, 2015
Chau.

**TEXT:**
BILL ANALYSIS

AB 929

Page A

Date of Hearing: April 7, 2015 Counsel: Gabriel Caswell

ASSEMBLY COMMITTEE ON PUBLIC SAFETY

Bill Quirk, Chair

AB 929 (Chau) - As Introduced February 26, 2015

As Proposed to be Amended in Committee

SUMMARY: Authorizes state and local law enforcement to use pen register and trap and trace devices under state law, and permits the issuance of emergency pen registers and trap and trace devices. Specifically, this bill:

1)Defines "pen register" as a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. "Pen register" does not include a device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider, or a device or process used by a provider or customer of a wire communication service for cost accounting or other similar purposes in the ordinary course of its business.

AB 929

Page B

2)Defines "trap and trace device" means a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication.

3)Specifies the offenses for which an order for installation of a pen register of a trap and trace device may be granted, as specified here for:

a) Stolen or embezzled property;

b) Property or things used as the means of committing a felony;

c) Property or things in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing them from being discovered;

d) Evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony;

AB 929

Page C e) Evidence that tends to show that sexual exploitation of a child, in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under 18 years of age, in violation of Section 311.11 has occurred or is occurring;

f) The location of a person who is unlawfully restrained or reasonably believed to be a witness in a criminal investigation or for whose arrest there is probable cause;

g) Evidence that tends to show a violation of Section 3700.5 of the Labor Code, or tends to show that a particular person has violated Section 3700.5 of the Labor Code; and h) Evidence that tends to show that either a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code has been committed or is being committed, tends to show that a particular person has committed a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code, or is committing a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code, or will assist in locating an individual who has committed or is committing a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code.

AB 929

Page D

4)Provides, except as specified, a person may not install or use a pen register or a trap and trace device without first obtaining a court order.

a) Permits a provider of electronic or wire communication service to use a pen register or a trap and trace device for any of the following purposes:

i) To operate, maintain, and test a wire or electronic communication service;

ii) To protect the rights or property of the provider;

iii) To protect users of the service from abuse of service or unlawful use of service;

iv) To record the fact that a wire or electronic communication was initiated or completed to protect the provider, another provider furnishing service toward the completion of the wire communication, or a user of that service, from fraudulent, unlawful, or abusive use of service; and v) If the consent of the user of that service has been obtained.

AB 929

Page E b) Provides that a violation of this section is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment for 16 months, two or three years, or by both that fine and imprisonment; and c) Provides that a good faith reliance on specified orders is a complete defense to a civil or criminal action brought under this section or under this chapter.

5)Specifies that information acquired solely pursuant to the authority for a pen register or trap and trace device shall not include any information that may disclose the physical location of the subscriber, except to the extent that the location may be determined from the telephone number.

6)Provides that the magistrate, before issuing the order, may examine on oath the person seeking the warrant and any witnesses the person may produce, and shall take his or her affidavit or their affidavits in writing, and cause the affidavit or affidavits to be subscribed by the parties making them.

7)Specifies that a peace officer may make an application to a magistrate for an order or an extension of an order authorizing or approving the installation and use of a pen register or a trap and trace device. The application shall be

AB 929

Page F in writing under oath or equivalent affirmation, and shall include the identity of the peace officer making the application and the identity of the law enforcement agency conducting the investigation. The applicant shall certify that the information likely to be obtained is relevant to an ongoing criminal investigation and shall include a statement of the offense to which the information likely to be obtained by the pen register or trap and trace device relates.

8)Provides that if the magistrate finds that the information likely to be obtained by the installation and use of a pen register or a trap and trace device is relevant to an ongoing criminal investigation, and finds that there is probable cause to believe that the pen register or trap and trace device will lead to obtaining evidence of a crime, contraband, fruits of crime, things criminally possessed, weapons, or other things by means of which a crime has been committed or reasonably appears about to be committed, or will lead to learning the location of a person who is unlawfully restrained or reasonably believed to be a witness in a criminal investigation or for whose arrest there is probable cause, the magistrate shall enter an ex parte order authorizing the installation and use of a pen register or a trap and trace device.

9)Provides that an order issued by a magistrate shall specify all of the following:

a) The identity, if known, of the person to whom is leased or in whose name is listed the telephone line to which the pen register or trap and trace device is to be attached;

AB 929

Page G b) The identity, if known, of the person who is the subject of the criminal investigation;

c) The number and, if known, physical location of the telephone line to which the pen register or trap and trace device is to be attached and, in the case of a trap and trace device, the geographic limits of the trap and trace order;

d) A statement of the offense to which the information likely to be obtained by the pen register or trap and trace device relates;

e) The order shall direct, if the applicant has requested, the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register or trap and trace device; and f) An order issued under this section shall authorize the installation and use of a pen register or a trap and trace device for a period not to exceed 60 days.

10)Provides that extensions of the original order may be granted upon a new application for an order if the officer shows that there is a continued probable cause that the information or items sought under this subdivision are likely to be obtained under the extension. The period of an extension shall not exceed 60 days.

AB 929

Page H

11)Provides that an order or extension order authorizing or approving the installation and use of a pen register or a trap and trace device shall direct that the order be sealed until otherwise ordered by the magistrate who issued the order, or a judge of the superior court, and that the person owning or leasing the line to which the pen register or trap and trace device is attached, or who has been ordered by the court to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber or to any other person, unless or until otherwise ordered by the magistrate or a judge of the superior court.

12)States that upon the presentation of an order issued by a magistrate for installation of a pen register or trap and trace device, by a peace officer authorized to install and use a pen register, a provider of wire or electronic communication service, landlord, custodian, or other person shall immediately provide the peace officer all information, facilities, and technical assistance necessary to accomplish the installation of the pen register unobtrusively and with a minimum of interference with the services provided to the party with respect to whom the installation and use is to take place, if the assistance is directed by the order.

13)Provides upon the request of a peace officer authorized to receive the results of a trap and trace device, a provider of a wire or electronic communication service, landlord, custodian, or other person shall immediately install the device on the appropriate line and provide the peace officer all information, facilities, and technical assistance, including installation and operation of the device

AB 929

Page I unobtrusively and with a minimum of interference with the services provided to the party with respect to whom the installation and use is to take place, if the installation and assistance is directed by the order.

14)States that unless otherwise ordered by the magistrate, the results of the pen register or trap and trace device shall be provided to the peace officer at reasonable intervals during regular business hours for the duration of the order.

15)Provides that except as otherwise provided, upon an oral application by a peace officer, a magistrate may grant oral approval for the installation and use of a pen register or a trap and trace device, without an order, if he or she determines all of the following:

a) There are grounds upon which an order could be issued under specified normal application for a pen register or trap and trace device.

b) There is probable cause to believe that an emergency situation exists with respect to the investigation of a crime.

c) There is probable cause to believe that a substantial danger to life or limb exists justifying the authorization for immediate installation and use of a pen register or a trap and trace device before an order authorizing the installation and use can, with due diligence, be submitted

AB 929

Page J and acted upon.

16)Provides that by midnight of the second full court day after the pen register or trap and trace device is installed by oral application, a written application pursuant to Penal Code Section 638.52 shall be submitted by the peace officer who made the oral application to the magistrate who orally approved the installation and use of a pen register or trap and trace device. If an order is issued pursuant to Section 638.52, the order shall also recite the time of the oral approval and shall be retroactive to the time of the original oral approval.

17)Specifies that in the absence of an authorizing order, the use shall immediately terminate when the information sought is obtained, when the application for the order is denied, or by midnight of the second full court day after the pen register or trap and trace device is installed, whichever is earlier.

18)Provides that a provider of a wire or electronic communication service, landlord, custodian, or other person who provides facilities or technical assistance pursuant to this section shall be reasonably compensated by the requesting peace officer's law enforcement agency for the reasonable expenses incurred in providing the facilities and assistance.

EXISTING FEDERAL LAW:

1)Provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants

AB 929

Page K shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. (U.S. Const., 4th Amend.; Cal. Const., art. I, 13.)

2)Provides, except as provided, no person may install or use a pen register or a trap and trace device without first obtaining a court order under section 3123 of this title [18 USCS 3123] or under the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. 1801 et seq.). (18 USCS 3121.) a) The prohibition does not apply with respect to the use of a pen register or a trap and trace device by a provider of electronic or wire communication service relating to the operation, maintenance, and testing of a wire or electronic communication service or to the protection of the rights or property of such provider, or to the protection of users of that service from abuse of service or unlawful use of service; or to record the fact that a wire or electronic communication was initiated or completed in order to protect such provider, another provider furnishing service toward the completion of the wire communication, or a user of that service, from fraudulent, unlawful or abusive use of service; or where the consent of the user of that service has been obtained. (18 USCS 3121, subds. (a) & (b).) b) A government agency authorized to install and use a pen register or trap and trace device under this chapter (18 USCS 3121 et seq.0 or under State law shall use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications. (18 USCS 3121, subd. (c).) c) Whoever knowingly violates the prohibition shall be

AB 929

Page L fined under this title or imprisoned not more than one year, or both.

3)Provides that unless prohibited by state law, a state investigative or law enforcement officer may make application for an order or an extension of an order authorizing or approving the installation and use of a pen register or a trap and trace device under this chapter, in writing under oath or equivalent affirmation, to a court of competent jurisdiction of such state. (18 USCS 3122.)

4)Provides that an attorney for the Government, upon an application, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device anywhere within the United States, if the court finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. The order, upon service of that order, shall apply to any person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of the order. Whenever such an order is served on any person or entity not specifically named in the order, upon request of such person or entity, the attorney for the Government or law enforcement or investigative officer that is serving the order shall provide written or electronic certification that the order applies to the person or entity being served. (18 USCS 3121, subd. (a)(1).)

5)Provides that a state investigative or law enforcement officer, upon an application made as specified, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device within the jurisdiction of the court, if the court finds that the State law enforcement or investigative officer has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. (18 USCS 3121, subd. (a)(2).)

AB 929

Page M

6)Provides that where the law enforcement agency implementing an ex parte order under this subsection seeks to do so by installing and using its own pen register or trap and trace device on a packet-switched data network of a provider of electronic communication service to the public, the agency shall ensure that a record will be maintained which will identify: (18 USCS 3121, subd. (a)(3).) a) Any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network;

b) The date and time the device was installed, the date and time the device was uninstalled, and the date, time, and duration of each time the device is accessed to obtain information;

c) The configuration of the device at the time of its installation and any subsequent modification thereof; and d) Any information which has been collected by the device.

7)Provides to the extent that the pen register or trap and trace device can be set automatically to record this information electronically, the record shall be maintained electronically throughout the installation and use of such device. (18 USCS 3121, subd. (a)(3).)

8)States that the record maintained shall be provided ex parte and under seal to the court which entered the ex parte order authorizing the installation and use of the device within 30 days after termination of the order (including any extensions thereof). (18 USCS 3121, subd. (a)(3).)

9)An order issued for installation of a pen register or track and trace device shall include: (18 USCS 3121, subd. (b).)

AB 929

Page N a) The identity, if known, of the person to whom is leased or in whose name is listed the telephone line or other facility to which the pen register or trap and trace device is to be attached or applied;

b) The identity, if known, of the person who is the subject of the criminal investigation;

c) The attributes of the communications to which the order applies, including the number or other identifier and, if known, the location of the telephone line or other facility to which the pen register or trap and trace device is to be attached or applied, and,

in the case of an order authorizing installation and use of a trap and trace device, the geographic limits of the order; and d) A statement of the offense to which the information likely to be obtained by the pen register or trap and trace device relates; and e) Shall direct, upon the request of the applicant, the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register or trap and trace device.

10)Provides that an order issued under this section shall authorize the installation and use of a pen register or a trap and trace device for a period not to exceed sixty days. (18 USCS 3121, subd.(c).) a) Provides that extensions of such an order may be granted, but only upon an application for an order and upon the judicial finding required as specified. The period of extension shall be for a period not to exceed sixty days.

b) States that nondisclosure of existence of pen register or a trap and trace device. An order authorizing or approving the installation and use of a pen register or a

AB 929

Page O trap and trace device shall direct that the order be sealed until otherwise ordered by the court; and the person owning or leasing the line or other facility to which the pen register or a trap and trace device is attached, or applied, or who is obligated by the order to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the court.

11)Provides that notwithstanding any other provision, any investigative or law enforcement officer, specially designated by the Attorney General, the Deputy Attorney General, the Associate Attorney General, any Assistant Attorney General, any acting Assistant Attorney General, or any Deputy Assistant Attorney General, or by the principal prosecuting attorney of any state or subdivision thereof acting pursuant to a statute of that state, who reasonably determines that: (18 USCS 3125.) a) an emergency situation exists that involves;

b) immediate danger of death or serious bodily injury to any person;

c) conspiratorial activities characteristic of organized crime;

d) an immediate threat to a national security interest; or e) an ongoing attack on a protected computer that constitutes a crime punishable by a term of imprisonment greater than one year;

12)Provides that in the absence of an authorizing order, such use shall immediately terminate when the information sought is obtained, when the application for the order is denied or when forty-eight hours have lapsed since the installation of the

AB 929

Page P pen register or trap and trace device, whichever is earlier. (18 USCS 3125.)

EXISTING STATE LAW: 1)Defines a "search warrant" as a written order in the name of the people, signed by a magistrate and directed to a peace officer, commanding him or her to search for a person or persons, a thing or things, or personal property, and in the case of a thing or things or personal property, bring the same before the magistrate. (Pen. Code, 1523.)

2)States that a search warrant may be issued upon any of the following grounds:

a) When the property was stolen or embezzled.

b) When the property or things were used as the means of committing a felony.

c) When the property or things are in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing them from being discovered.

d) When the property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony.

e) When the property or things to be seized consist of evidence that tends to show that sexual exploitation of a child, or possession of matter depicting sexual conduct of a person under the age of 18 years, has occurred or is occurring.

f) When there is a warrant to arrest a person.

AB 929

Page Q g) When a provider of electronic communication service or remote computing service has records or evidence, showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery.

h) When a provider of electronic communication service or remote computing service has records or evidence showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery.

i) When the property or things to be seized include an item or any evidence that tends to show a violation of the Labor Code, as specified.

j) When the property or things to be seized include a firearm or any other deadly weapon at the scene of, or at the premises occupied or under the control of the person arrested in connection with, a domestic violence incident involving a threat to human life or a physical assault.

aa) When the property or things to be seized include a firearm or any other deadly weapon that is owned by, or in the possession of, or in the custody or control of, a person described in subdivision (a) of Section 8102 of the Welfare and Institutions Code.

bb) When the property or things to be seized include a firearm that is owned by, or in the possession of, or in

AB 929

Page R the custody or control of, a person who is subject to the prohibitions regarding firearms under specified provisions of the Family Code.

cc) When the information to be received from the use of a tracking device constitutes evidence that tends to show that either a felony or a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code.

dd) When a sample of the blood of a person constitutes evidence that tends to show a violation of misdemeanor driving under the influence and the person from whom the sample is being sought has refused an officer's request to submit to, or has failed to complete, a blood test.

WESTLAW   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

ee) When the property or things to be seized are firearms or ammunition or both that are owned by, in the possession of, or in the custody or control of a person who is the subject of a gun violence re straining order. This final provision does not go into effect until January 1, 2016. (Pen. Code, 1524, subd. (a).)

3)Provides that a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person to be searched or searched for, and particularly describing the property, thing, or things and the place to be searched. (Pen. Code, 1525.)

4)Requires a magistrate to issue a search warrant if he or she is satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence. (Pen. Code, 1528, subd. (a).)

FISCAL EFFECT: Unknown

COMMENTS: >

AB 929

Page S

1)Author's Statement: According to the author, "As technology advances, criminals are becoming more and more sophisticated in their use of technology to commit crimes and avoid law enforcement. As a result, law enforcement officials have a variety of electronic tools to counter this and help them apprehend criminals in this age of rapidly changing technology.

"One of the tools available to law enforcement is called a 'pen register' which allows law enforcement officers to record all outgoing numbers from a particular telephone line. In addition, another tool law enforcement uses is called a "trap and trace device" which allows them to record what numbers have called a specific telephone line, i.e. all incoming phone numbers. Both pen registers and trap and trace devices do not record audio or text messages and cannot be used to obtain real-time location data on a cellular telephone. But these tools are extremely useful for law enforcement in situations such as gang and narcotic investigations.

"AB 929 would authorize state and local law enforcement officers to use pen register and trap and trace devices, including during emergency situations. The bill will require law enforcement officers to obtain a court order before using such devices by providing a judge with information that the use of information is relevant to an ongoing criminal investigation, and that there is probable cause to believe that the pen register or trap and trace device will lead to obtaining evidence of a crime.

AB 929

Page T

"This higher standard of proof (probable cause vs. reasonable suspicion) is more restrictive than under federal law and is more consistent with California law governing search warrants. The bill would prohibit the installation and use of the device for longer than 60 days, but would permit an extension if there is proof of continuing probable cause to a judge. "

2)General Background: Federal law allows law enforcement agencies to use pen register and trap and trace devices, but they must obtain a court order from a judge prior to the installation of the device. However, during an emergency situation, law enforcement agencies may use these devices without a court order if they obtain the court order within 48 hours of the use of the device. Law enforcement agencies must demonstrate that there is reasonable suspicion that the use of the device is relevant to an ongoing criminal investigation and will lead to obtaining evidence of a crime for a judge to authorize the use.

Though federal law authorizes states and local law enforcement officers to use pen register and trap and trace devices by obtaining a court order first, it does not allow them to obtain an emergency order unless there is a state statute authorizing and creating a process for states and local law enforcement officers to do so. To date, California does not have a state statute authorizing the use of pen registers or trap and trace devices.

Pen registers and track and trace devices generally track incoming and outgoing telephone calls. They are often utilized by law enforcement to track which people in an

AB 929

Page U investigation are communicating with one another and at what times. Unlike a wiretap authorization, pen registers and track and trace devices do not provide law enforcement with the content of the messages which are transmitted. Wiretap authorizations are therefore subject to a much higher standard of scrutiny than the orders contained within this bill. Under federal law, these authorizations can be granted on a reasonable suspicion standard, while search warrants are subject to a higher standard of probable cause.

3)Probable Cause Standard: Though the federal standard for the issuance of a pen register or a trap and trace device is "reasonable suspicion" California law arguably requires a higher "probable cause" standard. (86 Ops.Cal.Atty.Gen 198 (2003).) This bill imposes the probable cause standard and is therefore compliant with both state and federal law.

4)The Proposed Amendments: The proposed amendments were drafted by committee staff in consultation with the Los Angeles District Attorney's Office and the American Civil Liberties Union (ACLU). The amendments are an attempt to address a number of concerns raised by the ACLU. Namely, the amendments limit the application of these orders to the same circumstances for which law enforcement officers can request the issuance of a search warrant. Additionally, the amendments permit a judge for whom a request has been made for an order to question the law enforcement agent pertaining to the need for the information. The amendments also clarify that any location information obtained by a pen register or a track and trace device is limited to the information that is contained in the telephone number (e.g. the area code). The amendments address what information obtained pursuant to the bill can be eventually made public, subject to the limitations of an ongoing investigation. Finally, the amendments place some technical limits on the application of the section to ensure that the orders are limited to the contents of the limitations placed in the bill.

AB 929

Page V

5)Attorney General Opinion: In 2003 the District Attorney of Contra Costa County requested an opinion of the Attorney General on the issue of whether or not state or local law enforcement had the authority to seek a state court order permitting a state law enforcement officer to install a pen register or a trap and trace device. (86 Ops.Cal.Atty.Gen 198 (2003).) The Attorney General opined as follows:

"1. The federal statutes governing the installation of pen registers and trap and trace devices do not provide authority for issuance of a state court order permitting a state law enforcement officer to install or use pen registers or trap and trace devices.

"2. The state statutes governing the issuance of administrative subpoenas do not provide authority for a state law enforcement officer to install or use pen registers or trap and trace devices. "A 'pen register' records the numbers dialed out from a particular telephone line. ( Smith v. Maryland (1979) 442 U.S. 735, 736,;<1> People v. Blair (1979) 25 Cal.3d 640, 654, fn. 11.) A "trap and trace device" records the originating telephone numbers of the calls dialed into a particular telephone line. ( People v. Suite (1980) 101 Cal.App.3d 680, 684.) n1 The placement of pen registers and trap and trace devices allows law enforcement officers to obtain such information as the names of suspects in an investigation, the identities and relationship between individuals

suspected of engaging in criminal activity, especially in conspiracies, and the location of fugitives. ------------------------- <1> Pen registers and trap and trace devices are not "wiretaps," that is, they do not eavesdrop on or record telephone conversations. ( Smith v. Maryland, supra, 442 U.S. at p. 736, fn. 1;$ => People v. Blair, supra, 25 Cal.3d at p. 654, fn. 11; 69 Ops.Cal.Atty.Gen. 55, 58 (1986).) Generally speaking, the legal requirements for placing a wiretap are more stringent than those for placing a pen register or trap and trace device. (69 Ops.Cal.Atty.Gen, supra, at pp. 56-58.)

AB 929

Page W

"Search warrants issued by a court and subpoenas issued either by a court or grand jury are normally available to authorize the placement of pen registers and trap and trace devices in California. <2> The two questions presented for resolution concern whether federal statutes governing the installation of pen registers and trap and trace devices and state statutes governing the issuance of administrative subpoenas may also provide authority for state law enforcement officers to obtain telephone calling records. We conclude that these two additional sources of authority are not available to state law enforcement officers in the circumstances presented.

"1. Federal Statutes

"The Fourth Amendment to the United States Constitution guarantees 'the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.' To determine whether a particular form of governmental surveillance is a "search" within the meaning of the Fourth Amendment, courts generally look to the leading case of Katz v. United States (1967) 389 U.S. 347, which involved eavesdropping by means of an electronic listening device placed on the outside of a telephone booth. (See, e.g., Kyllo v. United States (2001) 533 U.S. 27, 32-33.) In Katz, the court held that the eavesdropping in question constituted an unlawful search because it violated a subjective expectation of privacy that society recognized as reasonable. ( Katz v. United States, supra, 389 U.S. at p. 353.)

"In Smith v. Maryland, supra, 442 U.S. 735, the court followed --------------------------

<2> Law enforcement officers may also procure telephone calling information by obtaining the person's consent or if "exigent circumstances" are present. (See, e.g., People v. Chapman (1984) 36 Cal.3d 981, 113; People v. Suite, supra, 101 Cal.App.3d at p. 687.)

AB 929

Page X the Katz standard, concluding that individuals have no Fourth Amendment expectation of privacy in the numbers dialed to or from their telephone lines. The court reasoned that telephone customers are generally aware that telephone companies routinely collect and use such information for various purposes including billing and system maintenance.

"In 1986, following the Smith decision, Congress enacted a statutory scheme (18 U.S.C. 3121-3127) <3> regulating the use of pen registers and trap and trace devices.<4> As relevant for our purposes, section 3121 provides:

"(a) Except as provided in this section, no person may install or use a pen register or a trap and trace device without first obtaining a court order under section 3123 of this title . . . .(a)(2) Unless prohibited by State law, a State investigative or law enforcement officer may make application for an order or an extension of an order under section 3123 of this title authorizing or approving the installation and use of a pen register or trap and trace device under this chapter, in writing under oath or equivalent affirmation, to a court of competent jurisdiction of such State. (b) An application under subsection (a) of this section shall include (1) the identity of . . . the State law enforcement or investigative officer making the application and the identity of the law enforcement agency conducting the investigation; and (2) a -------------------------- <3> All references hereafter to title

18 of the United States Code prior to footnote 7 are by section number only. <4> The Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (USA Patriot Act, Pub. L. No. 107-56) amended the definitions of "pen register" and "trap and trace device" to include processes that capture routing, addressing, or signaling information transmitted by an electronic communication facility. (18 U.S.C. 3127 (3), (4).) These amendments permit government officials to obtain information from computers and cell phones as well as from land-line telephones. (See 18 U.S.C. 3121.) Issues arising from these statutory amendments are beyond the scope of this opinion.

AB 929

Page Y certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency.

"Section 3123 provides: (a)(2) Upon an application made under section 3122 of this title, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device within the jurisdiction of the court if the court finds that . . . the State law enforcement or investigative officer has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation?(d) An order authorizing or approving the installation and use of a pen register or a trap and trace device shall direct that (1) the order be sealed until otherwise ordered by the court; and (2) the person owning or leasing the line to which the pen register or trap and trace device is attached, or who has been ordered by the court to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the court.

"Thus, as a general rule, federal law forbids the use of pen registers and trap and trace devices without the consent of the telephone consumer or a court order. ( 3121.) Significantly, the federal statutes do not allow state law enforcement officers to apply for a state court order if the order would be 'prohibited by State law.' ( 3122(a)(2).) Accordingly, we must look to California law to determine if the federal statutes may provide authority for state law enforcement officers to obtain telephone calling records in

AB 929

Page Z the circumstances presented.<5>

"The California Constitution is a 'document of independent force' (American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 325), which extends protection for civil rights broader than an independent of the parallel rights afforded by the United States Constitution. (Id. at pp. 325-326; see People v. Pettingill (1978) 21 Cal.3d 231, 247; People v. Hannon (1977) 19 Cal.3d 588, 606.) Section 13 of article I of the California Constitution protects "against unreasonable seizures and searches."<6> Our Supreme Court has held "that, in determining whether an illegal search has occurred under the provisions of our Constitution, the appropriate test is whether a person has exhibited a reasonable expectation of privacy and, if so, whether that expectation has been violated by unreasonable governmental intrusion." (Burrows v. Superior Court (1974) 13 Cal.3d 238, 242-243.) In Burrows, the court concluded that bank customers have a reasonable expectation of --------------------------

<5> We recognize that the California Constitution eliminates any judicially created independent state grounds for the exclusion of evidence. (Cal. Const., art. I, 28, subd. (d); In re Lance W. (1985) 37 Cal.3d 873, 886-887.) As a result, telephone calling records would be admissible against a California defendant in a criminal trial even though their seizure violated the California Constitution, as long as th e records were admissible under the federal Constitution. (See, e.g., People v. Bencomo (1985) 171 Cal.App.3d 1005, 1015; People v. Lissauer (1985) 169 Cal.App.3d 413, 419.) Regardless of the evidence's admissibility, however, the underlying act of seizure in violation of the California Constitution would remain unlawful. ( In re Lance W., supra, 37 Cal.3d at p. 886; People v. Martino (1985) 166 Cal.App.3d 777, 785, fn. 3.)

<6> "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated . . . ." (Cal. Const., art. I, 13.)

AB 929

Page A privacy in the financial information they transmit to their banks, reasoning that it is impossible to participate in the economic life of contemporary society without maintaining a bank account and that the totality of a person's bank records provides a "virtual current biography." ( Id. at p. 247.)

"In People v. Blair, supra, 25 Cal.3d 640, the court rejected the rationale of Smith v. Maryland, supra, 442 U.S. 735, and concluded that telephone records, like the bank records found protected under California law in Burrows v. Superior Court, supra, 13 Cal.3d 238, were protected against unreasonable searches and seizures in California. (Id. at p. 653.) In Blair, the telephone records were obtained by a subpoena issued by a Federal Bureau of Investigation agent under authority of a United States Attorney as authorized by a federal grand jury. The court found that the federal subpoena was insufficient for purposes of the search and seizure provisions of the California Constitution since there had been no prior "judicial determination that law enforcement officials were entitled" to the records. (Id. at p. 655; see Carlson v. Superior Court (1976) 58 Cal.App.3d 13, 21-23.) Consequently, the seizure of the telephone records was ruled a violation of article I, section 13 of the California Constitution.

"We believe that telephone calling records would additionally be protected under article I, section 1 of the California Constitution, which provides: 'All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.' "Under the rationale of Burrows and Blair, information obtained from pen registers and trap and trace devices would fall within the zone of privacy protected by the state Constitution, since the records of incoming or outgoing calls could lead to the discovery of an individual's 'virtual current biography.' ( People v. Blair, supra, 25 Cal.3d at p. 653; Burrows v. Superior Court, supra, 13 Cal.3d at p. 247;

AB 929

Page B

People v. Chapman, supra, 36 Cal.3d at p. 109.)

"Based upon the foregoing, we find that the California Constitution allows the placement of pen registers and trap and trace devices only if a judicial ruling is first obtained that the law enforcement officers are entitled to the records. (See 69 Ops.Cal.Atty.Gen., supra, at p. 59.) Do the court procedures set forth in federal law meet this state constitutional standard for prior judicial review? They do not.

"The federal statutory scheme permits state law enforcement officers to apply for a state court order authorizing the use of a pen register or trap and trace device based upon a written certification that the information is 'relevant to an ongoing criminal investigation.' (18 U.S.C. 3122(b)(2).) Upon a proper application, the court must issue the order. (18 U.S.C. 3122(a)(2).) The statutes do not authorize a court to go outside the written certification ( In re Order Authorizing Installation of Pen Reg. (M.D.Fla. 1994) 846 F.Supp. 1555, 1559), thus making the judicial review 'ministerial in nature' (United States v. Fregoso (8th Cir. 1995) 60 F.3d 1314, 1320).

"Under Borrows and Blair, this federal statutory process is inadequate to protect a California resident's privacy interests in telephone calling records. As previously noted, the federal subpoena in Blair was found not to constitute appropriate 'legal process' because issuance of the subpoena was a ministerial act with no 'judicial determination' that the issuer was 'entitled' to obtain the information. (People v. Blair, supra, 25 Cal.3d at pp. 651, 655.) A seizure of information is unreasonable when 'the character, scope, and relevancy of the material obtained were determined entirely by the exercise of the unbridled discretion of

the police.' ( People v. Chapman, supra, 36 Cal.3d at p. 113, quoting Burrows v. Superior Court, supra, 13 Cal.3d at p. 243); see People v. Blair, supra, 25 Cal.3d at p. 651.)

AB 929

Page C

"The federal statutes governing pen registers and trap and trace devices likewise fail the California constitutional test. No adequate prior judicial review is provided in the statutory scheme; rather, unbridled discretion is given to law enforcement officers.

"We conclude in answer to the first question that the federal statutes governing the installation of pen registers and trap and trace devices do not provide authority for issuance of a state court order permitting a state law enforcement officer to install or use pen registers or trap and trace devices."

"2. State Administrative Subpoena Statutes

"Government Code section 11180<7> authorizes the head of each of the state's departments to conduct investigations concerning matters relating to the subjects under the department's jurisdiction. Included within this power is the right to subpoena records. ( 11181, subd. (e).) The department head may delegate subpoena powers to any officer of the department authorized to conduct the investigation. ( 11182.)

"Significantly, the department head or designee may issue a subpoena for investigative purposes in the absence of any formal charge or court proceeding. ( 11180, 11181; Brovelli v. Superior Court (1961) 56 Cal.2d 524, 527-528.) The subpoenas are returnable directly to the department head, and no provision is made for notice to a third party--such as a telephone customer-- or for the filing of a motion to quash or other formal opposition. (Compare 11181, 11184, 11187 with Pen. Code, 1325, 1327; Code Civ. Proc., 1385.3, 1385.4.) Instead, if the subpoenaed party fails to comply with the subpoena, the department head may apply to a court for an --------------------------

<7> All references hereafter to the Government Code are by section number only.

AB 929

Page D order enforcing the subpoena. ( 11187.) If it appears at the hearing 'that the subpoena was regularly issued . . . the court shall enter an order' enforcing the subpoena. ( 11188, italics added.) Hence, judicial enforcement of administrative subpoenas is subject to a standard less exacting than that required for a criminal search warrant. (See Craib v. Bulmash (1989) 49 Cal.3d 475, 481-486.)

"Of course, 'department heads cannot compel the production of evidence in disregard of . . . the constitutional provisions prohibiting unreasonable searches and seizures.' ( Brovelli v. Superior Court, supra, 56 Cal.2d at p. 529; see also Pacific-Union Club v. Superior Court (1991) 232 Cal.App.3d 60, 70, 79-80; Wood v. Superior Court (1985) 166 Cal.App.3d 1138, 1146-1147.) '[A] governmental administrative agency is not in a special or privileged category, exempt from the right of privacy requirements which must be met and honored generally by law enforcement officials.' (Board of Medical Quality Assurance v. Gherardini (1979) 93 Cal.App.3d 669, 679-680; see Carlson v. Superior Court, supra, 58 Cal.App.3d at p. 22 ['Surely an accused's constitutional right to privacy in his papers and records is not diminished because law enforcement officials seek to obtain them by subpoena rather than by warrant'].)

'As with the federal statutes governing the installation of pen registers and trap and trace devices, the state administrative subpoena statutes do not contain a provision allowing for prior judicial review establishing that the law enforcement officers are entitled to the records. The California Constitution requires such prior review.

"We conclude in answer to the second question that the state statutes governing the issuance of administrative subpoenas do not provide authority for a state law enforcement officer to install or use pen registers or trap and trace devices 6)Argument in Support: According to The Los Angeles County District Attorney's Office "A 'pen register' is an electronic device which records all numbers called from (outgoing) a

AB 929

Page E particular telephone line. A 'trap and trace device' records what numbers had called a specific telephone, i.e. all incoming phone numbers. Pen registers and trap and trace devices are extremely useful investigative tools. They are used to identify accomplices, for example.

"Under federal law, law enforcement agencies must obtain a court order from a judge prior to the installation of a pen register or trap and trace device. According to Section 3123(a)(1) of Title 18 of the United States Code, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device anywhere within the United States, if the court (state or federal) finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation.

"Once obtained, a pen register or trap and trace device order cannot exceed 60 days in duration. As opposed to a wiretap, a pen register/trap and trace device only records the numbers dialed to or from a particular phone number. It does not record audio or text messages, and cannot be used to obtain real-time location data on a cellular telephone. (47 U.S.C. 1002(a)(2)(B).)

"Section 3125 of Title 18 of the United States Code authorizes the installation and use of a pen register/trap and trace device for 48 hours without a court order if an emergency situation exists, including one that involves "immediate danger of death or serious bodily injury to any person." An emergency order can be obtained if grounds exist to obtain a written order, but the emergency situation requires the installation and use of a pen register or a trap and trace device before an order authorizing such installation and use can, with due diligence, be obtained. Within 48 hours after the installation has occurred, or begins to occur, an order approving the installation or use in accordance with section

AB 929

Page F

3123 must be obtained.

"Section 3125 of Title 18 of the United States Code authorizes any investigative or law enforcement officer, specially designated by enumerated prosecutorial agencies, to obtain an emergency pen register/trap and trace device. However, there is no enabling statute in California that allows California District Attorneys to utilize section 3125.

"Emergency/warrantless pen registers are lawful in only six states (AL, FL, GA, IA, TX, and WA) which possess emergency state statutes in accordance with section 3125. Notwithstanding, some law enforcement agencies in the remaining 44 states utilize warrantless emergency declarations. The result is that the requesting agency will unlawfully receive pen register or trap and trace data. This is a misdemeanor under federal law (18 U.S.C. 3121). The individuals who improperly access the information may incur civil liability.

"Assembly Bill 929 would authorize state and local law enforcement officers to use pen register and trap and trace devices under state law. AB 929 would also authorize the issuance of emergency pen registers and trap and trace devices. Under the provisions of AB 929 a California court could issue a court order authorizing the use of a pen register and/or a trap and trace device upon a showing of probable cause which is a higher standard than the reasonable suspicion standard required under federal law.

"In 2003, the CA Attorney General's Office issued an opinion concluding that the "federal statutes governing the installation of pen registers and trap and trace devices do not provide authority for issuance of a state court order permitting a state law enforcement officer to install or use

AB 929

Page G pen registers and trap and trace devices" because the federal pen register statute requires less than probable cause. (86 Ops.Cal.Att.Gen 198 (2003).) Our office's 2013 Search Warrant Manual cites this opinion and advises state law enforcement officers to establish probable cause in the affidavit seeking the installation or use of a pen register under the applicable federal statute.

"AB 929 would create a comprehensive pen register/ trap and trace device statute in the Penal Code to cover all requests for pen registers and trap and trace devices in California, including emergency pen registers."

REGISTERED SUPPORT / OPPOSITION:

Support

Los Angeles County Sheriff's Office (co-sponsor) Los Angeles District Attorney's Office (co-sponsor) Association for Los Angeles County Sheriffs California District Attorneys Association California State Sheriffs' Association California Statewide Law Enforcement Association Fraternal Order of Police Long Beach Police Officers Association Los Angeles Police Protective League Los Angeles County Professional Peace Officers Association Riverside Sheriffs Association Sacramento county Deputy Sheriffs' Association Santa Ana Police Officers Association

Opposition

None

AB 929

Page H

Analysis Prepared by: Gabriel Caswell / PUB. S. / (916) 319-3744

2015 CA A.B. 929 (NS)

---

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.