MATTHEW A. MACDONALD, SBN 255269
TREVOR N. TEMPLETON, SBN 308896
CHRISTOPHER M. HURLEY, SBN 350153
MADELYN Y. CHEN, SBN 346126
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
953 East 3rd Street, Suite 100
Los Angeles, CA 90013-1952
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: matthew.macdonald@wsgr.com
ttempleton@wsgr.com
churley@wsgr.com
madelyn.chen@wsgr.com

CAITLIN MCKELVIE, *pro hac vice*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: cmckelvie@wsgr.com

Attorneys for Defendant
LIVERAMP HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTINE RIGANIAN and DONNA SPURGEON, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

LIVERAMP HOLDINGS, INC., *a corporation organized under the laws of the State of Delaware,*

Defendant.

Case No. 4:25-cv-824-JST

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT**

Hon. Jon S. Tigar

Date: June 5, 2025
Time: 2:00 pm
Courtroom 6

Defendant Liveramp Holdings, Inc. ("LiveRamp") hereby requests that the Court take judicial notice of certain legislative history materials submitted in support of LiveRamp's Motion to Dismiss the Class Action Complaint, attached as Exhibits A through D to the Declaration of Trevor N. Templeton ("Templeton Declaration"), pursuant to Federal Rule of Evidence 201. Under settled law, these documents are judicially noticeable. *See Anderson v. Holder*, 673 F.3d 1089 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *see also id.* (taking judicial notice of "excerpts from a Senate Report").

**I. LEGAL STANDARDS**

In ruling on a motion to dismiss, courts examine "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). An adjudicative fact is subject to judicial notice if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). "Proper subjects of judicial notice may include legislative documents and publicly accessible websites." *California Marine Cleaning, Inc. v. United States through Department of the Navy*, 684 F.Supp.3d 1014, 1023 (S.D. Cal. 2023).

**II. ARGUMENT**

The Court may consider the below-detailed Exhibits attached to the Templeton Declaration because these committee reports and bills from the California legislature are proper subjects of judicial notice.

Courts can and do "take judicial notice of legislative bills." *Watson v. Crumbl LLC*, 736 F.Supp.3d 827, 838 (E.D. Cal., 2024); *see id.* at 837–38 (granting the plaintiffs' request for judicial notice of California Senate Bill No. 478). Where, as here, a defendant requests "judicial notice of various documents that include state legislative reports [and] legislative bills," courts have found such documents to be "appropriate subjects for judicial notice" and granted the request. *See California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1172 (N.D. Cal. 2007)*; see also Ward v.*

*Crow Vote LLC*, 634 F.Supp.3d 800, 807 (C.D. Cal. 2022) (taking judicial notice of "the Session Laws from the State of Arizona's 1987 legislative session," because "a court may take judicial notice of documents published by a government body").

Additionally, the Court "may take judicial notice of … matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), and "records and reports of administrative bodies," *Anderson*, 673 F.3d at 1094 n.1 (cleaned up). "The Court may take judicial notice of 'undisputed and publicly available information displayed on government websites.'" *Krystofiak v. BellRing Brands, Inc.*, 737 F. Supp. 3d 782, 807 (N.D. Cal. 2024) (quoting *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018)). Thus, the Court may take judicial notice of California legislative enactments and committee reports. *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp 3d 1016, 1025 (N.D. Cal. 2014) (noticing a legislative history report).

LiveRamp respectfully requests that the Court consider the following legislative enactments and committee reports regarding the California Privacy Rights Act and the California Invasion of Privacy Act's pen register section, attached as Exhibits A though D to the Templeton Declaration, as subject to judicial notice:

1. **Exhibit A** is a true and correct copy of California Assembly Bill 929, Committee Report, from the 2015-2016 Regular Legislative Session, dated June 15, 2015;

2. **Exhibit B** is a true and correct copy of Proposition 24, The California Privacy Rights Act of 2020 (codified at Cal. Civ. Code Ann. § 1798.100 (West 2025))

3. **Exhibit C** is a true and correct copy of California Assembly Bill 929, as adopted by the 2015-2016 Legislative Session on August 13, 2015;

4. **Exhibit D** is a true and correct copy of California Assembly Bill 929, Committee Report, from the 2015-2016 Regular Legislative Session, dated April 6, 2015.

* * *

WHEREFORE, LiveRamp respectfully requests that the Court consider the above-referenced documents in connection with LiveRamp's Motion to Dismiss the Class Action Complaint.

Dated: March 28, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Matthew A. Macdonald*
Matthew A. Macdonald
E-mail: matthew.macdonald@wsgr.com

Attorney for Defendant
LIVERAMP HOLDINGS, INC.