1   MATTHEW A. MACDONALD, SBN 255269
    TREVOR N. TEMPLETON, SBN 308896
2   MADELYN Y. CHEN, SBN 346126
    ROMAN A. GIEROK, SBN 361158
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   953 East 3rd Street, Suite 100
    Los Angeles, CA  90013-1952
5   Telephone:   (323) 210-2900
    Facsimile:    (866) 974-7329
6   Email:        matthew.macdonald@wsgr.com
                  ttempleton@wsgr.com
7                 madelyn.chen@wsgr.com
                  rgierok@wsgr.com
8
    CAITLIN MCKELVIE, *pro hac vice*            BOURGON B. REYNOLDS, *pro hac vice*
9   WILSON SONSINI GOODRICH & ROSATI            NANCY A. SMITH, *pro hac vice*
    Professional Corporation                    ROSE LAW FIRM
10  95 S. State Street, Suite 1000              A Professional Association
    Salt Lake City, UT 84111                    809 South 52nd Street, Ste. A
11  Telephone:  (801) 401-8510                  Rogers, AR 72758
    Facsimile:   (866) 974-7329                 Telephone:  (479) 435-2921
12  Email:       cmckelvie@wsgr.com             Facsimile:   (479) 301-2449
                                                Email:       breynolds@roselawfirm.com
13                                                           nsmith@roselawfirm.com

14  Attorneys for Defendants
    LIVERAMP HOLDINGS, INC. and
15  LIVERAMP, INC.

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19  CHRISTINE RIGANIAN and DONNA        )  Case No.: 4:25-cv-824-JST
    SPURGEON, *on behalf of themselves and all* )
20  *others similarly situated*,        )  **DEFENDANTS' ANSWER TO FIRST**
                                        )  **AMENDED CLASS ACTION**
21              Plaintiff,              )  **COMPLAINT**
                                        )
22       v.                             )
                                        )
23  LIVERAMP HOLDINGS, INC., and        )
    LIVERAMP, INC. *corporations organized under* )
24  *the laws of the State of Delaware*, )
                                        )
25  _____ Defendants. _____

26

27

28

1     **COME NOW** Defendants LIVERAMP HOLDINGS, INC., and LIVERAMP, INC.

2  (collectively "Defendants"), by and through their attorneys, and state the following as and for

3  their Answer to the First Amended Class Action Complaint ("FAC").

4     Defendants include, for convenience only, the headings, subheadings, and numbered

5  paragraphs listed in Plaintiffs Christine Riganian and Donna Spurgeon's ("Plaintiffs") FAC.

6  Defendants nonetheless expressly deny and disclaim the characterizations in Plaintiffs' headings,

7  subheadings, and numbered paragraphs and deny any allegations implicit in their terms.

8  Defendants expressly reserve, and do not waive, the right to amend and supplement this Answer.

9  Defendants deny Plaintiffs' characterization of LiveRamp Holdings, Inc. and LiveRamp, Inc.

10  collectively as "LiveRamp" throughout Plaintiffs' FAC. Defendants interpret and use the term

11  "LiveRamp" to refer to LiveRamp, Inc. throughout Defendants' Answer. LiveRamp Holdings,

12  Inc. is a holding company only and does not engage in any of the conduct challenged in the

13  Complaint. For the avoidance of doubt, Defendants deny each and every conclusory and/or

14  argumentative characterization, and allegation, to the extent it suggests that LiveRamp Holdings,

15  Inc. has engaged in the conduct at issue in this case. Where an allegation in the FAC is directed

16  at a third party that is not affiliated with Defendants, except as otherwise expressly stated,

17  Defendants deny the allegations set forth in the FAC on the basis that they deny the knowledge

18  or information sufficient to form a belief concerning the truth of such allegations. Defendants

19  incorporate the foregoing by reference into each of the following specific responses to each

20  allegation of the FAC.

21  **I.     INTRODUCTION**

22     1.     The allegations of the first sentence of Paragraph 1 are argumentative, vague, and

23  assume facts not in evidence and on that basis Defendants deny the allegations of that sentence.

24  Defendants respond that LiveRamp operates separate online and offline identity graphs;[1] that a

25  RampID is a pseudonymous identifier used in LiveRamp's online identity graph to which online

26  identifiers can be associated; and that LiveRamp in some cases conducts a one-way translation of

27  ───────────────

28     [1] For purposes of clarity, Defendants use the term "identity graph" to mean a data structure that maps relationships between various identifiers.

offline identifiers into a RampID through a double hashing and salting process. Defendants

affirmatively state that LiveRamp's products and services are privacy-centric. Except as

expressly admitted, Defendants deny the allegations and conclusory characterizations of

Paragraph 1.

2. Paragraph 2 contains one or more legal conclusions as to which no response is

necessary. To the extent a response is deemed necessary, Defendants deny the argumentative,

vague, and conclusory allegations and characterizations of Paragraph 2. Defendants affirmatively

state that LiveRamp's products and services are privacy-centric. Defendants affirmatively state

that under the California and Oregon Consumer Privacy Acts, like those of many other

states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data

category) to the processing and sale of their personally identifiable information and, in

accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those

rights. Defendants further affirmatively state that individuals have numerous options to opt out of

the processing and sale of personal information (including services that will submit these

requests on behalf of the individual) and tools such as browser extensions and plug-ins to modify

how or to what extent information is collected and processed, and that, as evidenced by one of

the articles upon which Plaintiffs rely in their FAC,[2] these options have been widely available

since at least 2018. To the extent that the allegations of Paragraph 2 relate to third parties to this

action, Defendants deny knowledge or information sufficient to form a belief as to the truth of

these allegations and, therefore, deny the allegations. Except as expressly admitted, Defendants

deny the allegations and conclusory characterizations of Paragraph 2.

3. Defendants admit that LiveRamp, Inc. maintains databases that contain

information such as postal addresses, phone numbers, email addresses, and electronic device and

smartphone identifiers (such as mobileIDs) for certain people. Defendants further admit that part

of LiveRamp's business includes inferring certain connections between these pieces of

---

[2] Max Eddy, *How Companies Turn Your Data Into Money*, PC MAG (Oct. 10, 2018),
https://www.pcmag.com/news/how-companies-turn-your-data-into-money
[https://perma.cc/2399-5464].

information and that LiveRamp may associate these pieces of information with pseudonymized identifiers—identifiers that replace identifiable personal data with alias values, or pseudonyms—that keep information private. Defendants deny Plaintiffs' characterization of pseudonymization and deny that LiveRamp permits retrieval of "comprehensive identifying profile(s)" on any individual. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 3.

4.      To the extent that the allegations of Paragraph 4 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants admit that third parties can transact with each other to license lists of pseudonymous identifiers compiled by sellers, on the Data Marketplace. Footnote 1 of the FAC purports to quote from a document. Defendants admit that the quote appears in the quoted source and respectfully refer the Court to the document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 4 and its footnote(s).

5.      To the extent that the allegations of Paragraph 5 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 5 and its footnote(s).

6.      Defendants admit that LiveRamp believes that it maintains the largest and most accurate people-based identity graphs on the market today. Defendants admit that, through the offline and online identity graphs, LiveRamp links certain offline information (such as name, postal address, and phone number) to AbiliTecIDs and online identifiers (such as mobileIDs and device IDs) to pseudonymized identifiers called RampIDs. The last sentence of paragraph 6

purports to quote an article cited in footnote 5 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or completely characterizes the relevant conduct, including the characterization that LiveRamp operates a "shadow identity system."  Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 6 and its footnote(s).

7.    Defendants deny the allegations of the first and second sentences of Paragraph 7. Defendants admit that LiveRamp operates a Data Marketplace platform on which third parties can transact with each other for buyers to license the right to use lists identifiers, compiled by sellers, for purposes of online ad delivery. Defendants affirmatively state that LiveRamp's products and services are privacy-centric and deny Paragraph 7 to the extent that it suggests otherwise. To the extent that the allegations of Paragraph 7 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants otherwise deny the allegations of the third sentence of Paragraph 7, including the allegation that Defendants are sellers on the Data Marketplace. Regarding the allegations of the fourth sentence, because LiveRamp acts solely as a data processor for segments on Data Marketplace, sellers are responsible for naming their segments and Defendants lack sufficient knowledge to admit or deny allegations relating to the contents of segments on the Data Marketplace, and on that basis deny them. Additionally, as to footnote 7, Defendants deny knowledge or information sufficient to form a belief as to the authenticity or veracity of the spreadsheet cited in the footnote and on that basis denies the same. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations Paragraph 7 and its footnote(s).

8.    Defendants admit that LiveRamp uses the term "identity resolution" to refer to the process of linking distinct pieces of non-sensitive identifying information (e.g., name, address,

1  phone number, email, mobile device ID) through its identity graphs. Defendants affirmatively

2  state that LiveRamp's products and services are privacy-centric. Except as expressly admitted,

3  Defendants deny the allegations and conclusory characterizations of Paragraph 8.

4      9.      Paragraph 9 contains one or more legal conclusions as to which no response is

5  required. To the extent a response is deemed necessary, Defendants deny the argumentative,

6  vague, and conclusory allegations and characterizations of Paragraph 9. Defendants affirmatively

7  state that individuals have numerous options to opt out of the processing and sale of personal

8  information (including services that will submit these requests on behalf of the individual) and

9  that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what

10  extent information is collected and processed have been widely available. Defendants further

11  affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of

12  many other states, consumers have the right to opt-out (or opt-in, depending on the law and

13  applicable data category) to the processing and sale of their personally identifiable information

14  and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise

15  those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-

16  centric. Except as expressly admitted, Defendants deny the allegations and conclusory

17  characterizations of Paragraph 9.

18      10.     Defendants deny the argumentative, vague, and conclusory allegations and

19  characterizations of Paragraph 10. Defendants affirmatively state that individuals have numerous

20  options to opt out of the processing and sale of personal information (including services that will

21  submit these requests on behalf of the individual) and that, since at least 2018, tools such as

22  browser extensions and plug-ins to modify how or to what extent information is collected and

23  processed have been widely available. Defendants further affirmatively state that under the

24  California and Oregon Consumer Privacy Acts, like those of many other states, consumers have

25  the right to opt-out (or opt-in, depending on the law and applicable data category) to the

26  processing and sale of their personally identifiable information and, in accordance with the laws,

27  LiveRamp provides mechanisms for consumers to exercise those rights. Defendants

28  affirmatively state that LiveRamp's products and services are privacy-centric. Except as

1    expressly admitted, Defendants deny the allegations and conclusory characterizations of

2    Paragraph 10.

3        11.    Defendants deny the allegations and conclusory characterizations of Paragraph

4    11, except that Defendants admit that the article cited in footnote 8 of the FAC contains the

5    argumentative, sensational characterization quoted in Paragraph 11. Defendants admit that the

6    quoted language appears in that article but respectfully refer the Court to that article itself for its

7    full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or

8    provide full context and deny Plaintiffs' characterization thereof. Defendants deny that the

9    quoted source accurately or completely characterizes the relevant conduct, including the

10   characterization that LiveRamp "is like a stalker" and that it "sells this stalking ability to many

11   other companies." Defendants affirmatively state that LiveRamp's products and services are

12   privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory

13   characterizations of Paragraph 11 and its footnote(s).

14       12.    Defendants lack sufficient knowledge to admit or deny the allegations of the first

15   and second sentences of Paragraph 12 which purport to describe the individual Plaintiffs' goals

16   and concerns and on that basis deny them. To the extent that Paragraph 12 alleges that

17   Defendants violate Plaintiffs' privacy or autonomy, that Defendants' conduct is unlawful, or that

18   Defendants have caused Plaintiffs any harm, Defendants deny those allegations and conclusory

19   characterizations. The third sentence of Paragraph 12 consists of legal conclusions to which no

20   response is required. To the extent any response is required, Defendants deny the allegations and

21   conclusory characterizations of the third sentence Paragraph 12. Except as expressly admitted,

22   Defendants deny the allegations and conclusory characterizations of Paragraph 12.

23   **II.    PLAINTIFFS**

24       13.    Plaintiff Christina Riganian Defendants lack sufficient knowledge to admit or

25   deny the allegations of Paragraph 13 and on that basis deny them. Defendants deny that members

26   of modern society "must" use the internet to manage the routine affairs of daily life. Defendants

27   further deny the unsupported conclusory allegations in the second sentence of Paragraph 13.

28

Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 13.

**A.    LiveRamp's Comprehensive Identity Profile on Plaintiff Riganian**

14.    Defendants admit that LiveRamp provided a SAR report for a person with the name Christina Riganian on or about September 13, 2024, that the SAR contained 18 spreadsheets, and that certain of the files have the listed titles. The SAR speaks for itself and Defendants deny Plaintiffs' conclusory and sensational mischaracterizations of LiveRamp's actions and intentions in Paragraph 14 and its footnotes, including footnote 11 of the FAC, and respectfully refer the Court to the document for full context and substance thereof. Defendants deny the allegations and conclusory characterizations of footnote 9 of the FAC to the extent they characterize the SAR cited in Paragraph 14 or LiveRamp's conduct as privacy invasive. Defendants do not know what Plaintiffs mean by "identity profile," and on that basis deny the allegation, and further denys that the information it has about Plaintiffs is "massive" or "comprehensive."  Defendants otherwise lack sufficient knowledge to admit or deny the allegations of Paragraph 14 and on that basis deny them. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 14 and its footnote(s).

15.    Defendants deny the allegations and conclusory characterizations of Paragraph 15, except that Defendants admit that the SAR contains additional files not explicitly mentioned in Paragraph 14(a)-(g). Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 15.

16.    Defendants deny the allegations and conclusory characterizations of Paragraph 16, except that Defendants admit that the SAR provided to Plaintiff Riganian included RampIDs. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer

1  Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in,

2  depending on the law and applicable data category) to the processing and sale of their personally

3  identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for

4  consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and

5  services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

6  conclusory characterizations of Paragraph 16.

7       17.    Defendants admit that LiveRamp may receive social security numbers and license

8  data a result of LiveRamp's licenses of data from other sources, and that LiveRamp uses that

9  information for identity resolution. Defendants admit LiveRamp has associated a social security

10  number and a driver's license number with the name Christina Riganian. The second sentence of

11  Paragraph 17 acknowledges that LiveRamp uses this data "internally for identity resolution

12  purposes" and purports to quote from a document generated by LiveRamp. Defendants admit

13  that the quote appears in the quoted source and respectfully refer the Court to the article itself for

14  its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete

15  or provide full context and deny Plaintiffs' characterization thereof. Further, Defendants

16  affirmatively state that individuals have numerous options to opt out of the processing and sale

17  of personal information (including services that will submit these requests on behalf of the

18  individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify

19  how or to what extent information is collected and processed have been widely available.

20  Defendants further affirmatively state that under the California and Oregon Consumer Privacy

21  Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending

22  on the law and applicable data category) to the processing and sale of their personally

23  identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for

24  consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and

25  services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

26  conclusory characterizations of Paragraph 17 and its footnote(s).

27

28

1

    1.    **LiveRamp's Interception and Use of Plaintiff Riganian's Online**
          **Browsing Activity**

2

3          18.    Paragraph 18 contains one or more legal conclusions as to which no response is

4   necessary. To the extent a response is deemed necessary, Defendants deny the argumentative,

5   vague, and conclusory allegations and characterizations Paragraph 18. Defendants affirmatively

6   state that individuals have numerous options to opt out of the processing and sale of personal

7   information (including services that will submit these requests on behalf of the individual) and

8   that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what

9   extent information is collected and processed have been widely available. Defendants further

10  affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of

11  many other states, consumers have the right to opt-out (or opt-in, depending on the law and

12  applicable data category) to the processing and sale of their personally identifiable information

13  and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise

14  those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-

15  centric. Except as expressly admitted, Defendants deny the allegations and conclusory

16  characterizations of Paragraph 18.

17          19.    Defendants deny the argumentative, vague, and conclusory allegations and

18  characterizations of Paragraph 19. Defendants affirmatively state that LiveRamp's products and

19  services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

    conclusory characterizations of Paragraph 19.

20          20.    Defendants deny the allegations and conclusory characterizations of the first

21  sentence of Paragraph 20. Defendants deny that any software or technology used by LiveRamp

22  constitutes a "tracking mechanism." Defendants admit that certain websites placed "pixels" or

23  JavaScript code provided by LiveRamp on their websites and that websites may have placed

24  "cookies" on browsers. Defendants deny that Paragraphs 74-79 accurately describe the operation

25  of those tools and incorporate their responses to Paragraphs 74-79 below. Defendants

26  affirmatively state that LiveRamp's products and services are privacy-centric. Except as

27

28

1  expressly admitted, Defendants deny the allegations and conclusory characterizations of

2  Paragraph 20.

3        21.     Paragraph 21 contains one or more legal conclusions as to which no response is

4  necessary. To the extent a response is deemed necessary, Defendants deny the allegations and

5  conclusory characterizations of Paragraph 21, except that Defendants admit that LiveRamp has

6  offline, online, and other pseudonymized information (such as names, postal addresses, phone

7  numbers, email addresses, and device identifiers) stored separately in its offline and online

8  identity graphs that could be related to Plaintiff Riganian, and admit that LiveRamp may have

9  provided certain services to customers using that information. Defendants affirmatively state that

10  LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants

11  deny the allegations and conclusory characterizations of Paragraph 21.

12        22.     Defendants lack sufficient knowledge to admit or deny the allegations of

13  Paragraph 22 and on that basis deny them. The information referenced in this paragraph is based

14  not on Plaintiffs' SAR but on Plaintiffs' uncorroborated allegations about Plaintiff Riganian's

15  web browsing activities. Defendants deny the allegations and conclusory characterizations of

16  footnote 14 of the FAC to the extent they characterize LiveRamp's conduct as privacy invasive.

17  Except as expressly admitted, Defendants deny the allegations and conclusory characterizations

18  of Paragraph 22 and its footnote(s).

19        23.     Paragraph 23 contains one or more legal conclusions as to which no response is

20  necessary. To the extent a response is deemed necessary, Defendants admit that CVS deploys

21  LiveRamp's eCST (enhanced client-side tag) on CVS.com on behalf of CVS to allow CVS to

22  collect data for its own purposes. LiveRamp acts solely as a data processor with respect to

23  information collected through this eCST and does not use the data for its own purposes.

24  Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except

25  as expressly admitted, Defendants deny the allegations and conclusory characterizations of

26  Paragraph 23.

27        24.     Defendants deny the allegations and conclusory characterizations of Paragraph

28  24. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

25.     Paragraph 25 contains one or more legal conclusions as to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 25. LiveRamp acts solely as a data processor with respect to information collected through eCSTs and does not use the data for its own purposes, including for the purposes of creating "segments" or "categories" or of enriching data sets that LiveRamp has compiled. To the extent that the allegations of Paragraph 25 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 25.

26.     Defendants deny that any software or technology used by LiveRamp constitutes a "tracking mechanism." Defendants lack sufficient knowledge to admit or deny what websites Plaintiff Riganian visited and on that basis deny the description of Plaintiff Riganian's web browsing activity in Paragraph 26. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 26.

27.     Defendants deny that any software or technology used by LiveRamp constitutes a "tracking mechanism" and deny that cookies are stored on devices. Defendants further lack sufficient knowledge to admit or deny the presence of cookies on unspecified devices associated with Plaintiff Riganian on that basis deny the description of Plaintiff Riganian's devices and the cookies present on those devices. Defendants deny the allegations and conclusory characterizations of footnote 15 of the FAC to the extent they characterize LiveRamp's conduct as privacy invasive. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 27 and its footnote(s).

28.     Defendants deny the first sentence of Paragraph 28. The second sentence of Paragraph 28 purports to quote from LiveRamp Holdings, Inc.'s Form 10-K for the Fiscal Year ending March 31, 2021. Defendants admit that the quote appears in the quoted source and

respectfully refer the Court to the document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. To the extent that the allegations of the third sentence of Paragraph 28 relate to Plaintiff Riganian's purported knowledge, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 28 and its footnote(s).

**B.**     **Plaintiff Donna Spurgeon**

29.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 29 and on that basis deny them. Defendants deny that members of modern society "must" use the internet to manage the routine affairs of daily life. Defendants further deny the unsupported conclusory characterizations in the second sentence of Paragraph 29. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 29.

1.     **LiveRamp's Comprehensive Identity Profile on Plaintiff Spurgeon**

30.     Defendants admit that LiveRamp provided a SAR report for a person with the name Donna Spurgeon on or about January 12, 2024, that the SAR contained 9 excel spreadsheets,  and that certain of the files have the listed titles. Defendants do not know what Plaintiffs mean by "identity profile," and on that basis deny the allegation and further deny that

the information it has about Plaintiffs is "massive" or "comprehensive." The SAR speaks for itself and Defendants deny Plaintiffs' conclusory, sensational mischaracterizations of LiveRamp's actions and intentions and respectfully refer the Court to the document for its full context and substance. Defendants deny the allegations and conclusory characterizations of footnote 17 of the FAC to the extent they characterize the SAR cited in Paragraph 30 or LiveRamp's conduct as privacy invasive. Defendants do not know what Plaintiffs mean by "identity profile," and on that basis deny the allegation, and further deny that the information it has about Plaintiffs is "massive" or "comprehensive." Defendants otherwise lack sufficient knowledge to admit or deny the allegations of Paragraph 30 and on that basis deny them. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 30 and its footnote(s).

31.    Defendants deny the allegations and conclusory characterizations of Paragraph 31, except that Defendants admit that the SAR provided to Donna Spurgeon included a RampID. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 31.

32.    Defendants admit that LiveRamp licenses from other sources social security numbers and license data, uses those pieces of information for a process it refers to as identity resolution, and that LiveRamp has associated a social security number and a driver's license

number with the name Donna Spurgeon. The second sentence of Paragraph 32 acknowledges that LiveRamp uses this data "internally for identity resolution purposes" and purports to quote from a document generated by LiveRamp. Defendants admit that the quote appears in the quoted source and respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 32 and its footnote(s).

2. **LiveRamp's Interception and Use of Plaintiff Spurgeon's Online Browsing Activity**

33.     Paragraph 33 contains one or more legal conclusions as to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 33. To the extent that the allegations of Paragraph 33 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed

have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 33.

34.     Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 34. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

35.     Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 35. Defendants deny that any software or technology used by LiveRamp constitutes a "tracking mechanism." Defendants admit that certain websites placed "pixels" or JavaScript code provided by LiveRamp on their websites and that websites may have placed "cookies" on browsers. Defendants deny that Paragraphs 74-79 accurately describe the operation of those tools and incorporate their responses to Paragraphs 74-79 below. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of the second sentence of Paragraph 35.

36.     Paragraph 36 contains one or more legal conclusions as to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 36, except that Defendants admit that LiveRamp has offline, online, and other pseudonymized information (such as names, postal addresses, phone numbers, email addresses, and device identifiers) stored separately in its offline and online identity graphs that could be related to Plaintiff Spurgeon, and admit that LiveRamp may have provided certain services to its customers using that information. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 36.

37.    Defendants deny that any software or technology used by LiveRamp constitutes a "tracking mechanism." Defendants lack sufficient knowledge to admit or deny what websites Plaintiff Spurgeon visited and on that basis deny the description of Plaintiff Spurgeon's web browsing activity in Paragraph 37. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 37.

38.    Defendants deny the allegations and conclusory characterizations of Paragraph 38, including the allegation that Defendants are sellers on the Data Marketplace, except that Defendants admit that LiveRamp operates Data Marketplace, that buyers and sellers can transact to license the right to use data segments through Data Marketplace and that Data Marketplace is pseudonymized using (among other tools) RampIDs and that, with regard to the second sentence of Paragraph 38, the quoted language appears in LiveRamp Holdings, Inc.'s Form 10-K for the Fiscal Year ending March 31, 2021. Defendants respectfully refer the Court to the document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 38.

1

### III.    DEFENDANTS

2        39.    Defendants admit that LiveRamp Holdings, Inc. is a United States public

3    corporation incorporated under the laws of the State of Delaware. Defendants admit that

4    LiveRamp Holdings, Inc.'s principal place of business is 225 Bush Street, 17th Floor, San

5    Francisco, California 94104. Defendants admit that LiveRamp Holdings, Inc. is the parent

6    company of LiveRamp, Inc. Except as expressly admitted, Defendants deny the allegations and

7    conclusory characterizations of Paragraph 39 and its footnote(s).

8        40.    Defendants admit that LiveRamp, Inc. is a wholly owned subsidiary of LiveRamp

9    Holdings, Inc.; that LiveRamp, Inc.is incorporated in Delaware; that LiveRamp, Inc. is registered

10   with the State of California as a "data broker" under California Civil Code § 1798.99.80; that

11   LiveRamp, Inc.'s principal place of business is 225 Bush Street, 17th Floor, San Francisco,

12   California 94104. Defendants respond that the Corporate Disclosure Statement and Certificate of

13   Interested Entities or Persons by LiveRamp Holding, Inc. (Dkt. 19), speaks for itself and

14   respectfully refer the Court to the document for the substance thereof. Except as expressly

15   admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 40.

16

### IV.    JURISDICTION AND VENUE

17       41.    Paragraph 41 contains legal conclusions to which no response is required. To the

18   extent any response is required, Defendants deny the allegations of Paragraph 41.

19       42.    Paragraph 42 contains legal conclusions to which no response is required. To the

20   extent any response is required, Defendants deny the allegations of Paragraph 42.

21       43.    Paragraph 43 contains legal conclusions to which no response is required. To the

22   extent any response is necessary, Defendants deny the allegations of Paragraph 43, including the

23   allegation that Plaintiffs' claims arise from LiveRamp's conduct in California.

24       44.    Paragraph 44 contains legal conclusions to which no response is required. To the

25   extent any response is necessary Defendants deny the allegations of Paragraph 44, including the

26   allegation that the events or omissions giving rise to Plaintiffs' claims occurred in this District.

27

28

1  **V.    CHOICE OF LAW**

2      45.    Paragraph 45 contains legal conclusions to which no response is required. To the

3  extent any response is required, Defendants deny the allegations of Paragraph 45.

4      46.    Paragraph 46 contains one or more legal conclusions as to which no response is

5  required. To the extent a response is deemed necessary, Defendants admit that LiveRamp, Inc.'s

6  and LiveRamp Holdings, Inc.'s principal places of business are 225 Bush Street, 17th Floor, San

7  Francisco, California 94104. Defendants admit that LiveRamp, Inc. is registered as a data broker

8  in accordance with the definition of that term under California law. Except as expressly admitted,

9  Defendants deny the allegations of Paragraph 46.

10     47.    Defendants deny the allegations and conclusory characterizations of Paragraph

11  47. Defendants affirmatively state that LiveRamp's products and services are privacy-centric..

12     48.    Paragraph 48 contains one or more legal conclusions as to which no response is

13  required. To the extent a response is deemed necessary, Defendants deny the allegations and

14  conclusory characterizations of Paragraph 48. Defendants affirmatively state that LiveRamp's

15  products and services are privacy-centric.

16     49.    Paragraph 49 contains legal conclusions to which no response is required. To the

17  extent any response is required, Defendants deny the allegations of Paragraph 49.

18  **VI.    DIVISIONAL ASSIGNMENT**

19     50.    Paragraph 50 contains legal conclusions to which no response is required. To the

20  extent any response is required, Defendants deny the allegations of Paragraph 50.

21  **VII.    STATEMENT OF FACTS**

22      **A.    LiveRamp Collects, Buys, and Analyzes Vast Amounts of On- and Offline
        Data to Track Individual Consumers Everywhere on the Internet and in the
23      Real World**.

24     51.    Defendants admit that LiveRamp, Inc. is registered as a "data broker" in

25  California in accordance with the California law definition of that term; that LiveRamp

26  Holdings, Inc. is registered as a "data broker" in certain other states in accordance with the

27  definition of that term under the laws of those certain states; and that LiveRamp Holdings, Inc.

28  was formerly known as Acxiom Holdings, Inc. The remaining allegations of Paragraph 51 are

1  legal conclusions to which no response is required. To the extent a response is required,

2  Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations

3  and conclusory characterizations of Paragraph 51 and its footnote(s).

4       52.    Defendants deny the allegations and conclusory characterizations of the first

5  sentence of Paragraph 52. Defendants admit that LiveRamp, Inc. facilitates the delivery of

6  advertisements across different platforms through the use of pseudonymized identifiers, and

7  otherwise deny the allegations and conclusory characterizations of the second sentence of

8  Paragraph 52. The third sentence of Paragraph 52 purports to quote the article cited in footnote

9  21 of the FAC, which was published and available to Plaintiffs in 2018, years before the filing of

10 this lawsuit. Defendants admit that the quoted language appears in that article but respectfully

11 refer the Court to that article itself for its full context and substance. Defendants deny that

12 Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'

13 characterization thereof. Defendants affirmatively state that LiveRamp's products and services

14 are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

15 conclusory characterizations of Paragraph 52 and its footnote(s).

16      53.    Defendants deny the allegations and conclusory characterizations of Paragraph

17 53. Defendants affirmatively state that individuals have numerous options to opt out of the

18 processing and sale of personal information (including services that will submit these requests on

19 behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-

20 ins to modify how or to what extent information is collected and processed have been widely

21 available. Defendants further affirmatively state that under the California and Oregon Consumer

22 Privacy Acts, like those of many other states,  consumers have the right to opt-out (or opt-in,

23 depending on the law and applicable data category) to the processing and sale of their personally

24 identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for

25 consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and

26 services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

27 conclusory characterizations of Paragraph 53.

28

54.     Defendants deny the allegations and conclusory characterizations of Paragraph 54, except that Defendants admit that the block-quoted language appears in the document cited in footnote 22 of the FAC. Defendants respectfully refer the Court to that document for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 54 and its footnote(s).

55.     Paragraph 55 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, except as expressly admitted, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 55. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights.

56.     Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 56, except that Defendants admit that the quote in the parenthetical in footnote 23 of the FAC appears in the cited article. Defendants respectfully refer the Court to the article itself for the full context and substance of the article. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or completely characterizes the relevant conduct, including the characterization that LiveRamp operates a "Privacy Death Star." To the extent that the allegations of Paragraph 56 relate to third parties to

1  this action, Defendants deny knowledge or information sufficient to form a belief as to the truth

2  of these allegations and, therefore, deny the allegations. Defendants affirmatively state that

3  LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants

4  deny the allegations and conclusory characterizations of Paragraph 56 and its footnote(s).

5      57.    Defendants deny the allegations and conclusory characterizations of Paragraph

6  57, except that Defendants admit LiveRamp offers identity resolution and the Data Marketplace;

7  that LiveRamp uses the term "identity resolution" to refer to the process of linking distinct pieces

8  of information; and that a RampIDs is a pseudonymous identifier that LiveRamp uses in its

9  online identity graph. Further, Defendants affirmatively state that individuals have numerous

10  options to opt out of the processing and sale of personal information (including services that will

11  submit these requests on behalf of the individual) and that, since at least 2018, tools such as

12  browser extensions and plug-ins to modify how or to what extent information is collected and

13  processed have been widely available. Defendants further affirmatively state that under the

14  California and Oregon Consumer Privacy Acts, like those of many other states, consumers have

15  the right to opt-out (or opt-in, depending on the law and applicable data category) to the

16  processing and sale of their personally identifiable information and, in accordance with the laws,

17  LiveRamp provides mechanisms for consumers to exercise those rights. Defendants

18  affirmatively state that LiveRamp's products and services are privacy-centric. Except as

19  expressly admitted, Defendants deny the allegations and conclusory characterizations of

20  Paragraph 57 and its footnote(s).

21      58.    Defendants admit that LiveRamp creates RampIDs, which are pseudonymous

22  identifiers that are used in LiveRamp's online identity graph, that online identifiers can be

23  attached to RampIDs, and that RampIDs are in some cases generated from double hashed salted

24  offline data, resulting in a one-way translation of that offline data into a RampID (i.e., the

25  pseudonymous RampID is generated from offline data, but the RampID cannot be translated

26  back into the offline data). Footnotes 25, 26, and 27 of the FAC purport to quote from a

27  document published on LiveRamp's website. Defendants admit that the quote appears in the

28  quoted source and respectfully refer the Court to the document itself for its full context and

substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, Defendants deny the allegations of the first sentence of Paragraph 58. Defendants deny the allegations of the second sentence of Paragraph 58, including that Defendants "aggregate" identifiers or synchronize personal information. The third sentence of Paragraph 58 purports to quote an article on LiveRamp's website cited in footnote 28 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. The fourth sentence of Paragraph 58 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of the fourth sentence of Paragraph 58. The fifth sentence of Paragraph 58 purports to quote an article cited in footnote 29 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or completely characterizes the relevant conduct, including the characterization that LiveRamp is the "largest and most significant actor" in an industry that "exists to purposefully and explicitly shatter . . . anonymity." To the extent that the allegations of Paragraph 58 relate to third parties to this

1  action, Defendants deny knowledge or information sufficient to form a belief as to the truth of

2  these allegations and, therefore, deny the allegations. Defendants affirmatively state that

3  LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants

4  deny the allegations and conclusory characterizations of Paragraph 58 and its footnote(s).

5      59.    Defendants admit that the articles on LiveRamp's website quoted in the first

6  sentence of Paragraph 59 and in footnote 31 of the FAC state that "250m+ consumers

7  represented in the U.S. and many more worldwide." Defendants admit that the article cited in

8  footnote 30 of the FAC states that in 2020, the U.S. Census Bureau counted 258.3 million adults

9  living in the United States. Defendants respectfully refer the Court to the articles themselves for

10  their full context and substance. Defendants deny that Plaintiffs' selective quotations and

11  descriptions are complete or provide full context and deny Plaintiffs' characterization thereof.

12  Defendants deny the second sentence of Paragraph 59, except that a RampID can be mapped to

13  cookies, mobile device IDs, connected TV device ID, and custom identifiers. Defendants deny

14  the third sentence of Paragraph 59, except that Defendants admit that a device ID may be able to

15  be linked to other pseudonymized online identifiers. Footnote 33 of the FAC purports to quote

16  from a document. Defendants admit that the quote appears in the quoted source and respectfully

17  refer the Court to the document itself for its full context and substance. Defendants deny that

18  Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'

19  characterization thereof. Defendants deny the allegations and conclusory characterizations of the

20  fourth sentence of Paragraph 59, including the allegation that RampIDs are "permanent" and

21  "inescapable." To the extent that the allegations of Paragraph 59 relate to third parties to this

22  action, Defendants deny knowledge or information sufficient to form a belief as to the truth of

23  these allegations and, therefore, deny the allegations. Defendants affirmatively state that

24  individuals have numerous options to opt out of the processing and sale of personal information

25  (including services that will submit these requests on behalf of the individual) and that, since at

26  least 2018, tools such as browser extensions and plug-ins to modify how or to what extent

27  information is collected and processed have been widely available. Defendants further

28  affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of

1
2
3
4
5
6

many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 59 and its footnote(s).

7
8
9
10
11
12
13
14
15
16
17
18
19

60.     Defendants admit that some buyers and sellers, including data brokers, transact to license the right to use data segments on Data Marketplace and that some of these segments are constructed along lines of demographic information (such as age, gender, or estimates of income) or inferred behavioral characteristics (such as predicted interests, personality types, or other features—sometimes called "psychographic" information). Defendants state that LiveRamp's policies prohibit segments based on sexual reproductive decisions. Defendants state that these segments are frequently modelled based on other information, not based on direct observation. To the extent that the allegations of Paragraph 60 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 60 including the allegation that Defendants are sellers on the Data Marketplace.

20
21
22
23
24
25

61.     Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 61. To the extent that the allegations of Paragraph 61 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterization of Paragraph 61.

26
27
28

62.     Paragraph 62 contains one or more legal conclusions as to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 62. Defendants

affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 62.

63.     Defendants admit that LiveRamp Holdings, Inc. generated over $500 million in total revenue in Fiscal Years ended March 31, 2023, March 31, 2024, and March 31, 2025. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Footnote 34 of the FAC purports to quote from two documents published on LiveRamp's website. Defendants admit that the documents reflect total revenue of $597 million and $660 million, respectively, and respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' descriptions are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 63 and its footnote(s).

### 1.     **LiveRamp Collects, Buys, and Analyzes Vast Amounts of Offline Data to Construct Real-World Identity Profiles Using Its AbiliTec System**.

64.     Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 64, except that LiveRamp's offline identity graph uses an AbiliTecID to connect offline identifiers; and that with an AbiliTecID, there can be a one-way translation through a double hashing and salting process into a pseudonymous RampID (which can be linked to pseudonymized online identifiers), but that a RampID cannot be translated into an AbiliTecID. Defendants deny the allegations and conclusory characterizations second sentence

of Paragraph 64, except that Defendants admit that AbiliTecIDs can be assigned to offline

identifiers (e.g., postal addresses, email addresses, and names) and that the offline identity graph

can in some cases use algorithms to resolve disparate offline identifiers to a single AbiliTecID.

The third sentence of Paragraph 64 purports to quote an article published on LiveRamp's

website, cited in footnote 37 of the FAC. Defendants admit that the quoted language appears in

that article but respectfully refer the Court to that article itself for its full context and substance.

Defendants deny that Plaintiffs' selective quotations are complete or provide full context and

deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's

products and services are privacy-centric. Except as expressly admitted, Defendants deny the

allegations and conclusory characterizations of Paragraph 64 and its footnote(s).

65.     Defendants admit that the data used to generate LiveRamp's offline Identity

Graph is sourced from various sources including historical consumer contact information,

including name and postal records, email addresses, and phone numbers. Defendants admit that

the data used to generate the offline Identity Graph includes sources such as public record data,

publicly available data, and self-reported information. Defendants admit the data used to

generate LiveRamp's offline Identity Graph is sourced from hundreds of contributors and can

contain multiple names, addresses, and email representations for an individual. Defendants admit

that LiveRamp purchases the license to use email-to-postal address match data from various

third-party providers. Defendants affirmatively state that LiveRamp's products and services are

privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory

characterizations of Paragraph 65 and its footnote(s).

66.     Paragraph 66 purports to quote an article published on LiveRamp's website cited

in footnote 42 of the FAC. Defendants admit that the quoted language appears in that article but

respectfully refer the Court to that article itself for its full context and substance. Defendants

deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'

characterization thereof. Defendants admit that LiveRamp's offline Identity Graph sometimes

stores consumer associative data and internal metadata. Defendants deny that they collect and

process consumers' gender data in LiveRamp's AbiliTec system. Defendants affirmatively state

that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 66 and its footnote(s).

67.    Defendants deny the first and second sentences of Paragraph 67, except that Defendants admit if a LiveRamp customer provides an offline identifier, such as an email address, phone number, or name plus postal address, that offline identifier can be used to return an AbilitecID or AbilitecIDs from the offline Identity Graph, if any AbilitecIDs are associated with that offline identifier. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 67.

68.    Defendants deny the first sentence of Paragraph 68, including the allegation with respect to gender transition, except that Defendants admit that that people in general may move houses, change jobs, or switch devices over time due to a variety of circumstances and that LiveRamp may create new connections with new identifiers in the offline Identity Graph based on the data it receives over time. The second and third sentences of Paragraph 68 purport to quote an article published on LiveRamp's website, cited in footnote 43 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 68 and its footnote(s).

69.    Paragraph 69 purports to quote LiveRamp Holdings, Inc.'s Form 10-K for the Fiscal Year ending March 31, 2021, cited in footnote 44 of the FAC. Defendants admit that the quoted language appears in that document but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted,

Defendants deny the allegations and conclusory characterizations of Paragraph 69 and its footnote(s).

2.    **LiveRamp Collects, Buys, and Analyzes Vast Amounts of Online Data to Track Real-World Consumers' Digital Activities Using the RampID  Identity Graph System**.

70.    Defendants deny the allegations of the first sentence of Paragraph 70, except that Defendants admit an AbiliTecID in the offline identity graph can be connected to a RampID in the online identity graph through a one-way, pseudonymized double hashing and salting process. Defendants admit that LiveRamp refers to the identity graph that uses AbilitecIDs as an "offline identity graph," and to identity graph that can contain RampIDs as an "online identity graph. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 70 and its footnote(s).

71.    Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 71, except that Defendants admit a maintained RampID represents an individual that LiveRamp can match to at least one offline identifier in the offline identity graph. Defendants admit that the offline identity graph can in some cases use algorithms to resolve disparate offline identifiers to a single AbiliTecID and that, with an AbiliTecID, there can be a one-way translation into a pseudonymous RampID through a double hashing and salting process, but otherwise deny the allegations and conclusory characterizations of the second and third sentences of Paragraph 71. Defendants deny the allegations and conclusory characterizations of the fourth sentence of Paragraph 71. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in

accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 71 and its footnote(s).

72.    Defendants deny the allegations of the first sentence of Paragraph 72, except that Defendants admit that RampIDs can be mapped to other online identifiers in LiveRamp's online identity graph, including cookie IDs, mobile IDs, and custom IDs. Defendants deny the allegations and conclusory characterizations second sentence of Paragraph 72. The allegations of the third sentence of Paragraph 72 are argumentative and vague and on that basis Defendants deny them. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 72. The fourth sentence of Paragraph 72 purports to quote an article cited in footnote 52 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof (including Plaintiffs' addition of emphasis). Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 72 and its footnote(s).

73.    Defendants deny the first sentence of Paragraph 73, except that LiveRamp's offline Identity Graph contains offline identifiers and LiveRamp's online Identity Graph contains online identifiers. Defendants deny the second sentence of Paragraph 73, except Defendants admit that LiveRamp uses multiple means to collect data about online identifiers and that LiveRamp receives information about online identifiers from data partners. Defendants deny the third sentence of Paragraph 73. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 73.

74.    Defendants deny the first sentence of Paragraph 74, except that Defendants admit LiveRamp uses "cookies" or other similar browser storage mechanisms like "localStorage" to

store "cookie IDs." Defendants deny the allegations of the second or third sentences as they relate to Defendants. To the extent that the allegations of the second and third sentences of Paragraph 54 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 74 and its footnote(s).

75.     Defendants admit that "cookie syncing" or "ID syncing" as LiveRamp uses the terms involves mapping cookie IDs maintained by one company to cookie IDs maintained by another company by exchanging cookie IDs. Defendants admit "cookie syncing" allows LiveRamp to correlate a LiveRamp cookie as being installed on the same web browser as a synced partner cookie. To the extent that the allegations of Paragraph 75 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 75.

76.     Defendants deny the allegations of the first sentence of Paragraph 76, except Defendants admit that websites deploy LiveRamp's cookies and that LiveRamp currently receives cookie IDs from other companies, including Google, Microsoft, Salesforce, Neustar, The Trade Desk, and Quantcast. Defendants deny the allegations of the second sentence of Paragraph 76, except Defendants admit that LiveRamp's online Identity Graph may match cookie IDs to each other and to mobile IDs, proprietary platform IDs, and RampIDs, depending on the data that LiveRamp has received. Defendants deny the allegations of the third sentence of Paragraph 76. To the extent that the allegations of Paragraph 76 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 76 and its footnote(s).

77.     Defendants admit LiveRamp's "Web Match Tags" allow it to establish links between consumers' email addresses and cookie IDs. Defendants admit that Web Match Tags can be added by a match partner to website pages where a user's email addresses can be populated, including, for example post-registration pages, post-login pages, returning-user pages, and landing page(s) associated with any links in the match partner's email newsletters. Defendants deny the third sentence of Paragraph 77, except Defendants admit that after the match partner obtains access to the user's email address, such as when the user has registered for an account, the Web Match Tag can be configured to send the hashed email address and cookie ID to LiveRamp. Defendants deny the allegations of the fourth sentence of Paragraph 77, except Defendants admit LiveRamp sometimes creates a new link between a RampID and a cookie ID in its online Identity Graph. Defendants deny the allegations of the fifth sentence of Paragraph 77. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 77 and its footnote(s).

78.     Defendants deny the first sentence of Paragraph 78. Defendants deny the second sentence of Paragraph 78, except that Defendants admit LiveRamp's Client-Side Tags are deployed via pixels that transmit the referral URL, as set by the website's referrer URL policy, and the date and time of the visit, and that websites can configure the Client-Side Tag to transmit other information such as page views, ad views, adding items to a cart, or completing a transaction. Defendants deny the allegations of the third sentence of Paragraph 78, except Defendants admit that any offline identifiers in the data are resolved to a RampID. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 78 and its footnote(s).

79.     Defendants deny the allegations of the first sentence of Paragraph 79. The second sentence of Paragraph 79 contains legal conclusions that require no response. To the extent any response to the second sentence is required, Defendants deny the allegations. Defendants deny the third sentence, except Defendants admit that event listeners can be portions of the JavaScript

code that "listen" for certain actions by the internet user, as determined by the entity that deploys the code. Defendants deny the fourth, fifth, and sixth sentences of Paragraph 79. The remaining sentences purport to quote an article published on LiveRamp's website. Defendants admit that the quoted language appears in the quoted article and respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 79 and its footnote(s).

80.    Defendants deny the allegations and conclusory characterizations of Paragraph 80. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 80 and its footnote(s).

81.    Paragraph 81 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 81. Further, to the extent that the allegations of Paragraph 81 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations of Paragraph 81.

82.    Defendants deny the allegations and conclusory characterizations of Paragraph 82. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

**B.    Through "Data Onboarding," and Identity Resolution, LiveRamp and Its Customers Target Class Members Wherever They Are in the Digital and Physical Worlds.**

83.    The first sentence of Paragraph 83 purports to quote from an article and media published on LiveRamp's website. Defendants admit that the quoted language appears in the quoted source and respectfully refer the Court to the article and media itself for its full context

and substance.  Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. The second, third, and fourth sentences of Paragraph 83 consist of a hypothetical factual scenario and Defendants deny them on that basis, except that Defendants admit that customers have the ability to upload files that contain identifiers to LiveRamp and subsequently specify a destination for advertising. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 83 and its footnote(s).

84.     The first, second, and third sentences of Paragraph 84 consist of a hypothetical factual scenario and Defendants deny them on that basis. Defendants admit that LiveRamp publicly lists names of companies with which it works in a directory and that LiveRamp's website states that LiveRamp can add more integrations on request. Defendants deny that the directory lists more than 500 advertiser destinations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 84 and its footnote(s).

85.     Defendants respond that LiveRamp has approximately 835 direct clients, although this number varies by quarter, and admits that LiveRamp has thousands of indirect clients. The second sentence of Paragraph 85 purports to quote from the article cited in footnote 70 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. To the extent that the allegations of Paragraph 85 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 85 and its footnote(s) (including the allegation that most of LiveRamp's clients are large players in the data and AdTech industry).

86.    Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 86. The second sentence of Paragraph 86 purports to describe the results of a study conducted by third parties. Defendants respectfully refer the Court to the study itself for the study's full context and substance. The third sentence of Paragraph 86 includes quotes from, and characterizations of, a graphic displayed in a marketing video published by LiveRamp on YouTube.com. Defendants admit that the video contains a graphic that contains the literal text quoted in Paragraph 86 but deny Plaintiffs' argumentative characterizations and respectfully refer the Court to the video itself for a statement of its content and context. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or completely characterizes the relevant conduct. Defendants otherwise deny the allegations and conclusory characterizations of the second sentence of Paragraph 86. To the extent that the allegations of Paragraph 86 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 86 and its footnote(s).

87.    Defendants deny the argumentative, vague, and conclusory allegations and characterizations of the first sentence of Paragraph 87. To the extent that the allegations of the first sentence of Paragraph 87 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. The second sentence and bullet points of Paragraph 87 purport to describe brochures available at the permalink in footnotes 74 and 75 of the FAC. Defendants respectfully refer the Court to the brochures themselves for their full context and substance. Defendants deny that Plaintiffs' descriptions are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants otherwise deny the allegations and conclusory characterizations of the second sentence and bullet points of Paragraph 87. Defendants affirmatively state that

1   LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants

2   deny the allegations and conclusory characterizations of Paragraph 87 and its footnote(s).

3       88.    To the extent Paragraph 88's reference to "these examples" incorporates

4   allegations from preceding paragraphs, LiveRamp incorporates its responses to those allegations

5   in response to Paragraph 88. Defendants affirmatively state that LiveRamp's products and

6   services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

7   conclusory characterizations of Paragraph 88.

8       **C.**    <u>**Through "Authenticated Traffic Solutions" or "ATS," LiveRamp  Enables**</u>

9   <u>**Privacy-Invasive "Real-Time Bidding" Based on Class  Members' Real-World Identities**</u>.

10      89.    Defendants deny the allegations and conclusory characterizations of Paragraph

11  89, except Defendants admit that LiveRamp can monetize ATS via the RampID through, for

12  example, the use of the RampID in Real-Time Bidding. Defendants affirmatively state that

13  LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants

14  deny the allegations and conclusory characterizations of Paragraph 89.

15      90.    Defendants admit ATS functions by converting the email addresses and phone

16  numbers into RampIDs, but otherwise deny the allegations and conclusory characterizations of

17  the first sentence of Paragraph 90. Defendants admit that when users provide email addresses

18  and/or phone numbers on websites that have deployed ATS.js, in a manner that triggers the

19  ATS.js as configured by that website, ATS transforms the identifier into a pseudonymous

20  RampID that is stored in an encrypted identity envelope in a privacy protective manner, but

21  otherwise deny the allegations and conclusory characterizations of the second sentence of

22  Paragraph 90. Defendants deny allegations and conclusory characterizations of the third sentence

23  of Paragraph 90, except that Defendants admit that the identity envelope containing an encrypted

24  RampIDs can be used in the Real-Time Bidding ecosystem. Defendants affirmatively state that

25  LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants

26  deny the allegations of Paragraph 90 and its footnote(s).

27      91.    Defendants admit that many advertisers use a process often referred to as "Real-

28  Time Bidding" to allocate advertising space. Defendants otherwise deny the allegations and

conclusory characterizations of Paragraph 91, except that Defendants admit that the source cited in footnote 77 of the FAC contains the language block-quoted in Paragraph 91. Defendants respectfully refer the Court to the article itself for the full context and substance of the article. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or completely characterizes the relevant conduct, including the characterization that Real Time Bidding is "the biggest illegal data breach ever recorded." Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 91 and its footnote(s).

92.     Defendants admit that when users provide email addresses and/or phone numbers on websites that have deployed ATS.js, in a manner that triggers the ATS.js as configured by that website, ATS can transform the identifier into a pseudonymous RampID that is stored in an encrypted identity envelope, and that the encrypted identity envelope can be used in Real-Time Bidding. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 92 and its footnote(s).

93.     Paragraph 93 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 93. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and

1   services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

2   conclusory characterizations of Paragraph 93.

3       **D.**   **Through Its Data Marketplace, LiveRamp Facilitates the Sale of Vast**
        **Amounts of Sensitive Personal Information About Consumers and**
4       **Facilitates the Construction of Detailed Consumer Profiles**.

5       94.     Paragraph 94 contains one or more legal conclusions as to which no response is

6   required. To the extent a response is deemed necessary, Defendants affirmatively state that

7   LiveRamp's products and services are privacy-centric. Except as expressly admitted,

8   Defendants deny the allegations and conclusory characterizations of Paragraph 94.

9       95.     Defendants deny the allegations and conclusory characterizations of Paragraph 95

10  except that Defendants admit that LiveRamp operates an online marketplace called Data

11  Marketplace, where some buyers and sellers transact for licenses to use data segments; that

12  LiveRamp issued the Form 10-K quoted in footnote 80 of the FAC; and that the Form 10-K

13  contains the language quoted in Paragraph 95. Defendants respectfully refer the Court to that

14  document itself for its full context and substance. Defendants deny that Plaintiffs' selective

15  quotations are complete or provide full context and deny Plaintiffs' characterization thereof.

16  Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except

17  as expressly admitted, Defendants deny the allegations and characterizations of Paragraph 95 and

18  its footnote(s).

19      96.     The first sentence of Paragraph 96 purports to quote an article published on

20  LiveRamp's website, cited in footnote 81 of the FAC. Defendants admit that the quoted language

21  appears in that article but respectfully refer the Court to that article itself for its full context and

22  substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full

23  context and deny Plaintiffs' characterization thereof. Defendants admit that LiveRamp publicly

24  lists names of entities that make available data on Data Marketplace in a directory. Defendants

25  affirmatively state that LiveRamp's products and services are privacy-centric. Except as

26  expressly admitted, Defendants deny the allegations and conclusory characterizations of

27  Paragraph 96 and its footnote(s).

28

97. Defendants respond that because LiveRamp acts solely as a data processor for segments on Data Marketplace, sellers are responsible for naming their segments and Defendants lack sufficient knowledge to admit or deny allegations relating to the contents of segments on the Data Marketplace or the data and methods from which they were constructed, and on that basis Defendants deny Paragraph 97. Additionally, as to footnote 83, Defendants deny knowledge or information sufficient to form a belief as to the authenticity or veracity of the spreadsheet cited in the footnote and on that basis denies the same. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 97 and its footnote(s).

98. Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 98. Defendants deny that all of the segments listed in Paragraph 98 were or are available on the Data Marketplace, and deny Plaintiffs' conclusory and argumentative characterizations of these segments. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 98 and its footnote(s).

99. Defendants admit that LiveRamp has a privacy review and approval process for Data Marketplace and that in many cases this process takes 1-2 days. Defendants deny Plaintiffs' characterization of that process and affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 99 and its footnote(s).

100. Defendants lack knowledge or information about what Plaintiffs find "impossible" and therefore deny the allegations of the first and third sentences of Paragraph 100. Defendants admit that LiveRamp has policies prohibiting certain segments, including those related to reproductive health and rights, pregnancy, and fertility. However, because LiveRamp acts solely as a data processor for segments on Data Marketplace, sellers on the Data Marketplace are responsible for naming their segments and Defendants lack sufficient knowledge to admit or deny allegations relating to the contents of segments on the Data Marketplace, and on that basis deny them. Defendants otherwise deny the allegations of the

second sentence of Paragraph 100. As to the third sentence of Paragraph 100, Defendants admit that LiveRamp blurs certain information from its publicly-available technical documentation to protect confidential and commercially sensitive information, but otherwise deny the third sentence of Paragraph 100. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 100 and its footnote(s).

101.    Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 101. The second sentence of Paragraph 101 purports to quote the document cited in footnote 90 of the FAC. Defendants admit that the quoted language appears in that document but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants admit that the current Data Marketplace Policy prohibits segments intended to target "[c]annabis/marijuana (THC, not CBD)." Defendants admit that some segments listed on Data Marketplace include segment names that reference marijuana. Because LiveRamp acts solely as a data processor for segments on Data Marketplace, Defendants lack sufficient knowledge to admit or deny allegations relating to the contents of segments on the Data Marketplace or data sources from which those segments were created and on that basis deny them, including that unspecified segments were created using "offline, PII-based cannabis-and-CBD transaction data." To the extent that the allegations of Paragraph 101 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 101 and its footnote(s).

102.    Defendants deny the allegations and conclusory characterizations of the first sentence of Paragraph 102, except that Defendants admit there are over 160 data sellers on the Data Marketplace. The second sentence of Paragraph 102 purports to quote a document cited in footnote 93 of the FAC. Defendants admit that the quoted language appears in that document but

respectfully refer the Court to that document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. The third sentence purports to quote a document cited in footnote 94 of the FAC. Defendants admit that the quoted language appears in that document but respectfully refer the Court to that document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. To the extent that the allegations of Paragraph 102 relate to third parties to this action, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 102 and its footnote(s).

103.    Paragraph 103 purports to describe the article cited in footnotes 95 and 96 of the FAC. Defendants respectfully refer the Court to that article itself for its full context and substance. Defendants otherwise lack sufficient knowledge to admit or deny the allegations of Paragraph 103 and on that basis deny them. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 103 and its footnote(s).

104.    Defendants deny the allegations of the first sentence of Paragraph 104. The second, third, and fourth sentences of Paragraph 104 purport to quote the article cited in footnotes 97 and 98 of the FAC. Defendants respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof, including Plaintiffs' characterization that LiveRamp sells segments on Data Marketplace. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 104 and its footnote(s).

105.    Defendants admit that LiveRamp publishes guidance to Data Marketplace sellers on how to comply with LiveRamp's Data Marketplace Data Policy, and that the permalink in

footnote 99 of the FAC links to a webpage on LiveRamp's website that includes some of this

guidance. Defendants admit that the cited webpage states, in part: "Descriptions should not

contain derogatory or embarrassing statements"; "Derogatory and embarrassing: This segment

contains consumers who are barely scraping by and are always borrowing money from friends

and family"; and "Not derogatory or embarrassing: This segment contains consumer who

are likely to borrow money." Except as expressly admitted, Defendants deny the allegations and

conclusory characterizations in Paragraph 105, including Plaintiffs' characterization of

LiveRamp's intentions in publishing policy guidance and the intended meaning of the guidance

quoted in Paragraph 105. Defendants affirmatively state that LiveRamp's products and services

are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

conclusory characterizations of Paragraph 105 and its footnote(s).

106.    The first sentence of Paragraph 106 purports to quote an article published on

LiveRamp's website, cited in footnote 100 of the FAC. Defendants admit the quoted language

appears in the cited source, but respectfully refer the Court to that article itself for its full context

and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full

context and deny Plaintiffs' characterization thereof (including Plaintiffs' addition of emphasis).

Regarding the second sentence, Defendants admit that some segments listed on Data

Marketplace include segment names that reference marijuana, but because LiveRamp acts solely

as a data processor for segments on Data Marketplace, sellers on the Data Marketplace are

responsible for naming their segments and Defendants lack sufficient knowledge to admit or

deny allegations relating to the contents of segments on the Data Marketplace and on that basis

deny them. Defendants affirmatively state that LiveRamp's products and services are privacy-

centric. Except as expressly admitted, Defendants deny the allegations and conclusory

characterizations of Paragraph 106 and its footnote(s).

107.    Defendants admit that LiveRamp's current Data Marketplace Data Policy

prohibits segments targeting certain health-related topics, including reproductive health and

rights, pregnancy, and fertility, sexually transmitted diseases, mental health-related conditions,

sexual orientation; conditions predominantly affecting or associated with children and not treated

1   with over-the-counter medicine, information describing any individual's known health or

2   medical condition(s), including Protected Health Information (PHI), and abortion. The second

3   sentence of Paragraph 107 purports to quote an article published on LiveRamp's website, cited in

4   footnote 103 of the FAC. Defendants admit the quoted language appear in the cited source, but

5   respectfully refer the Court to that article itself for its full context and substance. Defendants

6   deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'

7   characterization thereof. Regarding the third sentence, because LiveRamp acts solely as a data

8   processor for segments on Data Marketplace, sellers are responsible for naming their segments

9   and Defendants lack sufficient knowledge to admit or deny allegations relating to the contents of

10  segments on the Data Marketplace and on that basis deny them. Defendants affirmatively state

11  that LiveRamp's products and services are privacy-centric. Except as expressly admitted,

12  Defendants deny the allegations and conclusory characterizations of Paragraph 107 and its

13  footnote(s).

14          **E.      LiveRamp's "Third-Party Attribute Enrichment" Is a Uniquely Invasive and Comprehensive Form of Surveillance**.

15          108.    Defendants deny the allegations of Paragraph 108 and footnote 104 of the FAC,

16  including to the extent Plaintiffs intend to insinuate that LiveRamp changed the name of this

17  product as a result of Plaintiffs' original Complaint, except that Defendants admit that the

18  document cited in footnote 104 of the FAC appeared on the LiveRamp website and included the

19  literal text placed in quotation marks in Paragraph 108. Defendants respectfully refer the Court to

20  the article itself for the full context and substance of the article. Defendants deny that Plaintiffs'

21  selective quotations are complete or provide full context and deny Plaintiffs' characterization

22  thereof—including without limitation the characterizations that LiveRamp connects first-party

23  data to all the data available on Data Marketplace and that LiveRamp sells "access to all the

24  information about a particular, identifiable person available on Data Marketplace," neither of

25  which LiveRamp does. Defendants affirmatively state that LiveRamp's products and services are

26  privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory

27  characterizations of Paragraph 108 and its footnote(s).

28

109. Paragraph 109 purports to describe an article published on LiveRamp's website, cited in footnotes 108 and 109 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 109 and its footnote(s).

110. Defendants deny the allegations and conclusory characterizations of Paragraph 110.

111. Defendants admit LiveRamp generates revenue from the Data Marketplace through revenue-sharing arrangements with data owners that are monetizing their data assets on Data Marketplace. Defendants admit that LiveRamp generates over $100 million a year in total revenue from the Data Marketplace platform. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 111 and its footnote(s).

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations about their own knowledge/investigation or as to third parties and, on that basis, deny the allegations of the first and second sentences of Paragraph 112. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 112.

**F.      LiveRamp's Bespoke Data Products Consist of Content of Its Own Creation**

113. Defendants deny the allegations and conclusory characterizations of Paragraph 113. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

114. Defendants deny the allegations and conclusory characterizations of Paragraph 114. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

115. Defendants deny the allegations and conclusory characterizations of Paragraph 115. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

1    116.    Defendants deny the allegations and conclusory characterizations of Paragraph

2    116. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

3    117.    Defendants deny the allegations and conclusory characterizations of Paragraph

4    117. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

5    118.    Defendants admit that LiveRamp operates Data Marketplace and that LiveRamp

6    has on occasion called aspects of Data Marketplace an "ecosystem." Defendants admit that the

7    quoted language in footnote 113 of the FAC appears in the quoted source, and respectfully refer

8    the Court to the document itself for its full context and substance. Defendants deny that

9    Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'

10   characterization thereof. Defendants affirmatively state that LiveRamp's products and services

11   are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

12   conclusory characterizations of Paragraph 118 and its footnote(s).

13   119.    Defendants deny the allegations and conclusory characterizations of Paragraph

14   119. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

15   120.    Paragraph 120 purports to quote an article published on LiveRamp's website,

16   cited in footnote 114 of the FAC. Defendants admit that the quoted language appears in that

17   article but respectfully refer the Court to that article itself for its full context and substance.

18   Defendants deny that Plaintiffs' selective quotations are complete or provide full context and

19   deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's

20   products and services are privacy-centric. Except as expressly admitted, Defendants deny the

21   allegations and conclusory characterizations of Paragraph 120 and its footnote(s).

22   121.    Defendants deny the allegations and conclusory characterizations of Paragraph

23   121. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

24   122.    Paragraph 122 purports to quote an article published on LiveRamp's website,

25   cited in footnotes 115 and 116 of the FAC. Defendants admit that the quoted language appears in

26   that article but respectfully refer the Court to that article itself for its full context and substance.

27   Defendants deny that Plaintiffs' selective quotations are complete or provide full context and

28   deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's

products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 122 and its footnote(s).

123.    Defendants deny the allegations and conclusory characterizations of Paragraph 123, except that Defendants admit that LiveRamp bills certain clients for certain services and participates in data distribution at the direction of Data Marketplace buyers and sellers. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 123 and its footnote(s).

124.    Defendants deny the allegations and conclusory characterizations of Paragraph 124. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

125.    Defendants deny the allegations and conclusory characterizations of Paragraph 125, except that Defendants admit that LiveRamp issued the Form 10-K quoted in footnote 118 of the FAC and that the Form 10-K contains the language quoted in Paragraph 125. Defendants respectfully refer the Court to that document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof (including Plaintiffs' addition of emphasis). Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations of Paragraph 125 and its footnote(s).

126.    Defendants deny the allegations of the first and second sentences of Paragraph 126. Defendants admit that LiveRamp offers a product called "Advertiser Direct Solution," which provides content-neutral tools to allow advertisers to activate data segments on various advertising platforms and that this product is billed directly by LiveRamp pursuant to a separate agreement. Defendants further admit that, with the exception of the term "Twitter," the language quoted in the third, fourth, and fifth sentences of Paragraph 126 appears in the article published on LiveRamp's website and cited in footnotes 119, 120, and 121 of the FAC. Defendants respectfully refer the Court to that document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization of the thereof (including Plaintiffs' use of the phrase "For example").

1  Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except
2  as expressly admitted, Defendants deny the allegations and conclusory characterizations of
3  Paragraph 126 and its footnote(s).

4      127.    Defendants deny the allegations and conclusory characterizations of Paragraph
5  127. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

6      128.    Defendants deny the allegations of the first sentence of Paragraph 128. The
7  second and third sentences of Paragraph 128 purport to quote an article published on
8  LiveRamp's website, cited in footnote 122 of the FAC. The fourth and fifth sentences of
9  Paragraph 128 purport to quote a YouTube video, cited in footnotes 123 and 124 of the FAC.
10 Defendants admit that the quoted language appears in the cited sources, but respectfully refer the
11 Court to those sources themselves for their full context and substance. Defendants deny that
12 Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'
13 characterization thereof. Defendants affirmatively state that LiveRamp's products and services
14 are privacy-centric. Except as expressly admitted, Defendants deny the allegations and
15 conclusory characterizations of Paragraph 128 and its footnote(s).

16     129.    Defendants deny the allegations of the first sentence of Paragraph 129.
17 Defendants admit that Oracle halted its ad tech and data brokering business in late 2024 and that
18 this occurred after Oracle settled a lawsuit alleging privacy violations against Oracle. Defendants
19 lack sufficient knowledge to admit or deny the allegations of the third sentence of Paragraph 129
20 and footnote 126 of the FAC, which relate to the business offerings of another entity, and for that
21 reason deny the allegations, except that Defendants admit the quoted language in footnote 126 of
22 the FAC appears in the quoted source, and respectfully refer the Court to the source itself for its
23 full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or
24 provide full context and deny Plaintiffs' characterization thereof. The fourth and fifth sentences
25 purport to quote from an article published on LiveRamp's website, cited in footnotes 127 and
26 128 of the FAC. Defendants admit that the quoted language appears in the cited article, but
27 respectfully refer the Court to the article itself for its full context and substance. Defendants deny
28 that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs'

characterization thereof, including the implied assertions that LiveRamp creates content sold on Data Marketplace or that LiveRamp's offerings or services are identical to Oracle's. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 129 and its footnote(s).

130.    Defendants deny the allegations and conclusory characterizations of Paragraph 130, except that Defendants admit the quoted language appears in the article published on LiveRamp's website, cited in footnotes 129 and 130 of the FAC. Defendants respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof, including the characterization that LiveRamp creates content sold on Data Marketplace. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 130 and its footnote(s).

131.    Defendants deny the allegations and conclusory characterizations of Paragraph 131, except that Defendants admit the quoted language appears in the article published on LiveRamp's website, cited in footnote 131 of the FAC. Defendants respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof, including the characterization that LiveRamp creates content sold on Data Marketplace. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 131 and its footnote(s).

### G.    LiveRamp's Practices are Recognized as Highly Offensive and Threats to Individual Privacy.

132.    The first, eighth, and ninth sentences of Paragraph 132 are improperly argumentative (including referring to RapLeaf as "notoriously privacy-invasive company" and engaged in "privacy invasive" and "'creepy' practices") and Defendants therefore deny the

allegations of those sentences. The ninth sentence also contains legal conclusions to which no response is required. Defendants lack sufficient knowledge to admit or deny the allegations in the second, third, fourth, fifth, and sixth sentences, as they relate to entities other than LiveRamp, and thus deny them on that basis. The fourth sentence and footnote 135 of the FAC purport to quote from three articles, cited in footnotes 133 and 135 of the FAC. Defendants admit that the quotes appear in the quoted sources and respectfully refer the Court to the articles themselves itself for their full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. With respect to the seventh sentence, Defendants admit that RapLeaf created a data onboarding division named LiveRamp in 2011 and that the division was acquired by Acxiom in 2014. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 132 and its footnote(s).

133.     Defendants deny the first sentence of Paragraph 133. Defendants admit LiveRamp was privately held when it was acquired by Acxiom in 2014 for approximately $310 million. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 133 and its footnote(s).

134.     Defendants lack sufficient knowledge to admit or deny the allegations and conclusory characterizations of Paragraph 134 as they relate to entities other than Defendants and on that basis deny them. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 134 and its footnote(s).

135.     Defendants admit that in 2018, Acxiom reorganized into two business units, LiveRamp and Acxiom Marketing Solutions. Defendants admit LiveRamp received Acxiom's identity assets, including IdentityLink, AbiliTecID, and Acxiom's TV integrations. Defendants admit that RampID is the new term for IdentityLink. Paragraph 135 purports to quote from a document published on LiveRamp's website and cited in footnote 143 of the FAC. Defendants admit that the quote appears in the quoted source and respectfully refer the Court to the

document itself for its full context and substance. Defendants deny that Plaintiffs' selective

quotations are complete or provide full context and deny Plaintiffs' characterization thereof. To

the extent that the allegations of Paragraph 135 relate to third parties to this action, Defendants

deny knowledge or information sufficient to form a belief as to the truth of these allegations and,

therefore, deny the allegations. Except as expressly admitted, Defendants deny the allegations

and conclusory characterizations of Paragraph 135 and its footnote(s).

136. Defendants admit that, when Acxiom reorganized into two business units in 2018,

Acxiom Marketing Solutions (AMS) took on the company's remaining "Audience Solutions"

lines of business for data and data services and the company's marketing services. Defendants

admit Acxiom sold AMS to the Interpublic Group of Companies., Inc. in 2018. Defendants lack

sufficient knowledge to admit or deny the allegations of Paragraph 136 about the Interpublic

Group of Companies Inc. and on that basis deny them. Except as expressly admitted, Defendants

deny the allegations and conclusory characterizations of Paragraph 136 and its footnote(s)

(including the allegation that Acxiom was facing intensified regulatory scrutiny).

137. Paragraph 137 purports to quote an article, cited in footnotes 147 and 148 of the

FAC. Defendants admit that the quoted language appears in that article but respectfully refer the

Court to that article itself for its full context and substance. Defendants deny that Plaintiffs'

selective quotations are complete or provide full context and deny Plaintiffs' characterization

thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-

centric. Except as expressly admitted, Defendants deny the allegations and conclusory

characterizations of Paragraph 137 and its footnote(s).

138. Defendants lack sufficient knowledge of the source(s) cited in the first sentence of

Paragraph 138, which purports to quote the comments of then-FTC Commission Chairwoman

Edith Ramirez, to admit or deny those allegations and on that basis Defendants deny them. The

remaining allegations of the first sentence purport to describe the subjective mental states of

unidentified third parties, which is a topic on which Defendants lack sufficient knowledge and

facts to admit or deny, and on that basis Defendants deny those allegations. Defendants

affirmatively state that LiveRamp's products and services are privacy-centric. Except as

expressly admitted, Defendants deny the allegations and conclusory characterizations of
Paragraph 138 and its footnote(s).

139.    Defendants lack sufficient knowledge to admit or deny the allegations of the first
sentence of Paragraph 139, which purports to describe the subjective mental states of
unidentified third parties, and on that basis deny those allegations. The remainder of Paragraph
139 purports to describe an article, cited in footnotes 150, 151, and 152 of the FAC. Defendants
admit that the quoted language appears in that article but respectfully refer the Court to that
article itself for its full context and substance. Defendants deny that Plaintiffs' selective
quotations are complete or provide full context and deny Plaintiffs' characterization thereof.
Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except
as expressly admitted, Defendants deny the allegations and conclusory characterizations of
Paragraph 139 and its footnote(s).

140.    Paragraph 140 purports to quote from an article, cited in footnote 153 of the FAC.
Defendants admit that the quoted language appears in that article but respectfully refer the Court
to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective
quotations are complete or provide full context and deny Plaintiffs' characterization thereof.
Defendants deny that the quoted source accurately or completely characterizes the relevant
conduct, including the characterization that LiveRamp's products can be used for law
enforcement purposes. Defendants affirmatively state that LiveRamp's products and services are
privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory
characterizations of Paragraph 140 and its footnote(s).

141.    Defendants admit that two individual writers for Slate.com wrote an article
entitled the "Evil List" purporting to list companies that the authors viewed as the most evil and
that the article contains the quoted language. The list included Disney, IBM, Airbnb, Verizon,
Tesla, Apple, Uber, Amazon, and Alphabet (among others). Defendants deny that the quoted
source accurately or completely characterizes the relevant conduct, and expressly deny any
suggestion in the quoted source that LiveRamp's routine commercial conduct is somehow "evil"
or harmful. Defendants affirmatively state that LiveRamp's products and services are privacy-

1    centric. Except as expressly admitted, Defendants deny the allegations and conclusory

2    characterizations of Paragraph 141 and its footnote(s).

3        142.    Paragraph 142 purports to quote from an article, cited in footnotes 155 of the

4    FAC. Defendants admit that the quoted language appears in that article but respectfully refer the

5    Court to that article itself for its full context and substance. Defendants deny that Plaintiffs'

6    selective quotations are complete or provide full context and deny Plaintiffs' characterization

7    thereof. Defendants deny that the quoted source accurately or completely characterizes the

8    relevant conduct, including the characterization that LiveRamp constructs a "profile" about an

9    individual's "viability as a consumer." Defendants affirmatively state that LiveRamp's products

10    and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations

11    and conclusory characterizations of Paragraph 142 and its footnote(s).

12        143.    Defendants admit that LiveRamp offers, and markets itself as offering, privacy-

13    first, cookieless advertising solutions. To the extent that the allegations of the first sentence of

14    Paragraph 143 relate to third parties to this action, Defendants deny knowledge or information

15    sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

16    The second, third, and fourth sentences of Paragraph 143 purport to describe an article, cited in

17    footnotes 156, 157, and 158 of the FAC. Defendants admit that the quoted language appears in

18    that article but respectfully refer the Court to that article itself for its full context and substance.

19    Defendants deny that Plaintiffs' selective quotations are complete or provide full context and

20    deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or

21    completely characterizes the relevant conduct, including the characterizations that LiveRamp's

22    products "create persistent, identifiable connections." To the extent that the allegations of

23    Paragraph 142 relate to third parties to this action, Defendants deny knowledge or information

24    sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

25    Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except

26    as expressly admitted, Defendants deny the allegations and conclusory characterizations of

27    Paragraph 143 and its footnote(s).

28

144.    Defendants deny the first and sixth sentences of Paragraph 144. The second, third, fourth, and fifth sentences purport to describe an article, cited in footnotes 159, 160, 161, and 162 of the FAC. Defendants admit that the quoted language appears in that article but respectfully refer the Court to that article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 144 and its footnote(s).

145.    Defendants deny the allegations and conclusory characterizations of Paragraph 145, except that Defendants admit that the California Privacy Protection Agency published a Final Statement of Reasons associated with regulations in Title 11 of the California Code of Regulations—regulations that Defendants are not alleged to have violated—and that the Final Statement of Reasons includes the language that appears in quotes in Paragraph 145 and footnote 163 of the FAC. Defendants respectfully refer the Court to the Final Statement of Reasons itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 145 and footnote 163 of the FAC, including the characterization that the California Privacy Protection Agency "singled out LiveRamp's data collection and identity resolution

1   practices as particularly expansive." Defendants affirmatively state that LiveRamp's products

2   and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations

3   of Paragraph 145 and its footnote(s).

4       146.    Defendants lack sufficient knowledge of the source(s) cited in Paragraph 146,

5   which purports to quote a complaint the FTC filed against Avast in 2024, to admit or deny those

6   allegations and on that basis Defendants deny them. Defendants further lack sufficient

7   knowledge to admit or deny the accuracy of the allegations regarding Avast's business practices

8   and on that basis deny those allegations. Defendants affirmatively state that LiveRamp's

9   products and services are privacy-centric. Except as expressly admitted, Defendants deny the

10  allegations and conclusory characterizations of Paragraph 146.

11      147.    Defendants lack sufficient knowledge to admit or deny the accuracy of the FTC's

12  allegations regarding Avast's business practices and on that basis deny Paragraph 147.

13  Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except

14  as expressly admitted, Defendants deny the allegations and conclusory characterizations of

15  Paragraph 147 and its footnote(s).

16      148.    Defendants deny the allegations of the first sentence of Paragraph 148. The

17  remaining allegations of Paragraph 148 purport to quote statements by an entity called Open

18  Rights Group. Defendants admit that Open Rights Group submitted complaints about

19  LiveRamp's practices to the UK Information Commissioner's Office ("ICO") and the French

20  Commission Nationale de l'informatique et des Libertés ("CNIL"). Defendants admit that the

21  quoted language appears in articles cited in footnotes 165, 166, and 167 of the FAC, but

22  respectfully refer the Court to those articles themselves for their full context and substance.

23  Defendants deny that Plaintiffs' selective quotations are complete or provide full context and

24  deny Plaintiffs' characterization thereof. Defendants deny that the quoted source accurately or

25  completely characterizes LiveRamp's business, including that LiveRamp's practices are "more

26  intrusive and pervasive than previous adtech technologies" and that its technologies are

27  "dangerous." Defendants affirmatively state that LiveRamp's products and services are privacy-

28

1   centric. Except as expressly admitted, Defendants deny the allegations and conclusory

2   characterizations of Paragraph 148 and its footnote(s).

3          **H.    Effective Consent to LiveRamp's Practices is Impossible**.

4          149.    Paragraph 149 contains one or more legal conclusions to which no response is

5   required. To the extent any response is required, Defendants deny the argumentative, vague, and

6   conclusory allegations and characterizations of Paragraph 149. Defendants affirmatively state

7   that individuals have numerous options to opt out of the processing and sale of personal

8   information (including services that will submit these requests on behalf of the individual) and

9   that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what

10  extent information is collected and processed have been widely available. Defendants further

11  affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of

12  many other states, consumers have the right to opt-out (or opt-in, depending on the law and

13  applicable data category) to the processing and sale of their personally identifiable information

14  and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise

15  those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-

16  centric. Except as expressly admitted, Defendants deny the allegations and conclusory

17  characterizations of Paragraph 149.

18         150.    Defendants deny the argumentative, vague, and conclusory allegations and

19  characterizations of Paragraph 150. Further, Defendants affirmatively state that individuals have

20  numerous options to opt out of the processing and sale of personal information (including

21  services that will submit these requests on behalf of the individual) and that, since at least 2018,

22  tools such as browser extensions and plug-ins to modify how or to what extent information is

23  collected and processed have been widely available. Defendants further affirmatively state that

24  under the California and Oregon Consumer Privacy Acts, like those of many other

25  states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data

26  category) to the processing and sale of their personally identifiable information and, in

27  accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those

28  rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 150.

151.    Defendants deny the argumentative, vague, and conclusory allegations and characterizations in the first and third sentence of Paragraph 151. With respect to the second sentence, Defendants admit that in many cases LiveRamp does not have a direct relationship with consumers as defined by Cal. Civ. Code § 1798.99.80, but state that LiveRamp's customers and partners have such relationships and that users of the internet consent to LiveRamp's practices in a many different ways and that, in light of the ubiquity of privacy policies disclosing the collection and sale of data (among other sources), reasonable users of the internet cannot reasonably claim not to have been aware of and have consented to LiveRamp's practices. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 151.

152.    Paragraph 152 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 152 and specifically deny that LiveRamp creates "comprehensive identity profiles" or engages in "surveillance". Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 152.

153.    Defendants deny the argumentative, vague, and conclusory allegations and characterizations of the first sentence of Paragraph 153. The second sentence of Paragraph 153 purports to quote the Findings and Declarations of the California Privacy Rights Act (CPRA). Defendants admit that the quoted language appears in document cited in footnote 168 of the FAC, but respectfully refer the Court to that document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. With respect to the third sentence of Paragraph 153, Defendants admit that in many cases LiveRamp does not have a direct relationship with consumers as defined by Cal. Civ. Code § 1798.99.80, but state that LiveRamp's customers and partners have such relationships and that users of the internet consent to LiveRamp's practices in a many different ways and that, in light of the ubiquity of privacy policies disclosing the collection and sale of data (among other sources), reasonable users of the internet cannot reasonably claim not to have been aware of and have consented to LiveRamp's practices. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 153 and its footnote(s).

154.    Paragraph 154 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 154. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and

1   services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and

2   conclusory characterizations of Paragraph 154.

3        155.    Paragraph 155 contains one or more legal conclusions as to which no response is

4   required. To the extent a response is deemed necessary, Defendants deny the allegations and

5   characterizations of the first sentence of Paragraph 155. With respect to the second sentence of

6   Paragraph 155, Defendants admit that there are circumstances in which LiveRamp obtains

7   information related to individuals without having directly asked those individuals for consent but

8   deny that those individuals did not in fact consent to LiveRamp's receipt of the information.

9   LiveRamp otherwise deny the allegations in sentence two. With respect to sentences three

10  through six of Paragraph 155, Defendants admit that in many cases LiveRamp does not have a

11  direct relationship with consumers as defined by Cal. Civ. Code § 1798.99.80, but state that

12  LiveRamp's customers and partners have such relationships and that users of the internet consent

13  to LiveRamp's practices in a many different ways and that, in light of the ubiquity of privacy

14  policies disclosing the collection and sale of data (among other sources), reasonable users of the

15  internet cannot reasonably claim not to have been aware of and have consented to LiveRamp's

16  practices. Defendants affirmatively state that individuals have numerous options to opt out of the

17  processing and sale of personal information (including services that will submit these requests on

18  behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-

19  ins to modify how or to what extent information is collected and processed have been widely

20  available. Defendants further affirmatively state that under the California and Oregon Consumer

21  Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in,

22  depending on the law and applicable data category) to the processing and sale of their personally

23  identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for

24  consumers to exercise those rights. Defendants further admit that LiveRamp, Inc. is registered as

25  a data broker in California and that the quoted language in the third sentence appears in Cal. Civ.

26  Code § 1798.99.80, but otherwise deny the allegations of the third sentence of Paragraph 155.

27  Except as expressly admitted above, Defendants lack sufficient knowledge to admit or deny the

28  allegations of the fifth and sixth sentences of Paragraph 155 and on that basis deny them.

Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 155.

156.     Paragraph 156 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the first sentence of Paragraph 156. Defendants admit that LiveRamp publishes privacy policies on its website—along with other policies, notices, and disclosures not referenced in Paragraph 156—but otherwise deny the allegations and characterizations in the second sentence of Paragraph 156. Defendants deny the third sentence of Paragraph 156. With respect to the fourth sentence of Paragraph 156, Defendants admit that the privacy policy document cited in footnote 169 of the FAC does not include the precise term "Data Marketplace," but otherwise deny the allegation that it does not have published data policies or other disclosures relevant to the Data Marketplace. Defendants deny the remaining argumentative, vague, and conclusory allegations and characterizations of Paragraph 156, including the allegation that LiveRamp engages in "pervasive identity surveillance." Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 156 and its footnote(s).

157.     Defendants deny the argumentative, vague, and conclusory allegations and characterizations of the first and fourth sentences of Paragraph 157. As to the second sentence,

Defendants admit that that there are many websites that have privacy policies (or terms and conditions) that inform consumers that these websites track consumer behavior and share information about that behavior with third-parties for the purposes of ad delivery (among other purposes). These policies / terms and conditions plainly put consumers on notice that their interactions on the internet are not private. Defendants specifically deny the words "barrage" and "purported," which are argumentative. The third sentence purports to summarize findings of a study published some 17 years ago. Defendants deny Plaintiffs' characterization of these findings and lack information sufficient to form a belief as to the validity of these findings and on that basis deny the allegations of the third sentence. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 157 and its footnote(s).

158.     Paragraph 158 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations in the first sentence of Paragraph 158. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations about what happens on unidentified websites referenced in Paragraph 158 and on that basis deny the allegations of the second sentence of Paragraph 158. Defendants deny the allegations in the third sentence of Paragraph 158, including the allegation that LiveRamp assembles "comprehensive data profiles" based on "behavior tracking." Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-

centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 158 and its footnote(s).

159.    Paragraph 159 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations Paragraph 159, including the allegation that LiveRamp engages in "surveillance" and creates "comprehensive identity profiles." Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 159.

160.    Paragraph 160 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 160. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for

1  consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and
2  services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and
3  conclusory characterizations of Paragraph 160.

4       161.    Defendants deny the argumentative, vague, and conclusory allegations and
5  characterizations of Paragraph 161. Defendants affirmatively state that LiveRamp's products and
6  services are privacy-centric.

7       162.    Paragraph 162 contains one or more legal conclusions as to which no response is
8  required. To the extent a response is deemed necessary, Defendants deny the argumentative,
9  vague, and conclusory allegations and characterizations of Paragraph 162. Defendants
10  affirmatively state that individuals have numerous options to opt out of the processing and sale
11  of personal information (including services that will submit these requests on behalf of the
12  individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify
13  how or to what extent information is collected and processed have been widely available.
14  Defendants further affirmatively state that under the California and Oregon Consumer Privacy
15  Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending
16  on the law and applicable data category) to the processing and sale of their personally
17  identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for
18  consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and
19  services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and
20  conclusory characterizations of Paragraph 162.

21       163.    Defendants deny the argumentative, vague, and conclusory allegations and
22  characterizations of Paragraph 163. Defendants affirmatively state that individuals have
23  numerous options to opt out of the processing and sale of personal information (including
24  services that will submit these requests on behalf of the individual) and that, since at least 2018,
25  tools such as browser extensions and plug-ins to modify how or to what extent information is
26  collected and processed have been widely available. Defendants further affirmatively state that
27  under the California and Oregon Consumer Privacy Acts, like those of many other
28  states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data

category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 163.

## VIII.  CLASS ALLEGATIONS

164.    Paragraph 164 purports to contain Plaintiffs' putative class definitions to which no response is required. To the extent any response is necessary, Defendants deny the allegations of Paragraph 164.

165.    Paragraph 165 purports to contain Plaintiffs' putative class definitions to which no response is required. To the extent any response is necessary, Defendants deny the allegations of Paragraph 165.

166.    Paragraph 166 purports to contain Plaintiffs' reservation of rights regarding putative class definitions to which no response is required. To the extent any response is necessary, Defendants deny the allegations of Paragraph 166.

167.    Paragraph 167 contains one or more legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 167.

## IX.  CAUSES OF ACTION

### First Cause of Action
**Invasion of Privacy Under the California Constitution**
**(on behalf of the California Sub-Class)**

168.    Defendants reincorporate by reference all responses previously made herein.

169.    Paragraph 169 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that Article I, section 1 of the California Constitution includes the language that is quoted in the first two sentences of Paragraph 169 and respectfully refer the Court to that provision for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof, including Plaintiffs' inclusion of italics. As to the third sentence of

Paragraph 169, Defendants admit that the phrase "and privacy" was added in 1972 and adopted by California voters. Except as expressly admitted, Defendants deny the allegations and characterizations of Paragraph 169.

170.    Paragraph 170 contains statements of law and legal conclusions to which no response is required. To the extent any response is required, Defendants admit that in 1972 California voters approved a legislatively referred constitutional amendment designated as Proposition 11 which amended Article I, Section 1 of the California Constitution. Defendants admit that the language quoted in Paragraph 170 appears in the ballot argument document that is cited in footnote 172 of the FAC and respectfully refer the Court to the document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 170 and its footnote(s).

171.    Paragraph 171 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 171, except that Defendants admit the language quoted in the second sentence of Paragraph 171 appears in the document cited in footnote 173 of the FAC and respectfully refer the Court to the document itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 171 and its footnote(s) and expressly deny that LiveRamp contravenes the California Constitution, misuses information, and creates cradle-to-grave profiles of members of the putative class.

172.    Paragraph 172 includes one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants admit that in certain contexts, Plaintiffs and members of the California Sub-Class have a reasonable expectation of privacy in regard to some of the conduct they engage in, but deny that Defendants have in any way violated Plaintiffs' (or the absent class members') privacy rights. Defendants affirmatively

state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 172.

173.   Paragraph 173 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 173. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

174.   Paragraph 174 contains one or more legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of the first, second, and fourth sentences Paragraph 174. Defendants admit that LiveRamp has offline, online, and other pseudonymized information (such as names, postal addresses, phone numbers, email addresses, cookies, and mobile device IDs) stored separately in its offline and online that could be related to Plaintiff Riganian and the putative California Sub-Class members, but otherwise deny the allegations of the third sentence of Paragraph 174. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 174.

175.   Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 175. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

176.   Paragraph 176 contains one or more legal conclusions to which no response is required. To the extent any response is required, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 176. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and

applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 176.

177.    Defendants deny the allegations and conclusory characterizations of Paragraph 177. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

178.    Defendants admit that a handful of individuals have raised questions about purported LiveRamp practices, typically in a manner that betrays an incomplete or inaccurate understanding of what those practices actually entail. Defendants admit that a handful of individuals have raised questions about purported LiveRamp practices, typically in a manner that betrays an incomplete or inaccurate understanding of what those practices actually entail. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 178 (including the implicit claim that Plaintiffs have accurately described LiveRamp's business).

179.    Defendants deny the first sentence of Paragraph 179. As to the second sentence, Defendants admit that the language quoted in the FAC appears in the document cited in footnote 174 of the FAC which purports to be a letter signed by Senator Ron Wyden. The letter does not reference LiveRamp but instead concerns the sale of personal data by credit agencies. Defendants admit that the language quoted in the third sentence of Paragraph 179 appears in the document cited in footnote 175 of the FAC which purports to be a blog post on the website for the Federal Trade Commission. The blog post does not reference LiveRamp. Defendants respectfully refer the Court to the letter and blog post for the full context and substance of those materials. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 179. Defendants affirmatively state that LiveRamp's products and services are privacy-centric and its footnote(s).

1      180.    Paragraph 180 contains legal conclusions as to which no response is necessary.

2  To the extent a response is deemed necessary, Defendants deny the allegations and conclusory

3  characterizations of Paragraph 180. Defendants affirmatively state that LiveRamp's products and

4  services are privacy-centric.

5      181.    Paragraph 181 contains legal conclusions as to which no response is necessary.

6  To the extent a response is deemed necessary, Defendants deny the allegations and conclusory

7  characterizations of Paragraph 181. Defendants affirmatively state that LiveRamp's products and

8  services are privacy-centric.

9      182.    Paragraph 182 contains legal conclusions as to which no response is necessary.

10  To the extent a response is deemed necessary, Defendants deny the allegations and conclusory

11  characterizations of Paragraph 182. Defendants affirmatively state that LiveRamp's products and

12  services are privacy-centric.

13      183.    Paragraph 183 contains legal conclusions to which no response is required. To the

14  extent any response is necessary, Defendants deny the allegations and conclusory

15  characterizations of Paragraph 183. Defendants affirmatively state that individuals have

16  numerous options to opt out of the processing and sale of personal information (including

17  services that will submit these requests on behalf of the individual) and that, since at least 2018,

18  tools such as browser extensions and plug-ins to modify how or to what extent information is

19  collected and processed have been widely available. Defendants further affirmatively state that

20  under the California and Oregon Consumer Privacy Acts, like those of many other

21  states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data

22  category) to the processing and sale of their personally identifiable information and, in

23  accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those

24  rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

25  Except as expressly admitted, Defendants deny the allegations and conclusory characterizations

26  of Paragraph 183.

27      184.    Paragraph 184 contains legal conclusions to which no response is required. To the

28  extent any response is necessary, Defendants deny the allegations and conclusory

1  characterizations of Paragraph 184. Defendants affirmatively state that LiveRamp's products and

2  services are privacy-centric.

3      185.    Paragraph 185 contains legal conclusions to which no response is required. To the

4  extent any response is necessary, Defendants deny the allegations and conclusory

5  characterizations of Paragraph 185. Defendants affirmatively state that LiveRamp's products and

6  services are privacy-centric.

7

8                          **Second Cause of Action**
                 **Intrusion Upon Seclusion Under California Common Law**
9                       **(on behalf of the United States Class)**

10     186.    Defendants reincorporate by reference all responses previously made herein.

11     187.    Paragraph 187 contains legal conclusions to which no response is required. To the

12  extent any response is required, Defendants deny the allegations of Paragraph 187.

13     188.    Paragraph 188 contains statements of law to which no response is required. To the

14  extent any response is required, Defendants deny that the allegations of Paragraph 188 accurately

15  describe a plaintiff's burden when pursuing a claim for intrusion upon seclusion.

16     189.    Paragraph 189 contains legal conclusions as to which no response is necessary.

17  To the extent a response is deemed necessary, Defendants admit that in certain contexts,

18  Plaintiffs and members of the United States Class have a reasonable expectation of privacy, but

19  deny that they have in any way violated Plaintiffs' (or the absent putative class members')

20  privacy rights and deny the argumentative, vague, and conclusory allegations and

21  characterizations of Paragraph 189. Except as expressly admitted, Defendants deny the

22  allegations and conclusory characterizations of Paragraph 189.

23     190.    Paragraph 190 contains legal conclusions to which no response is required. To the

24  extent any response is necessary, Defendants deny the allegations and conclusory

25  characterizations of Paragraph 190. Defendants affirmatively state that LiveRamp's products and

26  services are privacy-centric.

27     191.    Paragraph 191 contains one or more legal conclusions to which no response is

28  required. To the extent any response is required, Defendants deny the allegations of the first,

second, and fourth sentences Paragraph 191. Defendants admit that LiveRamp has offline, online, and other pseudonymized identifiers (such as names, postal addresses, phone numbers, email addresses, cookies, and mobile device IDs), stored separately in its offline and online identity graphs that could be related to Plaintiffs and putative Class members, but otherwise deny the allegations of the third sentence of Paragraph 191. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 191.

192.    Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 192, except that Defendants admit LiveRamp may receive as a result of LiveRamp's licenses of data from other sources certain offline data about certain individuals, including Plaintiffs. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 192.

193.    Paragraph 193 contains one or more legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 193. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 193.

194.     Defendants deny the allegations and conclusory characterizations of Paragraph 194. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

195.     Defendants admit that a handful of individuals have asked questions about purported LiveRamp practices, typically in a manner that betrays an incomplete or inaccurate understanding of what those practices actually entail. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 195 (including the implicit claim that Plaintiffs have accurately described LiveRamp's business).

196.     Defendants deny the first sentence of Paragraph 196. As to the second sentence, Defendants admit that the language quoted in the FAC appears in the document cited in footnote 176 of the FAC which purports to be a letter signed by Senator Ron Wyden. The letter does not reference LiveRamp. Defendants admit that the language quoted in the third sentence of Paragraph 196 appears in the document cited in footnote 177 of the FAC which purports to be a blog post on the website for the Federal Trade Commission. The blog post does not reference LiveRamp. Defendants respectfully refer the Court to the letter and blog post for the full context and substance of those materials. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 196 and its footnote(s).

197.     Paragraph 197 includes legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 197. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

198.     Paragraph 198 includes legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 198. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

199.    Defendants deny the allegations and conclusory characterizations of Paragraph 199. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

200.    Paragraph 200 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 200. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

201.    Paragraph 201 contains allegations about the relief that Plaintiffs purport to seek, allegations to which no response is required. To the extent a response is required, Defendants deny allegations and conclusory characterizations of Paragraph 201, including that Plaintiffs are entitled to any relief. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

202.    The first and second sentence Paragraph 202 contains allegations about the relief that Plaintiffs purport to seek, allegations to which no response is required. To the extent a response is required, Defendants deny allegations of the first sentence of Paragraph 202. The second and third sentences of Paragraph 202 contain legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in those sentences. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 202, including that Plaintiffs are entitled to any relief.

203.    The first sentence Paragraph 203 contains allegations about the relief that Plaintiffs purport to seek, allegations to which no response is required. To the extent a response is required, Defendants deny allegations of the first sentence of Paragraph 203. The second and fourth sentences of Paragraph 203 state legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in the second and fourth sentence. Defendants deny the allegations in the third sentence of Paragraph 203. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 203, including that Plaintiffs are entitled to any relief.

204.     The first sentence of Paragraph 204 purports to summarize Professor Miller's work.  Defendants respectfully refer the Court to that work for the full context and content of that work and otherwise deny Plaintiffs' characterization of his conclusions. The second sentence Paragraph 204 contains allegations about Plaintiffs' goals and objectives, allegations to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 204 and its footnote(s).

### Third Cause of Action
**Violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630 to 638**
**(on behalf of the ECPA and CIPA Sub-Class)**

205.     Defendants reincorporate by reference all responses previously made herein.

206.     Paragraph 206 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that Cal. Penal Code § 630 includes the language that is quoted in the second sentence of Paragraph 206 and respectfully refer the Court to that provision for its full context and substance.  Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof, including Plaintiffs' inclusion of emphasis. Except as expressly admitted, Defendants deny the allegations and characterizations of Paragraph 206.

**California Penal Code § 631**

207.     Paragraph 207 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that Cal. Penal Code § 631(a) includes the language that is quoted in the first and second sentences of Paragraph 207 and respectfully refer the Court to that provision for its full context and substance. Regarding the third sentence, Defendants admit the quoted language appears in *Flanagan v. Flanagan*, 27 Cal. 4th 766, 769, 41 P.3d 575, 577 (2002) and respectfully refer the Court to that decision for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization of the cited statute and court decision, including

1   Plaintiffs' use of italics of emphasis. Except as expressly admitted, Defendants deny the

2   allegations and characterizations of Paragraph 207.

3       208.    Paragraph 208 purports to quote the document cited in footnote 179 of the FAC.

4   Defendants admit that the quoted language appears in that document but respectfully refer the

5   Court to the document itself for its full context and substance. Defendants deny that Plaintiffs'

6   selective quotations are complete or provide full context and deny Plaintiffs' characterization

7   thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 208 and its

8   footnote(s).

9       209.    Paragraph 209 contains one or more legal conclusions as to which no response is

10  required. To the extent a response is deemed necessary, Defendants deny the first and fifth

11  sentence of Paragraph 209. Defendants deny the second and third sentences of Paragraph 209

12  except that Defendants admit LiveRamp's Client-Side Tags are deployed via pixels that transmit

13  the referral URL, as set by the website's referrer URL policy, and the date and time of the visit,

14  and that websites can configure the Client-Side Tag to transmit other information such as page

15  views, ad views, adding items to cart, or completing a transaction. Defendants deny the

16  allegations of the fourth sentence of Paragraph 209, except Defendants admit that any offline

17  identifiers in the data are resolved to a RampID. Defendants affirmatively state that LiveRamp's

18  products and services are privacy-centric. Except as expressly admitted, Defendants deny the

19  allegations and conclusory characterizations of Paragraph 209 and its footnote(s).

20      210.    Paragraph 210 contains one or more legal conclusions as to which no response is

21  required. To the extent a response is deemed necessary, Defendants deny the argumentative,

22  vague, and conclusory allegations and characterizations of Paragraph 210. Defendants

23  affirmatively state that LiveRamp's products and services are privacy-centric. Except as

24  expressly admitted, Defendants deny the allegations and conclusory characterizations of

25  Paragraph 210.

26      211.    Defendants deny the allegations and conclusory characterizations of Paragraph

27  211. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

28

212.     Defendants deny the allegations of Paragraph 212, except that the first and penultimate sentences of Paragraph 212 contain legal conclusions about a hypothetical situation to which no response is required. To the extent a response is required, Defendants deny the allegations and conclusory characterizations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

213.     Defendants deny the allegations and conclusory characterizations of Paragraph 213. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

214.     Paragraph 214 contains multiple legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 214 and its footnote(s). Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

215.     Defendants deny the allegations and conclusory characterizations of Paragraph 215. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

216.     Defendants deny the allegations of Paragraph 216, except that Defendants admit that the language quoted in footnote 184 of the FAC, which purports to quote from a document published on LiveRamp's website, appears in the quoted document. Defendants respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 216 and its footnote(s).

217.     Defendants deny the allegations and conclusory characterizations of Paragraph 217. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

218.     Paragraph 218 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 218. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018,

tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 218.

219.    Defendants deny the allegations and conclusory characterizations of Paragraph 219, except that the penultimate sentence of Paragraph 219 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

220.    Defendants deny the allegations and conclusory characterizations of Paragraph 220. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

221.    Paragraph 221 contains legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 221. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

222.    Paragraph 222 contains legal conclusions as to which no response is required. To the extent any response is necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 222. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

223.    Paragraph 223 contains legal conclusions and provides a statement of relief sought by Plaintiffs, as to which no response is required. To the extent any response is necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 223. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

**California Penal Code § 638.51**

224.     Paragraph 224 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that Cal. Penal Code § 638.50(b) states in part that "[p]en register" means "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Except as expressly admitted, Defendants deny the allegations and characterizations of Paragraph 224.

225.     Paragraph 225 contains statements of law to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 225, which fail to account for (among other things) statutory exceptions that permit the use of pen registers without court order under various enumerated circumstances.

226.     Paragraph 226 contains statements of law to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 226.

227.     Paragraph 227 contains one or more legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 227. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

228.     Defendants admit that Defendants do not have a court order authorizing the installation of a "pen register," but deny that they operate a pen register or that a court order is required for any of their operations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 228

229.     Defendants deny the allegations and conclusory characterizations of Paragraph 229. Further, Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-

out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 229.

230.    Paragraph 230 contains legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 230. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

<div align="center">

**Fourth Cause of Action**
**Violation of the Federal Wiretap Act, 18 U.S.C. § 2510, et. seq.**
**(on behalf of the ECPA and CIPA Sub-Class)**

</div>

231.    Defendants reincorporate by reference all responses previously made herein.

232.    Paragraph 232 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that 18 U.S.C. § 2511 states in part "(1) Except as otherwise specifically provided in this chapter any person who—(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication … shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)." Except as expressly admitted, Defendants deny the allegations of Paragraph 232.

233.    Paragraph 233 contains statements of law to which no response is required. To the extent any response is required, Defendants admit in response to the first sentence of Paragraph 233 that some courts have construed certain provisions in the Wiretap Act to cover the interception of certain types of internet communications but otherwise deny the allegations in the first sentence. As to the second sentence of Paragraph 233, Defendants admit that the quoted language appears in the document cited in footnote 185 of the FAC but deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. As to the third sentence of Paragraph 233, Defendants admit that the quoted language

appears in the document cited in footnote 186 of the FAC but deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants lack information and knowledge sufficient to admit or deny the fourth sentence of Paragraph 233 and on that basis deny. As to the fourth sentence of Paragraph 233, Defendants admit that the quoted language appears in the document cited in footnote 187 of the FAC but deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants respectfully refer the Court to the documents themselves for their full context and substance. Except as expressly admitted, Defendants deny the allegations of Paragraph 233 and its footnote(s).

234.   Paragraph 234 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that 18 U.S.C. § 2520(a) states "Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." Except as expressly admitted, Defendants deny the allegations of Paragraph 234.

235.   Defendants deny the allegations and conclusory characterizations of Paragraph 235. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

236.   Defendants deny the allegations and conclusory characterizations of Paragraph 236. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

237.   Defendants deny the allegations and conclusory characterizations of Paragraph 237. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

238.   Paragraph 238 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 238. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

239.   Defendants deny the allegations of Paragraph 239, except that the first and penultimate sentences of Paragraph 239 contain legal conclusions about a hypothetical situation

to which no response is required. To the extent a response is required, Defendants deny the allegations and conclusory characterizations. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

240.    Defendants deny the allegations and conclusory characterizations of Paragraph 240, except that Defendants admit that the language quoted in footnote 188 of the FAC, which purports to quote from a document published on LiveRamp's website, appears in the quoted document. Defendants respectfully refer the Court to the article itself for its full context and substance. Defendants deny that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 240 and its footnote(s).

241.    Paragraph 241 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 241. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 241.

242.    Defendants deny the allegations and conclusory characterizations of Paragraph 242. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

243.    Defendants admit that when users provide email addresses and/or phone numbers on websites that have deployed ATS.js, in a manner that triggers the ATS.js as configured by that website, ATS may transform the identifier into a pseudonymous RampID that is stored in an encrypted identity envelope, and that the encrypted envelope can be used in Real-Time Bidding. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 243

244.    Paragraph 244 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 244. Further, Defendants

affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 244.

245.    Defendants lack knowledge and information sufficient to admit or deny the conclusions reached by the security researchers referenced in Paragraph 245 and on that basis deny the allegations and conclusory characterizations of Paragraph 245 and its footnote(s). Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

246.    Defendants deny the allegations and conclusory characterizations of Paragraph 246. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

247.    Paragraph 247 contains legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 247. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

248.    Paragraph 248 contains one or more legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 248. Defendants affirmatively state that LiveRamp's products and services are privacy-centric

249.    Paragraph 249 contains one or more legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations of Paragraph 249.

1    250.    Paragraph 250 contains one or more legal conclusions to which no response is

2    required. To the extent any response is necessary, Defendants deny the allegations of Paragraph

3    250.

4    251.    Paragraph 251 contains one or more legal conclusions to which no response is

5    required. To the extent a response is necessary, Defendants deny the allegations and conclusory

6    characterizations of Paragraph 251. Defendants affirmatively state that LiveRamp's products and

7    services are privacy-centric.

8    252.    Defendants deny the allegations and conclusory characterizations of Paragraph

9    252. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

10    253.    Paragraph 253 contains one or more legal conclusions to which no response is

11    required. To the extent a response is necessary, Defendants deny the allegations and conclusory

12    characterizations of Paragraph 253. Defendants affirmatively state that LiveRamp's products and

13    services are privacy-centric.

14    254.    Defendants deny the allegations and conclusory characterizations of Paragraph

15    254. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

16    255.    Paragraph 255 contains legal conclusions to which no response is required. To the

17    extent any response is necessary, Defendants deny the allegations and conclusory

18    characterizations of Paragraph 255. Defendants expressly deny the implied assertions that

19    LiveRamp compiles "dossiers" or enriches them with contents of intercepted, or that LiveRamp

20    uses the contents of intercepted communications to create "profiles" or make those profiles

21    available through RampIDs or Data Marketplace. Defendants affirmatively state that

22    LiveRamp's products and services are privacy-centric.

23    256.    Paragraph 256 contains statements of law to which no response is required. To the

24    extent any response is necessary, Defendants deny the allegations and conclusory

25    characterizations of Paragraph 256. Defendants affirmatively state that LiveRamp's products and

26    services are privacy-centric.

27    257.    Paragraph 257 contains legal conclusions to which no response is required. To the

28    extent any response is necessary, Defendants deny the allegations and conclusory

characterizations of Paragraph 257. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

258.    Paragraph 258 contains legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 258. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

<div align="center">

**Fifth Cause of Action**
**Unjust Enrichment under California Common Law**
**(on behalf of the United States Class, or in the alternative on behalf of the California Sub-Class)**

</div>

259.    Defendants reincorporate by reference all responses previously made herein.

260.    Paragraph 260 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 260.

261.    Paragraph 261 purports to contain Plaintiffs' claim for relief to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 261.

262.    Paragraph 262 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the argumentative, vague, and conclusory allegations and characterizations of Paragraph 262. Defendants affirmatively state that individuals have numerous options to opt out of the processing and sale of personal information (including services that will submit these requests on behalf of the individual) and that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what extent information is collected and processed have been widely available. Defendants further affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of many other states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data category) to the processing and sale of their personally identifiable information and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those rights. Defendants affirmatively state that LiveRamp's products and

services are privacy-centric. Except as expressly admitted, Defendants deny the allegations and conclusory characterizations of Paragraph 262.

263.    Defendants deny the allegations and conclusory characterizations of Paragraph 263. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

264.    Paragraph 264 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 264. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

265.    Paragraph 265 contains one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and conclusory characterizations of Paragraph 265. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

266.    Paragraph 266 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 266. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

267.    Paragraph 267 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations and conclusory characterizations of Paragraph 267. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

268.    Paragraph 268 contains statements of law to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 268.

269.    Paragraph 269 contains statements of law to which no response is required. To the extent any response is required, Defendants admit that the cited comment from the Restatement (Third) of Restitution and Unjust Enrichment (2011) contains the quoted text. Except as expressly admitted, Defendants deny the allegations of Paragraph 269.

1    270.    Paragraph 270 contains statements of law to which no response is required. To the

2    extent any response is required, Defendants admit that the cited comment from the Restatement

3    (Third) of Restitution and Unjust Enrichment (2011) contains the quoted text. Except as

4    expressly admitted, Defendants deny the allegations of Paragraph 270.

5    271.    Paragraph 271 contains statements of law to which no response is required. To the

6    extent any response is required, Defendants deny the allegations of Paragraph 271.

7    272.    Paragraph 272 contains legal conclusions to which no response is required. To the

8    extent any response is required, Defendants deny the allegations and conclusory

9    characterizations of Paragraph 272. Defendants affirmatively state that LiveRamp's products and

10   services are privacy-centric.

11   273.    Paragraph 273 contains one or more legal conclusions to which no response is

12   required. To the extent any response is required, Defendants deny the argumentative, vague, and

13   conclusory allegations and characterizations of Paragraph 273. Defendants affirmatively state

14   that individuals have numerous options to opt out of the processing and sale of personal

15   information (including services that will submit these requests on behalf of the individual) and

16   that, since at least 2018, tools such as browser extensions and plug-ins to modify how or to what

17   extent information is collected and processed have been widely available. Defendants further

18   affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of

19   many other states, consumers have the right to opt-out (or opt-in, depending on the law and

20   applicable data category) to the processing and sale of their personally identifiable information

21   and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise

22   those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-

23   centric. Except as expressly admitted, Defendants deny the allegations and conclusory

24   characterizations of Paragraph 273.

25   274.    Paragraph 274 contains legal conclusions to which no response is required. To the

26   extent any response is required, Defendants deny the argumentative, vague, and conclusory

27   allegations and characterizations of Paragraph 274. Defendants affirmatively state that

28   individuals have numerous options to opt out of the processing and sale of personal information

1    (including services that will submit these requests on behalf of the individual) and that, since at

2    least 2018, tools such as browser extensions and plug-ins to modify how or to what extent

3    information is collected and processed have been widely available. Defendants further

4    affirmatively state that under the California and Oregon Consumer Privacy Acts, like those of

5    many other states, consumers have the right to opt-out (or opt-in, depending on the law and

6    applicable data category) to the processing and sale of their personally identifiable information

7    and, in accordance with the laws, LiveRamp provides mechanisms for consumers to exercise

8    those rights. Defendants affirmatively state that LiveRamp's products and services are privacy-

9    centric. Except as expressly admitted, Defendants deny the allegations and conclusory

10   characterizations of Paragraph 274.

11          275.    Defendants deny the allegations and conclusory characterizations of Paragraph

12   275. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

13          276.    Defendants deny the allegations and conclusory characterizations of Paragraph

14   276. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

15

16                          **Sixth Cause of Action**
                **Declaratory Judgment that LiveRamp Wrongfully Accessed, Collected,**
17   **Stored, Disclosed, Sold, and Otherwise Improperly Used Plaintiffs' Personal**
                        **Information and Injunctive Relief**
18                           **(on behalf of all Classes)**

19          277.    No response to Paragraph 277 is required because Plaintiffs' Sixth Cause of

20   Action was dismissed in the Court's Order dated July 18, 2025, Dkt. 60. To the extent any

21   response is required, Defendants deny the allegations of Paragraph 277.

22          278.    No response to Paragraph 278 is required because Plaintiffs' Sixth Cause of

23   Action was dismissed in the Court's Order dated July 18, 2025, Dkt. 60. Further, Paragraph 278

24   contains one or more legal conclusions as to which no response is required. To the extent any

25   response is required, Defendants deny the argumentative, vague, and conclusory allegations and

26   characterizations of Paragraph 278. Defendants affirmatively state that individuals have

27   numerous options to opt out of the processing and sale of personal information (including

28   services that will submit these requests on behalf of the individual) and that, since at least 2018,

1   tools such as browser extensions and plug-ins to modify how or to what extent information is

2   collected and processed have been widely available. Defendants further affirmatively state that

3   under the California and Oregon Consumer Privacy Acts, like those of many other

4   states, consumers have the right to opt-out (or opt-in, depending on the law and applicable data

5   category) to the processing and sale of their personally identifiable information and, in

6   accordance with the laws, LiveRamp provides mechanisms for consumers to exercise those

7   rights. Defendants affirmatively state that LiveRamp's products and services are privacy-centric.

8   Except as expressly admitted, Defendants deny the allegations and conclusory characterizations

9   of Paragraph 278.

10          279.    No response to Paragraph 279 is required because Plaintiffs' Sixth Cause of

11   Action was dismissed in the Court's Order dated July 18, 2025, Dkt. 60. To the extent any

12   response is required, Paragraph 279 contains legal conclusions to which no response is required.

13   Defendants affirmatively state that LiveRamp's products and services are privacy-centric. Except

14   as expressly admitted, Defendants deny the allegations and conclusory characterizations of

15   Paragraph 279.

16          280.    No response to Paragraph 280 is required because Plaintiffs' Sixth Cause of

17   Action was dismissed in the Court's Order dated July 18, 2025, Dkt. 60. To the extent any

18   response is required, Defendants deny the allegations of Paragraph 280.

19   **X.      PRAYER FOR RELIEF**

20          281.    Defendants deny that Plaintiffs are entitled to any of the relief they have requested

21   in the First Amended Complaint. Whereas, Defendants respectfully request the following relief:

22

23

24

25

26

27

28

1           1.      That Plaintiffs take nothing by way of their complaint;

2           2.      That no class be certified in this action;

3           3.      That judgment be entered in favor of Defendants, denying Plaintiffs'

4                  prayers for relief and claims with prejudice;

5           4.      That Defendants be awarded their costs of suit, including reasonable

6                  attorney's fees; and

7           5.      That the Court award Defendants such other and further relief as the Court

8                  deems just and proper.

9

10 **XI.**     **DEMAND FOR JURY TRIAL**

11       282.     Defendants demand a trial by jury of all issues so triable.

12 **XII.**     **AFFIRMATIVE DEFENSES**

13       283.     Defendants assert the following affirmative defenses to Plaintiffs' First Amended

14 Complaint and each claim therein. Defendants also reserve all defenses available under the

15 Federal Rules of Civil Procedure and the laws of the State of California, and any other defenses,

16 at law or in equity, that may now exist or in the future be available based on discovery and

17 further factual investigation in this case. By setting forth these affirmative defenses, Defendants

18 do not assume the burden of proving any fact, issue, or element of a cause of action where such

19 burden properly belongs to Plaintiffs. Nothing herein is intended or shall be construed as an

20 admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

21        As separate and distinct affirmative defenses, Defendants allege as follows:

22                          **First Affirmative Defense**

23                               **(Consent)**

24       284.     Plaintiffs' and putative class members' claims are barred, in whole or in part,

25 because of users' consent to, or authorization of, Defendants' alleged conduct either by

26 affirmative consent to websites' privacy policies or by their continued use of those websites with

27 actual or constructive notice that the alleged conduct was occurring. The alleged practices at

28 issue in the FAC have been broadly covered and subject to extensive public commentary, as

reflected in (among other things) the various news stories, government documents, and other materials cited throughout the FAC. Yet Plaintiffs and putative class members continued to visit those websites even though they could have changed their Internet browsing behavior, adjusted their cookie or privacy settings, exercised their rights under operative privacy statutes (including their rights to opt-out or delete data), or taken any number of other steps to address their alleged harm from the alleged conduct. By choosing to visit the relevant websites, Plaintiffs and putative class members further gave implied consent to the collection of information about their visit in the manner provided by the website.

<div align="center">

**Second Affirmative Defense**

**(Waiver)**

</div>

285.    Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of waiver. Plaintiffs and putative class members visited and continued to visit the relevant websites knowing that those websites collected information about those visits that was shared with third parties like Defendants. These alleged practices have been broadly covered and subject to extensive public commentary, as reflected in (among other things) the various news stories, government documents, and other materials cited throughout the FAC. Yet Plaintiffs and putative class members continued to visit those websites even though they could have changed their Internet browsing behavior, adjusted their cookie or privacy settings, exercised their rights under operative privacy statutes (including their rights to opt-out or delete data), or taken any number of other steps to address their alleged harm from the alleged conduct. In so doing, Plaintiffs and putative class members waived any claims associated with the alleged collection or use of information about their visits to those websites.

<div align="center">

**Third Affirmative Defense**

**(Laches)**

</div>

286.    Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of laches. Plaintiffs and putative class members have used the internet for years, browsing websites with knowledge that the websites they visited were collecting information about those visits and sharing that information with third parties like Defendants. The alleged

1   practices at issue in the FAC have been broadly covered and subject to extensive public

2   commentary, as reflected in (among other things) the various news stories, government

3   documents, and other materials cited throughout the FAC. Yet Plaintiffs and putative class

4   members have waited years to take any action on those facts.

5   <div align="center">**Fourth Affirmative Defense**</div>

6   <div align="center">**(Estoppel)**</div>

7         287.   Plaintiffs' and putative class members' claims are barred, in whole or in part, by

8   the doctrine of estoppel. Plaintiffs and putative class members have used the internet for years,

9   browsing websites with knowledge that the websites they visited were collecting information

10   about those visits and sharing that information with third parties like Defendants. The alleged

11   practices at issue in the FAC have been broadly covered and subject to extensive public

12   commentary, as reflected in (among other things) the various news stories, government

13   documents, and other materials cited throughout the FAC. Yet Plaintiffs and putative class

14   members continued to visit those websites even though they could have changed their Internet

15   browsing behavior, adjusted their cookie or privacy settings, exercised their rights under

16   operative privacy statutes (including their rights to opt-out or delete data), or taken any number

17   of other steps to address their alleged harm from the alleged conduct. The operators of those

18   websites and Defendants reasonably relied on Plaintiffs' and putative class members' behavior to

19   the extent they engaged in the conduct alleged.

20   <div align="center">**Fifth Affirmative Defense**</div>

21   <div align="center">**(Failure to Mitigate)**</div>

22         288.   Plaintiffs' and putative class members' claims are barred, in whole or in part, to

23   the extent they failed to mitigate damages, if they suffered any. Plaintiffs and putative class

24   members have used the internet for years, browsing websites with knowledge that the websites

25   they visited were collecting information about those visits and sharing that information with third

26   parties like Defendants. The alleged practices at issue in the FAC have been broadly covered and

27   subject to extensive public commentary, as reflected in (among other things) the various news

28   stories, government documents, and other materials cited throughout the FAC. Yet Plaintiffs and

putative class members continued to visit those websites even though they could have changed

their Internet browsing behavior. Plaintiffs and putative class members could have used any

number of tools available to them to prevent the information being collected by these websites of

which they complain, including browser plugins that alert them to such data collection and block

it.

<div align="center">

**Sixth Affirmative Defense**

**(Justification)**

</div>

289.    To the extent Defendants engaged in any of the acts alleged by Plaintiffs and

putative class members, Defendants were justified in doing so because Plaintiffs and putative

class members visited the websites at issue and requested to experience those websites in the

way they were programmed with all of the benefits that come with that. One of those benefits is

that the website would share information about the visit in a way that would allow the website to

improve its functionality and enable users to be shown ads and marketing that were of greater

value to users than the ads and marketing they would have otherwise experienced. Another

benefit is that users received free access to ad-support content on the websites that users

otherwise would have needed to pay to access. Plaintiffs and putative class members could not

have experienced this benefit unless certain details about their visit were shared with Defendants.

<div align="center">

**Seventh Affirmative Defense**

**(Section 230 of the Communications Decency Act)**

</div>

290.    Plaintiffs' and putative class members' claims are barred, in whole or in part, by

the Communications Decency Act, 47 U.S.C. § 230(c)(1). Courts interpret Section 230 as barring

"a panoply of torts," including invasion of privacy. *Asia Econ. Inst. v. Xcentric Ventures LLC*,

2011 WL 2469822, at *7 (C.D. Cal. May 4, 2011). Section 230 immunity applies if (1) the

defendant is a provider of an "interactive computer service," and (2) the claim seeks to hold the

defendant liable as a "publisher or speaker" of (3) content provided by someone else. *Dyroff v.*

*Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019). Defendants are providers of

an interactive computer service. Thus, to the extent Plaintiffs' and the putative class members'

claims seek to hold Defendants liable as a speaker or publisher of content provided by someone

else—including the contents or descriptions of segments sold by third parties on Data Marketplace or through other means—Section 230 bars those claims. Section 230 likewise bars any claim that seeks to hold Defendants liable for the representations made by the relevant websites visited by Plaintiffs and putative class members, including representations about what information was or was not collected about Plaintiffs' and putative class members' visits to those websites.

### Eighth Affirmative Defense

### (Protected Activity)

291.    Plaintiffs' and putative class members' claims are barred, in whole or in part, because they seek to hold Defendants liable for engaging in protected activity under the First Amendment to the United States Constitution and similar provisions of state constitutions, including under Article I, Section 2 of the California Constitution, including the creation and dissemination of information. *See, e.g.*, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011) ("This Court has held that the creation and dissemination of information are speech within the meaning of the First Amendment."). The Supreme Court has explained, for instance, that because "[f]acts … are the beginning point" for speech, "[t]here is … a strong argument that [identifying information collected from pharmaceutical records] is speech for First Amendment purposes." *Id.*

### Ninth Affirmative Defense

### (Standing)

292.    Plaintiffs' and putative class members' claims are barred, in whole or in part, for lack of standing under Article III of the United States Constitution and lack of statutory standing under Cal. Penal Code § 637.2(a) and 18 U.S.C. § 2520. Among other defects, neither the Plaintiffs nor members of the putative class have suffered "an injury in fact that is concrete, particularized, and actual or imminent …." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Nor have Plaintiffs been "injured" by any alleged violation of CIPA. *Cf.* Cal. Penal Code § 637.2(a).

### Tenth Affirmative Defense

**(Eighth Amendment)**

293.    Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent they seek excessive damages in violation of the Eighth Amendment of the United States Constitution, which prohibits excessive fines and cruel and unusual punishment. CIPA imposes a $5,000 penalty for each violation of the statute. Plaintiffs purport to represent a class of millions of Americans. To the extent Plaintiffs and putative class members seek $5,000 for each website visit, those damages are excessive and violate Defendants' Eighth Amendment rights. ECPA imposes a penalty of the greater of $100 a day for each day of violation or $10,000. Plaintiffs purport to represent a class of millions of Americans. To the extent Plaintiffs and putative class members seek  $10,000 for each member of the putative class or $100 for each day of violation for each member, those damages are excessive and violate Defendants' Eighth Amendment rights.

**Eleventh Affirmative Defense**

**(Due Process)**

294.    Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent they seek excessive and unconstitutional damages in violation of the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment to the United States Constitution. CIPA imposes a $5,000 penalty for each violation of the statute. Plaintiffs purport to represent a class of millions of Americans. To the extent Plaintiffs and putative class members seek $5,000 for each member of the putative class or for each website visit, those damages are excessive and violate Defendants' right to due process. ECPA imposes a penalty of the greater of $100 a day for each day of violation or $10,000. Plaintiffs purport to represent a class of millions of Americans. To the extent Plaintiffs and putative class members seek $10,000 for each member of the putative class or $100 for each day of violation for each member, those damages are excessive and violate Defendants' right to due process.

**Twelfth Affirmative Defense**

**(Damages Not Appropriate)**

295.    Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent they seek statutory damages because such damages are not appropriate in the circumstances alleged in the FAC. Even if the jury finds liability, the Court will have discretion to decline to award statutory damages under ECPA and CIPA. When exercising that discretion, courts weigh several factors. *E.g.*, *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 268 (N.D. Cal. 2016). Plaintiffs will not be able to prove those factors weigh in favor of an award of statutory damages.

**Thirteenth Affirmative Defense**

**(Lack of Harm)**

296.    Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs and putative class members have not sustained any losses, damages, or harm, in any sum or amount whatsoever, as a result of the conduct alleged in the FAC.

**Fourteenth Affirmative Defense**

**(Dormant Commerce Clause)**

297.    Plaintiffs' and putative class members' claims are barred, in whole or in part, because they seek to impose an excessive burden on interstate commerce in violation of the by the dormant Commerce Clause. Among other things, Plaintiffs' claims under California tort law, the California Constitution, and CIPA purport to regulate a wide range of conduct, including, potentially, conduct occurring entirely outside the borders of California, in violation of the dormant Commerce Clause's restrictions on extraterritoriality.

**Fifteenth Affirmative Defense**

**(Extraterritoriality)**

298.    Plaintiffs' and putative class members' claims are barred, in whole or in part, because California law does not apply to Plaintiff Sturgeon or to any Plaintiff or putative class members who do not reside in California at the time of the conduct on which Plaintiffs base their claims.

**Sixteenth Affirmative Defense**

**(Statute of Limitations)**

299.    Plaintiffs' and putative class members' claims are barred, in whole or in part, by applicable statutes of limitation. The statute of limitations for a CIPA violation is one year. The statute of limitations for constitutional privacy, intrusion upon seclusion, or an ECPA violation is two years. The Class Period is not limited in time. Thus, Plaintiffs and putative class members who visited the websites more than one to two years ago have untimely claims.

## Seventeenth Affirmative Defense

### (Plaintiffs' Unjust Enrichment Claim Is Derivative)

300.    To the extent Plaintiffs and putative class members assert theories of relief based on principles of unjust enrichment, those claims are barred, in whole or in part, as entirely derivative of Plaintiffs' other, legally deficient claims.

## Eighteenth Affirmative Defense

### (Defendants' Software Not a Pen Register)

301.    Plaintiffs' and putative class members' CIPA claim is barred because Defendants' alleged software is not a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a). To construe the term to include commercial software tools used for ad delivery would be contrary to the legislature's intended purpose and would produce absurd results.

## Nineteenth Affirmative Defense

### (Unclean Hands)

302.    Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## Twentieth Affirmative Defense

### (Class Action Requirements Not Met)

303.    Plaintiffs cannot properly bring this case as a class action under Federal Rule of Civil Procedure 23 because Plaintiffs cannot satisfy its requirements. Individual questions of fact and law predominate over common questions, Plaintiffs are not an adequate class representatives, their claims are not typical of those belonging to the alleged class members, and other class requirements cannot be satisfied, among other reasons.

**Twenty-First Affirmative Defense**

**(Permissible Use of Pen Register)**

304.    To the extent any of Defendants' alleged software is deemed to be a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a), Plaintiffs' and putative class members' CIPA pen register claim is nonetheless barred because Defendants' use of the alleged pen register complied with applicable law. California Penal Code section 368.51(b) states that "[a] provider of electronic or wire communication service may use a pen register or a trap and trace device" for any of a number of purposes enumerated in that provision. Cal. Penal Code § 638.51(b). LiveRamp is a provider of an electronic communication service, and thus it is entitled to use pen registers with the consent of the user, to "operate, maintain, and test" its service, and to protect users "from abuse of service or unlawful use of service," among other reasons. Any of these provisions or other provisions could be applicable depending on the specific factual and legal theory that Plaintiffs advance to support their pen register claim.

**Reservation of Rights**

305.    Defendants reserve the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

Dated: August 15, 2025                     WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation

                                           By:/s/ *Matthew A. Macdonald*
                                           Matthew A. Macdonald
                                           E-mail: matthew.macdonald@wsgr.com

                                           Attorney for Defendants LIVERAMP, INC. and
                                           LIVERAMP HOLDINGS, INC.