MATTHEW A. MACDONALD, SBN 255269
TREVOR N. TEMPLETON, SBN 308896
MADELYN Y. CHEN, SBN 346126
ROMAN A. GIEROK, SBN 361158
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
953 East 3rd Street, Suite 100
Los Angeles, CA 90013-1952
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: matthew.macdonald@wsgr.com
ttempleton@wsgr.com
madelyn.chen@wsgr.com
rgierok@wsgr.com

CAITLIN MCKELVIE, *pro hac vice*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: cmckelvie@wsgr.com

BOURGON B. REYNOLDS, *pro hac vice*
NANCY A. SMITH, *pro hac vice*
ROSE LAW FIRM
A Professional Association
809 South 52nd Street, Ste. A
Rogers, AR 72758
Telephone: (479) 435-2921
Facsimile: (479) 301-2449
Email: breynolds@roselawfirm.com
nsmith@roselawfirm.com

Attorneys for Defendants
LIVERAMP HOLDINGS, INC. and
LIVERAMP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINE RIGANIAN and DONNA SPURGEON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LIVERAMP HOLDINGS, INC., and LIVERAMP, INC. *corporations organized under the laws of the State of Delaware*,<br><br>Defendants. | Case No.: 4:25-cv-824-JST<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THE COURT'S OCTOBER 1 ORDER, DKT. 76** |

**COME NOW** Plaintiffs CHRISTINA RIGANIAN and DONNA SPURGEON (collectively, "Plaintiffs") and Defendants LIVERAMP HOLDINGS, INC., and LIVERAMP, INC. (collectively "LiveRamp" or "Defendants"), by and through their respective counsel, hereby stipulate as follows:

**WHEREAS**, on April 11, 2025, Plaintiffs served Request for Production ("RFP") No. 3, requesting "ALL PERSONAL INFORMATION related to the PLAINTIFFS in this ACTION, INCLUDING ALL PERSONAL INFORMATION associated with identifiers that LIVERAMP has associated with the PLAINTIFFS (INCLUDING home addresses, email addresses, phone numbers, LiveRamp cookie IDs, device identifiers including mobile advertising IDs, connected TV IDs, and IP addresses), INCLUDING all SEGMENTS associated with PLAINTIFFS or into which PLAINTIFFS have been placed";

**WHEREAS**, on May 12, 2025 and July 11, 2025, LiveRamp responded and objected to Plaintiffs' RFP No. 3, its objections to this Request included, among others, the following:

1. "LiveRamp further objects that the Request is overly broad, unduly burdensome, and seeks irrelevant information to the extent that it seeks to discover ephemeral data and data (such as the contents of customer audience files and of Marketplace segments) for which LiveRamp acts only as a data processor. Examples include audience files that third-party customers upload to LiveRamp for activation with downstream platforms and segments that third-party sellers offer for sale on Data Marketplace. LiveRamp keeps these customer data files separate from data controlled by LiveRamp and does not use it to build profiles or otherwise enrich the information that LiveRamp controls. Customer-controlled data is not relevant to Plaintiffs' claims regarding LiveRamp's alleged creation and sale of individual 'profiles' or 'dossiers.' Yet producing it would be highly burdensome and disruptive to LiveRamp's operations given, among other things, the significant financial costs associated with manually searching numerous segregated customer data files and contractual notice obligations."

2. "LiveRamp further objects to this Request to the extent it seeks documents outside of LiveRamp's possession, custody, or control or that no longer exist, including documents and information controlled by third-party customers for which LiveRamp acts only as a data processor."

**WHEREAS**, LiveRamp further objects that "to the extent Defendants created technical tools for purposes of discovery, Plaintiffs should not be permitted to use Defendants' cooperation in discovery against it at trial;"

**WHEREAS**, Plaintiffs assert, that despite LiveRamp's objections, all responsive data should be produced and that responsive data is in the possession, custody and control of LiveRamp;

**WHEREAS**, Plaintiffs and LiveRamp met and conferred multiple times on this issue but were unable to resolve the issue;

**WHEREAS**, on September 17, 2025, Plaintiffs filed a motion to compel further responses to RFP No. 3;

**WHEREAS**, on October 1, 2025, Magistrate Judge Alex G. Tse held a discovery hearing and ordered that Plaintiffs and LiveRamp, by October 15, 2025, meet and confer and attempt to reach a compromise regarding (among other things) a potential jury instruction limiting Plaintiffs' use of any technical tool created by LiveRamp to perform the requested search and the potential output, Dkt. 76; and

**WHEREAS**, Plaintiffs and LiveRamp met and conferred on October 15, 2025, and October 23, 2025.

**IT IS SO STIPULATED**, through Counsel of Record that:

1. LiveRamp will use reasonable efforts to develop a tool to conduct an automated search of the active audiences on Data Marketplace. LiveRamp will provide customers with notice and an opportunity to object to the extent required by the operative Protective Order and/or by LiveRamp's agreements with its customers. Thereafter, LiveRamp shall use the tool to conduct a search of the active Data

Marketplace audience data for segments containing the identifiers that LiveRamp can reasonably associate with Plaintiffs Riganian and Spurgeon.

2. If LiveRamp is unable to develop a tool that successfully performs the automated searches through reasonable efforts, the parties shall meet and confer regarding alternative options for producing the information before presenting any dispute to the Court.

3. LiveRamp shall not as part of this agreement be required to conduct this search across data for inactive audiences on Data Marketplace, Customer Data, or any other source. LiveRamp shall not as part of this agreement be required to conduct this search for any additional individuals other than the named Plaintiffs, Christina Riganian and Donna Spurgeon. To the extent Plaintiffs later seek information excluded by the terms of this paragraph, the parties should meet and confer before presenting any dispute to the Court.

4. Absent a subsequent agreement of the parties or ruling of the Court, LiveRamp is authorized to delete the tool built to comply with this order at the end of fact discovery. If, prior to the close of discovery, Plaintiffs believe that continued preservation of the tool is necessary to avoid unfair prejudice, the parties shall meet-and-confer on that issue. If the parties are unable to reach a resolution, Plaintiffs may file a motion with the Court that seeks continued preservation of the tool for a period to be specified by Plaintiffs. In no event shall LiveRamp be required to preserve the tool after final judgment has been rendered in this matter or after any settlement between the parties becomes final.

5. Plaintiffs agrees that they, their counsel, and other persons acting on their behalf, are prohibited from using the fact that LiveRamp complied with this Court's order or the process by which LiveRamp compiled the data produced in compliance with this order to argue that LiveRamp engaged in any similar conduct outside the context of this litigation, provided, however, that nothing should prevent Plaintiffs, their

1 counsel, or other persons from making such statements based on other independent grounds.

6. To address LiveRamp's concerns regarding potential prejudice with respect to use of the tool built to comply with this order at trial, the Parties shall submit to the Court for its approval an instruction to the jury as follows:

> The parties have agreed, and you are instructed, that:
>
> Certain data from the Data Marketplace about individuals was produced by LiveRamp as part of discovery, which is a process by which parties in litigation can seek and obtain information from each other. The process by which this data was identified within the Data Marketplace was specifically created only for purposes of this litigation, pursuant to Court order, and did not employ a process that previously existed at LiveRamp.

Dated:  October 27, 2025        Respectfully Submitted,

*/s/ Michael W. Sobol*
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Jason "Jay" O. Barnes (*pro hac vice*)
jaybarnes@simmonsfirm.com
An V. Truong (*pro hac vice*)
atruong@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com
SIMMONS HANLY CONROY LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: 212.784.6400
Facsimile: 212.213.5949

*Attorneys for Plaintiffs and the Proposed Classes*

| | | |
|---|---|---|
| 1 | Dated: October 27, 2025 | Respectfully Submitted, |
| 2 | | */s/ Matthew A. Macdonald* <br> MATTHEW A. MACDONALD, SBN 255269 |
| 3 | | TREVOR N. TEMPLETON, SBN 308896 <br> MADELYN Y. CHEN, SBN 346126 |
| 4 | | ROMAN A. GIEROK, SBN 361158 <br> WILSON SONSINI GOODRICH & ROSATI |
| 5 | | Professional Corporation <br> 953 East 3rd Street, Suite 100 |
| 6 | | Los Angeles, CA  90013-1952 <br> Telephone:     (323) 210-2900 |
| 7 | | Facsimile:     (866) 974-7329 <br> Email: matthew.macdonald@wsgr.com |
| 8 | | ttempleton@wsgr.com <br> churley@wsgr.com |
| 9 | | madelyn.chen@wsgr.com |
| 10 | | CAITLIN MCKELVIE, pro hac vice <br> WILSON SONSINI GOODRICH & ROSATI |
| 11 | | Professional Corporation <br> 95 S. State Street, Suite 1000 |
| 12 | | Salt Lake City, UT 84111 <br> Telephone:     (801) 401-8510 |
| 13 | | Facsimile:     (866) 974-7329 <br> Email:  cmckelvie@wsgr.com |
| 14 | | |
| 15 | | BOURGON B. REYNOLDS, *pro hac vice* <br> NANCY A. SMITH, *pro hac vice* |
| 16 | | ROSE LAW FIRM <br> A Professional Association |
| 17 | | 809 South 52nd Street, Ste. A <br> Rogers, AR 72758 |
| 18 | | Telephone:  (479) 435-2921 <br> Facsimile:  (479) 301-2449 |
| 19 | | Email:      breynolds@roselawfirm.com <br>                  nsmith@roselawfirm.com |
| 20 | | *Attorneys for LiveRamp Holdings Inc. and LiveRamp, Inc.* |
| 21 | | |
| 22 | | **ATTESTATION** |
| 23 | Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing | |
| 24 | of this document has been obtained from the other signatories. | |
| 25 | | |
| 26 | | |
| 27 | Dated:  October 27, 2025 | */s/ Matthew A. Macdonald* <br> Matthew A. Macdonald |
| 28 | | |

STIPULATION AND [PROPOSED] ORDER      5      CASE NO. 4:25-CV-824-JST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINE RIGANIAN and DONNA SPURGEON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LIVERAMP HOLDINGS, INC., and LIVERAMP, INC. *corporations organized under the laws of the State of Delaware*,<br><br>Defendants. | Case No.: 4:25-cv-824-JST<br><br>**[PROPOSED] ORDER ON STIPULATION REGARDING THE COURT'S OCTOBER 1 ORDER, DKT. 76** |

## [PROPOSED] ORDER

Pursuant to the Parties' stipulation, the Court hereby orders as follows:

1. LiveRamp will use reasonable efforts to develop a tool to conduct an automated search of the active audiences on Data Marketplace. LiveRamp will provide customers with notice and an opportunity to object to the extent required by the operative Protective Order and/or by LiveRamp's agreements with its customers. Thereafter, LiveRamp shall use the tool to conduct a search of the active Data Marketplace audience data for segments containing the identifiers that LiveRamp can reasonably associate with Plaintiffs Riganian and Spurgeon.

2. If LiveRamp is unable to develop a tool that successfully performs the automated searches through reasonable efforts, the parties shall meet and confer regarding

1  alternative options for producing the information before presenting any dispute to the
2  Court.

3. LiveRamp shall not as part of this agreement be required to conduct this search across data for inactive audiences on Data Marketplace, Customer Data, or any other source. LiveRamp shall not as part of this agreement be required to conduct this search for any additional individuals other than the named Plaintiffs, Christina Riganian and Donna Spurgeon. To the extent Plaintiffs later seek information excluded by the terms of this paragraph, the parties should meet and confer before presenting any dispute to the Court.

4. Absent a subsequent agreement of the parties or ruling of the Court, LiveRamp is authorized to delete the tool built to comply with this order at the end of fact discovery. If, prior to the close of discovery, Plaintiffs believe that continued preservation of the tool is necessary to avoid unfair prejudice, the parties shall meet-and-confer on that issue. If the parties are unable to reach a resolution, Plaintiffs may file a motion with the Court that seeks continued preservation of the tool for a period to be specified by Plaintiffs. In no event shall LiveRamp be required to preserve the tool after final judgment has been rendered in this matter or after any settlement between the parties becomes final.

5. Plaintiffs agrees that they, their counsel, and other persons acting on their behalf, are prohibited from using the fact that LiveRamp complied with this Court's order or the process by which LiveRamp compiled the data produced in compliance with this order to argue that LiveRamp engaged in any similar conduct outside the context of this litigation, provided, however, that nothing should prevent Plaintiffs, their counsel, or other persons from making such statements based on other independent grounds.

6. To address LiveRamp's concerns regarding potential prejudice with respect to use of the tool built to comply with this order at trial, the Parties shall submit to the Court for its approval an instruction to the jury as follows:

The parties have agreed, and you are instructed, that:

Certain data from the Data Marketplace about individuals was produced by LiveRamp as part of discovery, which is a process by which parties in litigation can seek and obtain information from each other. The process by which this data was identified within the Data Marketplace was specifically created only for purposes of this litigation, pursuant to Court order, and did not employ a process that previously existed at LiveRamp.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
HON. ALEX G. TSE
United States Magistrate Judge