UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTINE RIGANIAN and DONNA
SPURGEON, *on behalf of themselves and all
others similarly situated*,

        Plaintiffs,

    v.

LIVERAMP HOLDINGS, INC., and
LIVERAMP, INC. *corporations organized under
the laws of the State of Delaware*,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 4:25-cv-824-JST

[PROPOSED] ORDER ON
STIPULATION REGARDING THE
COURT'S OCTOBER 1 ORDER, DKT.
76

## [PROPOSED] ORDER AS MODIFIED

Pursuant to the Parties' stipulation, the Court hereby orders as follows:

1. LiveRamp will use reasonable efforts to develop a tool to conduct an automated
   search of the active audiences on Data Marketplace.  LiveRamp will provide
   customers with notice and an opportunity to object to the extent required by the
   operative Protective Order and/or by LiveRamp's agreements with its customers.
   Thereafter, LiveRamp shall use the tool to conduct a search of the active Data
   Marketplace audience data for segments containing the identifiers that LiveRamp can
   reasonably associate with Plaintiffs Riganian and Spurgeon.

2. If LiveRamp is unable to develop a tool that successfully performs the automated
   searches through reasonable efforts, the parties shall meet and confer regarding

alternative options for producing the information before presenting any dispute to the Court.

3. LiveRamp shall not as part of this agreement be required to conduct this search across data for inactive audiences on Data Marketplace, Customer Data, or any other source. LiveRamp shall not as part of this agreement be required to conduct this search for any additional individuals other than the named Plaintiffs, Christina Riganian and Donna Spurgeon. To the extent Plaintiffs later seek information excluded by the terms of this paragraph, the parties should meet and confer before presenting any dispute to the Court.

4. Absent a subsequent agreement of the parties or ruling of the Court, LiveRamp is authorized to delete the tool built to comply with this order at the end of fact discovery. If, prior to the close of discovery, Plaintiffs believe that continued preservation of the tool is necessary to avoid unfair prejudice, the parties shall meet-and-confer on that issue. If the parties are unable to reach a resolution, Plaintiffs may file a motion with the Court that seeks continued preservation of the tool for a period to be specified by Plaintiffs. In no event shall LiveRamp be required to preserve the tool after final judgment has been rendered in this matter or after any settlement between the parties becomes final.

5. Plaintiffs agrees that they, their counsel, and other persons acting on their behalf, are prohibited from using the fact that LiveRamp complied with this Court's order or the process by which LiveRamp compiled the data produced in compliance with this order to argue that LiveRamp engaged in any similar conduct outside the context of this litigation, provided, however, that nothing should prevent Plaintiffs, their counsel, or other persons from making such statements based on other independent grounds.

6. To address LiveRamp's concerns regarding potential prejudice with respect to use of the tool built to comply with this order at trial, the Parties shall submit to the Court for its approval an instruction to the jury as follows:

1        The parties have agreed, and you are instructed, that:

2    Certain data from the Data Marketplace about individuals was produced by LiveRamp as

3    part of discovery, which is a process by which parties in litigation can seek and obtain

4    information from each other. The process by which this data was identified within the

5    Data Marketplace was specifically created only for purposes of this litigation, pursuant to

6    Court order, and did not employ a process that previously existed at LiveRamp.

7        This Order resolves the joint discovery letter at dkt. 72.

8    **IT IS SO ORDERED.**

9    Dated: _____ October 29, 2025

10

11    _____

12    HON. ALEX G. TSE

United States Magistrate Judge