Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

Jason "Jay" O. Barnes (SBN 362776)
jaybarnes@simmonsfirm.com
An V. Truong (*pro hac vice*)
atruong@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com
SIMMONS HANLY CONROY LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone:  212.784.6400
Facsimile:  212.213.5949

*Attorneys for Plaintiffs and
the Proposed Classes*

Matthew A. Macdonald (SBN 255269)
Trevor N. Templeton (SBN 30889)
Christopher M. Hurley (SBN 350153)
Madelyn Y. Chen (SBN 346126)
Roman A. Gierok (SBN 361158)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
953 East 3rd Street, Suite 100
Los Angeles, CA 90013-1952
Telephone:  (323) 210-2900
Facsimile:  (866) 974-7329
matthew.macdonald@wsgr.com
ttempleton@wsgr.com
churley@wsgr.com
madelyn.chen@wsgr.com
rgierok@wsgr.com

Caitlin McKelvie (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, UT 84111
Telephone:  (801) 401-8510
Facsimile:  (866) 974-7329
Email:  cmckelvie@wsgr.com

Bourgon B. Reynolds (*pro hac vice*)
Nancy A. Smith (*pro hac vice*)
ROSE LAW FIRM
A Professional Association
809 South 52nd Street, Ste. A
Rogers, AR 72758
Telephone:  (479) 435-2921
Facsimile:  (479) 301-2449
Email:     breynolds@roselawfirm.com
           nsmith@roselawfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTINA RIGANIAN and DONNA SPURGEON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LIVERAMP HOLDINGS INC. and LIVERAMP INC.,<br><br>Defendants. | Case No. 4:25-cv-824 (JST)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      December 5, 2025<br>Time:      2:00 p.m.<br>Location:  Zoom |

Pursuant to the Court's October 2, 2025 Order (Dkt. No. 79), Plaintiffs Christina Riganian and Donna Spurgeon ("Plaintiffs"), and Defendants LiveRamp Holdings, Inc. and LiveRamp Inc. ("LiveRamp") submit this Updated Joint Case Management Statement in advance of the December 5, 2025 Case Management Conference.

## I. Status of Party Discovery

### A. Discovery Propounded by Plaintiffs

#### 1. Requests for Production

**Plaintiffs' Position**

Plaintiffs served their first set of requests for production ("RFPs") on LiveRamp on April 11, 2025, a second set on August 14, 2025, and a third set on October 2, 2025 (for a total of 49 RFPs). The parties have met and conferred, and will continue to meet and confer, regarding LiveRamp's responses and objections to these RFPs (and related preservation issues).

As reflected at Docket No. 83, the parties have entered into a stipulation regarding LiveRamp's search for and production of data on the Data Marketplace associated with the named Plaintiffs in response to RFP No. 3, in partial resolution of the issue raised in the parties' September 17, 2025 joint discovery letter brief (Dkt. No 72). LiveRamp represents it has begun the process described in that stipulation, but stated on November 10, 2025 that it "cannot provide or agree to a specific deadline to build the system, much less produce documents."

While there is currently no dispute ripe for Court intervention, Plaintiffs note that to date LiveRamp has produced a total of only 969 documents, and LiveRamp's production in response to many of Plaintiffs' RFPs is outstanding. Plaintiffs review of this limited production has revealed various deficiencies, including insufficient metadata (e.g., document dates), a marked absence of *any* custodial productions, and apparent failure to produce many foundational documents (e.g., data architecture documents with respect to the LiveRamp products at issue).[1] LiveRamp's suggestion that Plaintiffs have done anything other than eagerly and proactively engage on discovery issues is

---

[1] While LiveRamp belittles Plaintiffs' allegations as a 'caricature,' those allegations are largely drawn from and extensively recite LiveRamp's own descriptions of its business practices. Plaintiffs' allegations are accurate and well-founded; despite its bluster to the contrary, LiveRamp has yet to make any serious effort to disprove any of Plaintiffs' allegations, let alone succeed in that endeavor.

- 2 -

UPDATED JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:25-CV-00824 (JST)

incorrect. In fact, Plaintiffs have twice requested LiveRamp participate in weekly meet and confers, which LiveRamp has thus far declined to do. Plaintiffs have repeatedly engaged with LiveRamp regarding custodians, requesting, since at least August, a fulsome list of custodians, which LiveRamp has refused to provide. To date, LiveRamp has proposed custodians for only *four* RFPs. Plaintiffs have agreed to the proposed custodians for these four requests, subject to identifying other custodians as Plaintiffs begin to receive custodial documents. Plaintiffs thus again requested in a November 20th letter that LiveRamp produce a comprehensive list of proposed custodians for all RFPs, or alternatively, all proposed custodians per topic, product, or request, if LiveRamp insists on identifying custodians in this manner.

In addition, in a recent letter, LiveRamp disclosed an initiative to deprecate its use of Driver's License Information and Social Security Numbers such that once the process is completed said information will be available only in "tokenized form." Plaintiffs have requested a meet and confer on this issue, as well as the production deficiencies, and will endeavor to resolve them expeditiously. Should matters reach impasse, Plaintiffs will brief the issues in accordance with Magistrate Judge Tse's discovery procedures.

**LiveRamp's Position**

LiveRamp disagrees with Plaintiffs' characterization of its discovery efforts to date but agrees that there are no issues ripe for Court intervention. LiveRamp has worked expeditiously to respond to Plaintiffs' incredibly broad discovery requests—going back over six years and spanning multiple different lines of business. The over 5,000 pages of documents that LiveRamp has produced were the product of very substantial effort. They provide Plaintiffs substantial information about how the systems actually work (as opposed to how the systems are caricatured in the complaints). And Plaintiffs are wrong about the purported "deficiencies" with these documents (which, in any event, affect a trivial proportion of the population). As for custodial discovery, LiveRamp has completed very large (and very burdensome) document collections. LiveRamp has promptly proposed custodians for each RFP once the parties reached the appropriate stage of negotiations. Plaintiffs claim that they have "agreed" to custodians, but in fact they did not do so until November 20 (between six weeks and two months after Defendants

proposed them), and have done so while purporting to reserve the unilateral right to expand the list of custodians later.  Plaintiffs' lawsuit targets almost every corner of LiveRamp's business, including separate products that are facilitated by different LiveRamp employees.  Plaintiffs' request for a comprehensive list of proposed custodians for *all* RFPs would result in employees being custodians for products or services for which they have no knowledge.  LiveRamp will continue to propose custodians for RFPs as the parties reach agreement on each RFP's scope of production, but those negotiations are ongoing.

Once the parties agree on the appropriate scope, custodians, and search terms for Plaintiffs' requests, LiveRamp will work expeditiously to review and produce custodial documents. The timeline for producing custodial documents will further depend on the volume of documents based on the parties' mutually agreed custodians and search terms.

LiveRamp similarly disagrees with Plaintiffs' characterization of the issues related to the deprecation of driver's license and social security numbers.  Those efforts are part of entirely reasonable and *legally required* data minimization efforts pursued in the ordinary course of business that will not result in the loss of any data in which Plaintiffs have expressed any interest.

**Interrogatories**

Plaintiffs anticipate serving interrogatories within the next few weeks.

**2.     Depositions**

**Plaintiffs' Position.**

Plaintiffs have not yet noticed depositions but anticipate doing so within the month. Plaintiffs' ability to identify appropriate deponents has been hampered by the fact that, as noted above, LiveRamp has yet to produce any custodial documents. After repeated requests, LiveRamp finally identified a limited set of custodians in September and October but has yet to produce any documents from those custodial files.

**LiveRamp's Position.**

LiveRamp disagrees with Plaintiffs' characterization that their ability to identify appropriate deponents has been "hampered" by LiveRamp.  For the reasons discussed above,

1  LiveRamp cannot produce custodial documents until the parties have agreed to the appropriate
2  scope, custodians, and search terms for Plaintiffs' requests.

### B.  Discovery Propounded by LiveRamp

#### 1.  Requests for Production.

**LiveRamp's Position.**

LiveRamp served its first set of RFPs on Plaintiffs on August 28, 2025 (containing 5 RFPs) and its second set on November 17, 2025 (containing 28 RFPs). In the nearly three months since LiveRamp served its initial RFPs on Plaintiffs, Plaintiffs have not produced a single document. The parties continue to meet and confer on LiveRamp's RFPs, and LiveRamp will continue to do so in good faith.

**Plaintiffs' Position.**

Plaintiffs timely responded to LiveRamp's initial set of RFPs on September 26, 2025, objecting in large part because LiveRamp's requests sought sweeping discovery that exceeds what is proportional and necessary to this case. Nonetheless, the parties have met and conferred on the scope of these discovery requests and these discussions remain ongoing.

#### 2.  Interrogatories.

LiveRamp anticipates serving interrogatories within the next few weeks.

#### 3.  Depositions.

**LiveRamp's Position.**

LiveRamp anticipates noticing depositions in the coming months. However, LiveRamp has not received any discovery from Plaintiffs, and the timing of its deposition notices will depend on Plaintiffs' productions and responses and objections to LiveRamp's discovery requests.

**Plaintiffs' Position.**

Plaintiffs remain ready and available to meet and confer on any depositions that LiveRamp seeks to notice and, as summarized above, remain amendable to further discussing the scope of LiveRamp's RFPs—should those meet and confers be requested.

## II. Other Issues Requiring the Court's Attention

At this time, the parties do not have any issues that require the Court's intervention. At the appropriate time, LiveRamp may seek leave to file motions for summary judgment on discrete claims prior to class certification.

**Plaintiffs' Position.**

As noted in the prior Case Management Conference Statement, Plaintiffs continue to be concerned with the extremely slow pace of LiveRamp's document production, its failure until very recently to even identify potential document custodians, and the many deficiencies in its extant production of less than 1000 documents. These issues have impeded Plaintiffs' ability to meaningfully prepare for depositions in advance of the class certification deadline. Plaintiffs will nevertheless continue to work diligently to resolve issues quickly and cooperatively to the extent possible, and will seek Court intervention if necessary.

**LiveRamp's Position.**

LiveRamp has worked expeditiously to meet and confer on, and respond to, Plaintiffs' broad discovery requests. LiveRamp has promptly proposed custodians at the appropriate stage of negotiations for each RFP. LiveRamp has also collected and processed Google Vault and Slack data for the custodians it proposed, which includes tens of millions of documents. The sheer volume of this data has caused significant delays. Plaintiffs' refusal to engage in discussions on responsiveness and custodians, and serial requests for production, have also created barriers to the parties identifying workable search terms. LiveRamp cannot produce, or even identify the appropriate universe of, custodial documents until the parties reach agreement on the appropriate scope, custodians, and search terms for Plaintiffs' requests. LiveRamp will of course continue to work expeditiously and in good faith with Plaintiffs.

| | | |
|---|---|---|
| 1 | Dated: November 25, 2025 | |
| 2 | | */s/ Michael Sobol* |
| | | Michael W. Sobol (SBN 194857) |
| 3 | | msobol@lchb.com |
| | | **LIEFF CABRASER HEIMANN** |
| 4 | | **& BERNSTEIN, LLP** |
| | | 275 Battery Street, 29th Floor |
| 5 | | San Francisco, CA 94111 |
| | | Telephone: 415.956.1000 |
| 6 | | Facsimile: 415.956.1008 |
| 7 | | */s/ Jay Barnes* |
| | | Jason "Jay" O. Barnes (*pro hac vice*) |
| 8 | | jaybarnes@simmonsfirm.com |
| | | **SIMMONS HANLY CONROY LLP** |
| 9 | | 12 Madison Avenue, 7th Floor |
| | | New York, NY 10016 |
| 10 | | Telephone: 212.784.6400 |
| | | Facsimile: 212.213.5949 |
| 11 | | *Attorneys for Plaintiffs and the Proposed Classes* |
| 12 | Dated: November 25, 2025 | |
| 13 | | */s/ Matthew Macdonald* |
| | | Matthew A. Macdonald (SBN 255269) |
| 14 | | matthew.macdonald@wsgr.com |
| | | **WILSON SONSINI GOODRICH & ROSATI** |
| 15 | | Professional Corporation |
| | | 953 East 3rd Street, Suite 100 |
| 16 | | Los Angeles, CA 90013-1952 |
| | | Telephone: (323) 210-2900 |
| | | Facsimile: (866) 974-7329 |
| 17 | | *Attorney for Defendants* |

- 7 -   UPDATED JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:25-CV-00824 (JST)

**ATTESTATION**

I, Jay Barnes, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**. Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: November 25, 2025   */s/ Jay Barnes*
Jay Barnes
**SIMMONS HANLY CONROY LLP**