UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA RIGANIAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LIVERAMP HOLDINGS, INC., et al.,<br><br>        Defendants. | Case No. 25-cv-00824-JST (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 101 |

LiveRamp needn't designate CEO Scott Howe as a document custodian. LiveRamp was "entitled to select the custodians it deem[ed] most likely to possess responsive information." *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) (citation modified). The Court won't disturb that selection because Plaintiffs haven't shown that LiveRamp's choice was "manifestly unreasonable" or that "the resulting production [was] deficient." *Id.* (quoting another source).

Plaintiffs note that in earnings calls Howe championed LiveRamp's privacy practices and commented on the company's segment business. Dkt. 101 at 2. Yet Plaintiffs haven't explained how those comments make any fact of consequence more or less probable. Fed. R. Civ. P. 401; Fed. R. Civ. P. 26(b)(1). Plaintiffs' claims center on LiveRamp's collection

of Plaintiffs' internet data. What information LiveRamp collected, how LiveRamp collected it, and what LiveRamp did with it is the focus. Public statements by LiveRamp's CEO don't clearly advance any element of Plaintiffs' claims.

Even if Howe has documents related to LiveRamp's "internal views on privacy," as Plaintiffs suggest, dkt. 101 at 2, other LiveRamp employees likely do, too. LiveRamp has designated 33 custodians, including "senior executives like the Chief Connectivity & Ecosystem Officer, the Vice President of Product Management for the Live/Access portfolio, the Vice President of Product Strategy & Identity[,] the Vice President and General Manager of Data Marketplace, and the Vice President of Engineering." *Id.* at 4 n.17. As LiveRamp notes, if these or other custodians "communicated with [Howe] about relevant issues, those communications will be included in their custodial collections." *Id.*

Later in discovery, if Plaintiffs can demonstrate that LiveRamp's choice of custodians was "manifestly unreasonable" or that "the resulting production [was] deficient," *In re EpiPen*, 2018 WL 1440923, at *2 (quoting another source), Plaintiffs may renew their request to add Howe as a custodian. For now, the Court won't disturb LiveRamp's selection.

**IT IS SO ORDERED.**

Dated: April 8, 2026

_____
Alex G. Tse
United States Magistrate Judge

2