UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA RIGANIAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LIVERAMP HOLDINGS, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-00824-JST (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 102 |

LiveRamp hasn't convinced the Court that it needs "[a] complete record of [Plaintiffs'] internet browsing history and web activity data . . . , including . . . all websites [they] visited, all webpages [they] accessed, all searches [they] ran, all other online activity [they] engaged in, all cookies and local storage from [their] browser, and the dates associated with all such data" from 2023 to present. Dkt. 102-1 at 6, RFP 1; *id.* at 4 ¶ 12 (relevant period).

Plaintiffs have agreed to produce "browsing histories, including associated cookies to the extent reasonably feasible, from [their] devices reflecting visits to websites which Plaintiff[s] believe[] include or included LiveRamp tracking mechanisms." *E.g.*, Dkt. 102-2 at 8 (emphasis omitted). That production will allow LiveRamp to evaluate whether Plaintiffs consented to LiveRamp's tracking tools through "website privacy policies or terms of use." Dkt. 102 at 1.

As for LiveRamp's contention that it needs Plaintiffs' entire browsing and web histories so it can "probe whether the 'segments' created by non-parties in [LiveRamp's] Data Marketplace are derived from browsing history," *id.* at 2, LiveRamp hasn't sufficiently articulated how this probe would work, or whether it would even be possible if, as Plaintiffs hypothesize, LiveRamp would need "to unwind the algorithms and inferences its clients use to create those segments to even engage in any 'matching process,'" *id.* at 4.

As other courts have noted, "[t]here is an Orwellian irony to the proposition that in order to get relief for a company's alleged surreptitious monitoring of users' . . . web activity, a person has to allow the company unfettered access to . . . [her] web browsing history." *Henson v. Turn, Inc.*, No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at *8 (N.D. Cal. Oct. 22, 2018); *accord In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617 LHK (NC), 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016). Such unfettered access may be warranted in a unique case, but LiveRamp hasn't convinced the Court that this is such a case.

Nor will the Court adopt LiveRamp's proposed compromise by issuing an "order that any browsing history not produced in 14 days be deemed not to exist." Dkt. 102 at 3. As Plaintiffs note, if they "do not produce certain browsing history, they may not rely on it at trial." *Id.* at 5 (citing Fed. R. Civ. P. 37(c)(1)). That consequence is enough.

If, as LiveRamp worries, Plaintiffs "spring other browsing history on LiveRamp later when LiveRamp has limited or no time for necessary follow-up," dkt. 102-5 at 3, LiveRamp may seek relief from the Court to extend case deadlines if appropriate. Whether such relief would be granted would depend on the circumstances and be up to Judge Tigar, but suffice it to say that there are ways in which the effects of a last-minute disclosure could be mitigated short of entering what, as Plaintiffs note, would be the equivalent of an adverse inference

instruction that unproduced web history doesn't exist.

**IT IS SO ORDERED.**

Dated: May 1, 2026

_____
Alex G. Tse
United States Magistrate Judge