UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA RIGANIAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIVERAMP HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 25-cv-00824-JST (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 115 |

At least for now, Plaintiffs cannot disclose to potential expert Wolfie Christl material that LiveRamp has designated as highly confidential. Christl, who is based in Austria, refers to himself as a "digital rights activist." Dkt. 115-10 at 2. In 2024, he co-authored a report that criticized LiveRamp's "identity surveillance technology and data practices" and called for further investigation and regulation of LiveRamp. Dkt. 115-5 at 5. The UK-based Open Rights Group commissioned the report and relied on it in filing a complaint against LiveRamp with the UK Information Commissioner's Office. *See* Dkt. 115-11.

Christl's professional interests are quite clearly adverse to LiveRamp's. If he receives LiveRamp's highly confidential information, he will be in a position to use it "to take position[s] that are directly harmful and antagonistic to the defendant." *Voice Domain Techs., LLC v. Apple, Inc.,* 2024 WL 5106413, at *4 (D. Mass. Oct. 8, 2014). The "risk of competitive harm" counsels against giving Christl access to LiveRamp's sensitive information.

*Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO (LJC), 2025 WL 1927796, at *1 (N.D. Cal. July 14, 2025) (quoting another source).

To be sure, there is a protective order in place, and Christl would be bound by it. And under the protective order, he would be forbidden from using LiveRamp's confidential information outside this litigation. *See* Dkt. 96 § VII. But "even if he were to make his best efforts to cabin the information off in his mind, the highly confidential information may become intertwined with his other knowledge such that it may be disclosed in the course of his future work[.]" *Andersen*, 2025 WL 1927796, at *2 (quoting another source).

Also, Plaintiffs have suggested that they may use Christl only as a consultant, not as a testifying expert. *See* Dkt. 115 at 3. If so, LiveRamp won't be able to depose him or to serve interrogatories to "discover facts known or opinions held" by him. Fed. R. Civ. P. 26(b)(4)(D). LiveRamp would be hard pressed, then, to determine what Christl had done with LiveRamp's confidential information.

If Plaintiffs later decide that they *will* designate Christl as a testifying expert, the calculus could change. But even then, before the Court will allow Plaintiffs to share LiveRamp's highly confidential information with Christl, Plaintiffs will need to identify the type of analysis he will perform and explain why he needs access to LiveRamp's highly confidential information. To date, Plaintiffs haven't been that specific.

**IT IS SO ORDERED.**

Dated: June 9, 2026

Alex G. Tse
United States Magistrate Judge