Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
Danna Elmasry (*pro hac vice*)
delmasry@lchb.com
Anna J. Freymann (*pro hac vic*e)
afreymann@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorneys for Plaintiffs and
the Proposed Classes*

Jason "Jay" O. Barnes (*pro hac vice*)
jaybarnes@simmonsfirm.com
An V. Truong (*pro hac vice*)
atruong@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com
SIMMONS HANLY CONROY LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: 212.784.6400
Facsimile: 212.213.5949

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINA RIGANIAN and DONNA SPURGEON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>LIVERAMP HOLDINGS INC. and LIVERAMP INC.,<br><br>Defendants. | Case No. 4:25-cv-00824 (JST) (AGT)<br><br>**STIPULATION AND [PROPOSED] ORDER RE. PRIVILEGE LOG PROTOCOL**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Jon S. Tigar<br><br>Date Action Filed: January 24, 2025<br><br>Trial Date: Not set |

Pursuant to Civil Local Rule 7-12, Plaintiffs Christina Riganian and Donna Spurgeon ("Plaintiffs") and Defendants LiveRamp Holdings, Inc. and LiveRamp, Inc. ("LiveRamp") (collectively, the "Parties"), by and through their attorneys of record, stipulate as follows:

WHEREAS, the Parties have agreed to a privilege log protocol governing the production, review, and challenge of privilege logs in this action (the "Privilege Log Protocol");

WHEREAS, the Parties seek entry of an order adopting the agreed Privilege Log Protocol.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED between the Parties, subject to Court approval, that the Parties enter into the following Privilege Log Protocol:

1. A party that withholds documents, ESI, and any other materials and information on the grounds of attorney-client privilege, attorney work-product protection, and/or any other applicable privilege, immunity, or protection from discovery, shall produce a privilege log. The following documents and communications need not be included in a privilege log:

   a. Privileged communications between a party and its outside or in-house counsel on or after January 24, 2025.

   b. Work product performed by a party at the direction of its outside or in-house counsel on or after January 24, 2025.

2. LiveRamp will make a good faith effort to promptly produce privilege logs as soon as they are available and will produce an initial privilege log promptly once the Parties reach agreement on the Privilege Log Protocol. LiveRamp will produce subsequent privilege logs for each deponent's custodial documents at least 15 days prior to the deponent's noticed deposition.

3. In accordance with Judge Tse's Standing Order, Section VII.D., the privilege log shall be produced in Excel format and include (to the extent it is reasonably available and does not reveal privileged or protected information):

   a. A unique number for each entry on the log;

STIPULATION AND [PROPOSED] ORDER RE.
PRIVILEGE LOG PROTOCOL
CASE NO. 4:25-CV-00824 (JST) (AGT)

b. The title and description of the document, including the number of pages or Bates number range;

c. The subject matter addressed in the document;

d. The custodian(s) of the document. For emails this should be populated with the metadata extracted from the Custodian(s) field. For loose ESI, this should be populated with the Custodian(s) value assigned to the instance of the document in question;

e. The identity and position of its author. For emails, this should be populated with the metadata extracted from the "Email From" field associated with the file. For loose ESI, this should be populated with the metadata extracted from the "Author" field. For hard copy documents, this will be populated with the "Custodian" field;

f. The identity and position of all addressees and recipients;

g. The date the document was prepared and, if different, the date on which it was sent to or shared with persons other than its author. This information should be populated with the metadata created date extracted from the document itself and the "sent" date from any email family member in the review population transmitting the document to persons other than its author;

h. The basis for the claim that the document is privileged or protected.

4. The Parties shall have 30 days after receipt of a privilege log to review and challenge any assertion of privilege contained therein. If the requesting party makes such a challenge, the producing party has 30 days to provide a supplemental log for the challenged assertion of privilege. If the Parties cannot resolve a dispute relating to such a challenge, the Parties may file a joint discovery brief with the Court in accordance with Paragraph VII.B. of this Court's Civil Standing Order. The Parties may agree in writing to accommodate reasonable requests by either the producing party or requesting party for extensions of up to 30 additional days to address a privilege challenge within a privilege log.

2

5.  In the event of an inadvertent production of privileged or otherwise protected material, pursuant to Section XIII of the Stipulated Protective Order, Dkt. 96, the producing party shall, if only a portion of the material is privileged, as soon as practicable provide a new version of the material in which the privileged material has been redacted. If the entirety of the discovery material is privileged, the producing party shall as soon as practicable provide a new load file for the discovery material that replaces and deletes the privileged material. The producing party shall also provide a privilege log with metadata as set forth in Paragraph 3 above.

6.  To reduce burden and promote efficiency, the Parties agree that email threading may be used in logging of documents withheld on the basis of privilege. Where an email thread contains one or more privileged or protected communications, a party may log only the most inclusive version of the email thread (i.e., the final message in the thread that contains all prior messages, including attachments, if any), provided that such logged entry reflects the entire withheld content of the thread. For any earlier-in-time emails within the same thread that are wholly duplicated within the logged inclusive email, no separate log entries are required. However, if an earlier email in the thread contains unique content that is not included in the most inclusive email (including, for example, attachments, recipients, or text that does not appear in the later message), that earlier email must be separately logged to the extent it is withheld. The receiving party may meet and confer with the producing party and make reasonable requests for additional, non-privileged information concerning privilege log entries for such combined threads, and the producing party reserves its right to object to providing such additional information, on, among other grounds, privilege and undue burden.

3

Dated: July 6, 2026                    Respectfully Submitted,

                                       */s/ David T. Rudolph*_____
                                       David T. Rudolph (SBN 233457)
                                       drudolph@lchb.com
                                       Michael W. Sobol (SBN 194857)
                                       msobol@lchb.com
                                       Linnea D. Pittman (*pro hac vice*)
                                       lpittman@lchb.com
                                       Danna Elmasry (*pro hac vice*)
                                       delmasry@lchb.com
                                       Anna J. Freymann (*pro hac vice*)
                                       afreymann@lchb.com
                                       LIEFF CABRASER HEIMANN
                                       & BERNSTEIN, LLP
                                       275 Battery Street, 29th Floor
                                       San Francisco, CA  94111
                                       Telephone:  415.956.1000
                                       Facsimile:  415.956.1008

                                       Jason "Jay" O. Barnes (*pro hac vice*)
                                       jaybarnes@simmonsfirm.com
                                       An V. Truong (*pro hac vice*)
                                       atruong@simmonsfirm.com
                                       Sona R. Shah (*pro hac vice*)
                                       sshah@simmonsfirm.com
                                       SIMMONS HANLY CONROY LLP
                                       112 Madison Avenue, 7th Floor
                                       New York, NY 10016
                                       Telephone: 212.784.6400
                                       Facsimile: 212.213.5949

                                       *Attorneys for Plaintiffs and the Proposed Classes*

Dated: July 6, 2026                    Respectfully Submitted,

                                       */s/ Trevor N. Templeton*_____
                                       TREVOR N. TEMPLETON, SBN 308896
                                       MATTHEW A. MACDONALD, SBN 255269
                                       MADELYN Y. CHEN, SBN 346126
                                       WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation
                                       953 East 3rd Street, Suite 100
                                       Los Angeles, CA  90013-1952
                                       Telephone:    (323) 210-2900
                                       Facsimile:    (866) 974-7329
                                       Email:  matthew.macdonald@wsgr.com
                                               ttempleton@wsgr.com
                                               madelyn.chen@wsgr.com

STIPULATION AND [PROPOSED] ORDER RE.
PRIVILEGE LOG PROTOCOL
CASE NO. 4:25-CV-00824 (JST) (AGT)

CAITLIN MCKELVIE, pro hac vice
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, UT 84111
Telephone:      (801) 401-8510
Facsimile:      (866) 974-7329
Email:  cmckelvie@wsgr.com

BOURGON B. REYNOLDS, *pro hac vice*
NANCY A. SMITH, *pro hac vice*
ROSE LAW FIRM
A Professional Association
809 South 52nd Street, Ste. A
Rogers, AR 72758
Telephone:  (479) 435-2921
Facsimile:  (479) 301-2449
Email:      breynolds@roselawfirm.com
            nsmith@roselawfirm.com

*Attorneys for LiveRamp Holdings Inc. and LiveRamp, Inc.*

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: July ___, 2026

_____
HON. Jon S. Tigar
United States District Judge

STIPULATION AND [PROPOSED] ORDER RE.
PRIVILEGE LOG PROTOCOL
CASE NO. 4:25-CV-00824 (JST) (AGT)

## **ATTESTATION**

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  July 6, 2026

*/s/David T. Rudolph*
David T. Rudolph

STIPULATION AND [PROPOSED] ORDER RE.
PRIVILEGE LOG PROTOCOL
CASE NO. 4:25-CV-00824 (JST) (AGT)