UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA RIGANIAN, et al.,<br>Plaintiffs,<br>v.<br>LIVERAMP HOLDINGS, INC., et al.,<br>Defendants. | Case No. 25-cv-00824-JST (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 138 |

Plaintiffs have asked LiveRamp to produce:

> All Documents produced by You in response to any government investigation, regulatory inquiry, or law enforcement request Related to Your collection, use, sale, or sharing of Personal Information.

RFP 64, Dkt. 145-1 at 10 (select capitalization omitted).

When the parties met and conferred, Plaintiffs identified a House Committee investigation concerning, *inter alia*, LiveRamp's purchase, collection, use, or sale of personal information, including the details of "profiles that [LiveRamp] build[s] on users." Dkt. 138-1 at 5. LiveRamp agreed to produce responsive, non-privileged documents it submitted to the House Committee, but LiveRamp refused to produce any other documents responsive to RFP 64. Plaintiffs have moved to compel LiveRamp to respond fully to RFP 64, subject to

one limitation. Plaintiffs have agreed to limit their request to documents that LiveRamp produced in response to "investigations expressly regarding privacy." Dkt. 138 at 3.

With RFP 64, Plaintiffs seek what courts refer to as "cloned discovery," which is a request for "all documents produced or received during other litigation or investigations." *King Cnty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (citation modified). Cloned discovery is discouraged because the scope of cases and investigations can differ, so a request to produce all documents from another case or investigation may be overbroad. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (identifying examples of documents from the target case that weren't relevant in the case in which cloned discovery requests were made). Also, unless the requesting party identifies a specific case or investigation from which it seeks cloned discovery and describes the subject matter of that case or investigation in detail, the Court cannot adequately assess the issue of overbreadth. *See King Cnty.*, 2011 WL 3438491, at *3 ("Although some portion of documents encompassed by Plaintiffs' request may be relevant, the Court has no method of determining which of those documents are relevant, and which are not."); *cf. Rumble, Inc. v. Google LLC*, No. 21-cv-00229-HSG (LJC), 2023 WL 3751797, at *2–4, *7–8 (N.D. Cal. May 31, 2023) (allowing cloned discovery when plaintiff identified particular prior investigations and described them in some detail).

Here, Plaintiffs identified one privacy-related investigation into LiveRamp's collection, use, sale, or sharing of personal information (the House Committee investigation), and LiveRamp agreed to produce responsive, non-privileged documents it produced as part of

that investigation. But now, Plaintiffs are asking LiveRamp to produce documents from unidentified investigations. This is a disfavored cloned discovery request.

To be sure, Plaintiffs have tried to target their request so it won't cover investigations that are unrelated to topics at issue in this case. *See* Dkt. 138 at 2–3 (requesting documents related to "any privacy-related government investigation into LiveRamp's collection, use, sale, or sharing of personal information"). But an investigation could be "related to" topics that are relevant here and yet still sweep more broadly and also cover topics that aren't. *See* Pl.'s Definition of "Related to," Dkt. 145-1 at 6 (defining "related to" as "concerning, referring to, describing, evidencing, or constituting, *in whole or in part*") (emphasis added). Under RFP 64, if an investigation relates to LiveRamp's privacy practices, but only in part, LiveRamp will need to produce "All Documents" it shared in that investigation, even if some of those documents address other issues under investigation that aren't in dispute here. *Id.* at 10 (select capitalization omitted).

Similarities between cases or between a case and an investigation "are not enough to require a *carte blanche* production of all documents from" one to the other. *Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). As RFP 64 would require such a *carte blanche* production, the Court won't compel LiveRamp to respond further to it.

The Court will, however, require the parties to meet and confer further about an FTC investigation Plaintiffs mention in the parties' joint statement. Although that investigation focused on commercial practices by Avast Ltd., not LiveRamp, Plaintiffs assert that "[t]he conduct the FTC targeted is directly related to that alleged against LiveRamp here." Dkt. 138 at 3; *see also id.* (explaining that "[t]he FTC alleged that Avast collected users' browsing data through its antivirus products and illegally sold that data to LiveRamp for targeted

advertising”). LiveRamp, in its part of the joint statement, didn’t address the FTC’s investigation of Avast. By December 1, 2026, the parties shall meet and confer to discuss whether discovery from that particular investigation would be appropriate. If a dispute remains thereafter, the parties may file another joint statement.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Alex G. Tse
United States Magistrate Judge