UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINA RIGANIAN, et al.,

Plaintiffs,

v.

LIVERAMP HOLDINGS, INC., et al.,

Defendants.

Case No. 25-cv-00824-JST (AGT)

**ORDER ON ADMINISTRATIVE MOTION TO STAY DISCOVERY ORDER**

Re: Dkt. No. 146

The Court grants Plaintiffs' motion to stay the discovery order at Docket No. 143 (the "Discovery Order"). The Discovery Order is hereby stayed pending resolution of Plaintiffs' forthcoming Rule 72 appeal to Judge Tigar and until LiveRamp certifies that it has completed its production of the Data Marketplace segments associated with Plaintiffs.

LiveRamp won't be prejudiced by the stay. LiveRamp has identified "a potential gap in its production of segments" and intends to supplement its production. Dkt. 148 at 3, 6; *see also* Dkt. 146-2 at 2. Given this development, even if Plaintiffs weren't planning to appeal the Discovery Order, the deadlines set in that order would need to be adjusted. If an additional delay results from Rule 72 motion practice, that delay isn't likely to be material.

On the subject of Plaintiffs' Rule 72 motion, Plaintiffs' brief in support of their request for a stay previews an argument for why they think the order was erroneous. Plaintiffs assert that the Court made a factual finding that constituted clear error. *See* Dkt. 146 at 2 n.1. The Court takes this opportunity to clarify that factual finding.

In the run-up to the Discovery Order, Plaintiffs had asked LiveRamp to clarify the meaning of segments in its Data Marketplace. *See* Dkt. 130 at 6. LiveRamp declined, asserting that it was "not in a position to clarify the 'meaning' of the segments because LiveRamp does not create them." *Id.* at 3. In the Discovery Order, the Court resolved the parties' dispute on this issue and others. On this issue, the Court sided with LiveRamp, reasoning that "while Plaintiffs understandably seek clarification about ambiguous segments, the Court cannot require LiveRamp to provide clarification because LiveRamp didn't create the segments." Dkt. 143 at 4.

Plaintiffs assert that the Court clearly erred in making its finding that "LiveRamp didn't create the segments." *Id.* According to Plaintiffs:

> Whether LiveRamp has a working understanding of the meaning of the segments, both when it creates or co-creates them and when it does not, is a material, disputed fact that should be decided on a complete record, not on a discovery motion where LiveRamp's portion of the brief was supported by a single, self-serving declaration of one of its employees. Plaintiffs contend that LiveRamp actively participates in the creation of segments and understands what segments mean because it facilitates the buying and selling of segments on the LiveRamp Data Marketplace.

Dkt. 146 at 4.

As a point of clarification, the Court notes that, in ruling on the parties' discovery dispute, the Court didn't make any factual findings that will control or have preclusive effect as the case proceeds. The Court made a finding based on the limited record that the parties presented with their joint statement. *See* Dkt. 130-1 to -9. And although the Court stated that

"LiveRamp didn't create the segments," dkt. 143 at 4, a better way to explain what was meant is this: Based on the limited record presented, Plaintiffs didn't convince the Court that LiveRamp created the segments or otherwise has the knowledge necessary to clarify the segments' meaning.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Alex G. Tse
United States Magistrate Judge