Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
Anna J. Freymann (*pro hac vice*)
afreymann@lchb.com
Danna Z. Elmasry (*pro hac vice*)
delmasry@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

Jason "Jay" O. Barnes (*pro hac vice*)
jaybarnes@barnes.law
**BARNES LAW, LLC**
231 Madison Street, Third Floor
Jefferson City, MO 65101
Telephone: 573.308.7658
Facsimile: 573.635.7414

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CHRISTINA RIGANIAN and DONNA SPURGEON, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

LIVERAMP HOLDINGS INC. and LIVERAMP INC., *corporations organized under the laws of the State of Delaware,*

Defendants.

Case No. 4:25-cv-00824 (JST) (AGT)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE AND STAY COMPLIANCE WITH RULE 30(b)(6) NOTICE (DKT. 149)**

Before: Hon. Alex G. Tse

Pursuant to Civil Local Rule 7-11(b), Plaintiffs oppose LiveRamp's Administrative Motion (Dkt. 149) to set aside the joint statement procedure of Section VII.B of the Civil Standing Order, stay a properly served Rule 30(b)(6) notice, and impose a highly compressed schedule that would roughly *quadruple* the briefing a five-page joint statement allows—all within a matter of days before the deposition is to take place. Dkt. 149 at 4. No such exception is warranted. Plaintiffs have been practical and reasonable: despite LiveRamp's case-wide production delays, they served reasonably particular, document-specific topics nearly two months before the December 16 deadline LiveRamp itself requested, met and conferred, deferred several topics, and proposed proceeding in a way that preserves LiveRamp's objections. LiveRamp, by contrast, responded with a sweeping rewrite of the topics that fundamentally changes their substance and has itself repeatedly stalled the joint briefing process it now asks the Court to bypass. LiveRamp should receive no special dispensation to excuse it from the applicable rules. The motion should be denied.

**Plaintiffs Served Their Topics as Soon as Reasonably Practicable.**

LiveRamp contends that Plaintiffs "strategically delayed" serving their topics. Dkt. 149 at 1. That is false. A meaningfully precise Rule 30(b)(6) notice in a case of this technical complexity—concerning LiveRamp's identity graph, wiretapping technologies, and Data Marketplace—could not responsibly be drafted until LiveRamp produced its technical documents and information. The timing of Plaintiffs' proposed topics had to track the pace of LiveRamp's production, which has been delayed on many fronts.

Throughout this case, LiveRamp has been slow to produce the core documents and information Plaintiffs need to appropriately frame their topics. Its early productions consisted largely of public-facing material of fewer than 1,000 documents and no custodial files. Dkt. 85 at 2. Custodial productions, technical documentation, court-ordered data searches, and interrogatory supplementation have all followed the same pattern of extended delay. Plaintiffs have relentlessly pressed for this discovery, and many disputes were resolved only after Plaintiffs prepared to involve the Court and only after Plaintiffs sent their portion of a joint letter brief. LiveRamp's complaint that Plaintiffs should have sent their topics prematurely, many months ago, does not reflect this reality.

LiveRamp's own exhibits show that Plaintiffs told LiveRamp from the outset that they would notice Rule 30(b)(6) depositions "as discovery progresses." Dkt. 149-3 (Ex. B) at 3. In May 2026, Plaintiffs were

forced to defer the individual depositions that necessarily precede a Rule 30(b)(6) deposition because LiveRamp would not commit to dates for completing its custodial productions and privilege logs, *see* Dkt. 149-4 (Ex. C) at 2, 4, 8. LiveRamp has therefore been on notice since at least May that its own discovery delays would push back the timing of any Rule 30(b)(6) notice.

Plaintiffs' topics reflect the record that Plaintiffs have been doggedly pursuing: they cite numerous specific LiveRamp documents by Bates number, and frame the topics according to the areas of dispute the parties have refined after months of discovery correspondence and briefing. Plaintiffs' diligence and reasonableness is evident in the detailed descriptions of the topics and the sufficient lead time given to LiveRamp to prepare its Rule 30(b)(6) designee(s). Plaintiffs served reasonably particular topics on October 23, 2026, nearly two months before the December 16 deposition deadline—a deadline set at LiveRamp's own request. Dkt. 127 at 3. LiveRamp then ignored repeated requests for a prompt response providing its designee(s), and ultimately took several weeks to object to every topic and rewrite them to reflect the testimony LiveRamp prefers to provide. Dkt. 149-7 (Ex. F) at 5.

**<u>Plaintiffs' Topics Are Targeted, and Plaintiffs Have Conferred in Good Faith.</u>**

The topics reasonably track the products and conduct at the center of this case—AbiliTec and RampID, Client-Side Tags, ATS, the Data Marketplace and Third-Party Attribute Append, Lookalike Modeling, Plaintiffs' own data, consent and opt-outs, and the revenue and costs relevant to damages. Dkt. 149-2 (Ex. A), Topics 1–9, 11–16. Far from being open-ended, the subparts are drafted to frame each issue narrowly and, in many cases, direct LiveRamp to the specific documents on which testimony is sought. *See, e.g.*, Topics 4(e), 5(a), 14(b), 15(b) (directing LiveRamp to the "Audience Solutions Playbook – w/ Talk Tracks" (Bates No. LR000294057), the "population dataset" at Bates No. LR000003666, the revenue workbook at Bates No. LR000006438, and the cost-allocation documents at Bates Nos. LR000127828, LR000016640, LR000427544, and LR000104734). The subparts tell LiveRamp precisely what to prepare its witness on, consistent with Rule 30(b)(6)'s "reasonable particularity" requirement. *See, e.g.*, *Crescent Point Energy Corp. v. Tachyus Corp.*, 2023 WL 4646013, at *1 (N.D. Cal. July 20, 2023).

Plaintiffs have also conferred in good faith. The parties met by videoconference on November 10, the day after LiveRamp served its objections. Dkt. 149-1 ¶ 11. Plaintiffs then agreed that LiveRamp need

not produce a witness on Topics 10, 16, 17, and 18 before Plaintiffs file their class certification motion; agreed to defer the disputes over Topics 4(g) and 9(e), which are the subject of separate briefing; and offered to continue discussing others. Dkt. 149-7 (Ex. F) at 1; **Exhibit A** (Nov. 23, 2026 D. Rudolph email). LiveRamp's counsel acknowledged that agreement. *See* **Exhibit A** (Nov. 21, 2026 N. Sidney email). LiveRamp's recital of the November 10 conference is incomplete: Plaintiffs did not agree to proceed on LiveRamp's rewritten topics, but rather acknowledged both LiveRamp's objections and willingness to provide testimony on most topics. *Id.*; Declaration of David T. Rudolph ¶ 6.

What LiveRamp calls "meaningful, good faith counterproposals" (Dkt. 149 at 4) were actually objections to all 18 subjects, and a sweeping and nebulous rewrite of every topic that substitutes its own formulation that limits topics to "general design and operation," "categories" of data, and "general" processes, and cuts off the time period to as of the filing of the complaint. Dkt. 149-8 (Ex. G) at 2–14. The rewrite drops nearly every enumerated subpart, strips out the document-specific references Plaintiffs included to guide preparation, and replaces concrete subject matter with undefined qualifiers such as "general" and "categories," which LiveRamp alone would interpret as it sees fit at the deposition. That is not a proposal to meaningfully clarify the topics; it is a unilateral narrowing that would let LiveRamp decide for itself what its witness will address. Plaintiffs did not accept that rewrite, nor were they required to: the duty to confer under Rule 30(b)(6) "does not require the parties to reach agreement." Fed. R. Civ. P. 30(b)(6) Advisory Committee's Note to 2020 Amendment. Nonetheless, Plaintiffs proposed a practical path forward given LiveRamp agreed to the general subject matter of most topics: the deposition would proceed on December 16, Plaintiffs would ask their questions, and LiveRamp would preserve its objections on the record. To the extent the parties later disagree about whether LiveRamp provided appropriate testimony, either side may raise that dispute with the Court on a concrete record. Dkt. 149-7 (Ex. F) at 1.

**<u>There Is No Basis for an Expedited Schedule or a Stay.</u>**

The timing pressure LiveRamp now invokes results from its own choices. LiveRamp did not promptly respond to Plaintiffs' October 23 request for designees. Dkt. 149-7 (Ex. F) at 5. It took until November 9 to serve objections that rewrote every topic. Dkt. 149-8 (Ex. G). And although LiveRamp stated on November 9 that it was "prepared to promptly move for a protective order," *id.* at 1, it did not do

so. Instead, it waited two more weeks, and then sought an exception to the Standing Order rather than relief under it. LiveRamp could have initiated the joint statement process at any point in November, and still can; Plaintiffs will promptly provide their portion of a joint letter brief if presented with one.

The highly compressed schedule and significantly bloated briefing that LiveRamp proposes is not justified. Section VII.B of the Standing Order requires a joint statement of not more than five pages. LiveRamp's three-stage alternative would instead require two more rounds of "final" proposals by December 2 and December 4, followed by position statements of up to 300 words per side, per topic, only three days later. Dkt. 149 at 4. Across the eighteen topics potentially at issue, that is up to 10,800 words—*three to four times* what a five-page joint statement generally permits. The practical effect, as no doubt LiveRamp intends, would be to require Plaintiffs to preview, topic by topic and days before the deposition, the questions they intend to ask and the bases therefor, and to burden Plaintiffs with additional motion practice while preparing for multiple depositions.

Nor is a stay warranted. LiveRamp fails to carry its burden to show good cause for a protective order. Fed. R. Civ. P. 26(c)(1). Notably, neither LiveRamp's motion nor its proposed order sets any date or guidepost for resolving its forthcoming protective order motion or for when the deposition is to proceed—the Notice would simply be stayed "pending resolution" of a motion not yet filed. Dkt. 149-10 ¶ 1. The practical effect is to delay the Rule 30(b)(6) deposition indefinitely, and to further impede Plaintiffs' class certification preparations.

LiveRamp has recently pressed an unrelenting barrage of motions and discovery requests on Plaintiffs, strategically timed to distract them and impede deposition preparation and class certification briefing. *See, e.g.*, **Exhibits B–C** (LiveRamp's Fifth Set of RFPs (Nos. 39–89) to each Plaintiff served on September 11); LiveRamp's First Set of RFAs (43 invasive requests per Plaintiff) served on November 19; letter briefs regarding LiveRamp's RFPs Nos. 70–84 and Interrogatories Nos. 14–17. Yet now that it has a defensive dispute of its own that it deems urgent, LiveRamp demands a departure from the standard process that it has itself slowed at every turn. It should receive no special dispensation to pursue these tactics. There is no good reason that the parties should not proceed with the 30(b)(6) deposition, and brief any remaining dispute under the normal process. For these reasons, the Court should deny LiveRamp's Motion.

Dated: November 25, 2026

Respectfully submitted,

*/s/ Michael W. Sobol*

Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
Anna J. Freymann (*pro hac vice*)
afreymann@lchb.com
Danna Z. Elmasry (*pro hac vice*)
delmasry@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Jason "Jay" O. Barnes (*pro hac vice*)
jaybarnes@barnes.law
**BARNES LAW, LLC**
231 Madison Street, Third Floor
Jefferson City, MO 65101
Telephone: 573.308.7658
Facsimile: 573.635.7414
*Attorneys for Plaintiffs and the Proposed Classes*